

Hon. George B. Daniels
United States District Judge
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, New York 10007

Herbert Smith Freehills New York LLP
450 Lexington Avenue, 14th floor
New York, NY 10017
USA
T  +1 917 542 7600
F  +1 917 542 7601
D  +1 917 542 7810
E  scott.balber@hsf.com
www.herbertsmithfreehills.com

Our ref
30991826
Your ref

Date
November 02 2016

By ECF and mail

Re:   *Jose Guzman v. Mel S. Harris and Associates, LLC, et al.*,
      Case No. 1:16-cv-03499-GBD-RLE
      Request for Guidance Regarding Motion for Partial Judgment on the Pleadings

Dear Judge Daniels:

This firm represents defendant LR Credit 13, LLC ("LRC") in the above-captioned matter. We write to advise the Court that LRC intends to move pursuant to Federal Rule of Civil Procedure 12(c) for judgment on Plaintiff Jose Guzman's requests for injunctive relief and attorneys' fees on the ground that they are precluded by the class settlement agreement and bar order entered in the litigation entitled *Sykes v. Mel S. Harris, LLC, et al.*, 1:09-cv-08486-DC (S.D.N.Y.) ("*Sykes* "). As the motion could properly be brought either before this Court or before the Honorable Denny Chin, who approved and retained continuing jurisdiction over the class settlement agreements in *Sykes*, we respectfully request the Court's guidance as to where the contemplated motion should be filed.[1]

**Summary of Issue**

On May 10, 2016, Plaintiff filed the complaint in this matter, asserting claims against LRC, as well as the Samserv Defendants, under the Fair Debt Collection Practices Act and the New York General Business Law. (ECF No. 1.) The complaint alleges that Plaintiff "is a Sykes class member who has opted-out of the class settlement." (Complaint at 2.) Among other forms of relief, the complaint seeks an "order enjoining and directing all Defendants to cease violating G.B.L. § 349 et seq." and an "order awarding disbursements, costs, and attorneys' fees under 15 U.S.C. § 1692k and G.B.L. § 349." (Complaint, ¶ 95.)

---

[1] We understand that co-defendants Samserv, Inc. and William Mlotok (the "Samserv Defendants") are covered by similar language in the *Sykes* class settlement agreements and also intend to move for judgment on Plaintiff's requests for injunctive relief and attorneys' fees. Accordingly, the Samserv Defendants join in this letter.

Herbert Smith Freehills New York LLP and Herbert Smith Freehills, an Australian Partnership, are separate member firms of the international legal practice known as Herbert Smith Freehills.

Herbert Smith Freehills New York LLP is a limited liability partnership registered in England and Wales with registered number OC375072. Its registered office is at Exchange House, Primrose Street, London EC2A 2EG.



Date
November 02 2016
Letter to
Hon. George B. Daniels

However, Plaintiff's requests for injunctive relief and disbursements, costs, and attorneys' fees are precluded by the unambiguous terms of the class settlement agreement and bar order entered in *Sykes*. Those terms are set forth in the (i) Stipulation of Settlement as to Certain Claims Against Certain Defendants and the First Amendment to Stipulation of Settlement (the "Settlement Agreement") (*Sykes* ECF Nos. 233-1 and 233-2, enclosed herewith as **Exhibit A**) and (ii) Stipulation of Settlement as to Claims Against Mel Harris Defendants and Samserv Defendants (the "Mel Harris/Samserv Settlement Agreement") (*Sykes* ECF No. 233-3, enclosed herewith as **Exhibit B**). On May 24, 2016, the Honorable Denny Chin entered an Order Approving Settlement (the "Approval Order") (*Sykes* ECF No. 258, enclosed herewith as **Exhibit C**) and a Judgment in accordance with Federal Rule of Civil Procedure 58 (*Sykes* ECF No. 259, enclosed herewith as **Exhibit D**) (the "Judgment").

Although Mr. Guzman opted out of the Rule 23(b)(3) class in *Sykes*, he is still a "Rule 23(b)(2) Injunction Only Beneficiary" pursuant to the terms of the Settlement Agreement, and, as such, he is bound by the terms of the Rule 23(b)(2) Injunction Only Release. (*See* Judgment, ¶ 2.)

In pertinent part, Section III(H)(1)(c) of the Settlement Agreement provides as follows:

> "all Rule 23(b)(2) Injunction Only Beneficiaries . . . have fully, finally, and forever released . . . (1) all Released Rule 23(b)(2) Class Members' Injunction Only Claims against each and every one of the Releasees; . . . and (3) . . . all Claims that have been, could have been or could be asserted by any Rule 23(b)(2) Injunction Only Releasor against any Releasee for attorneys' fees, costs or disbursements incurred by any counsel . . . representing any Rule 23(b)(2) Injunction Only Beneficiary in connection with or related in any manner to (i) attempts to collect Consumer Debt from any Rule 23(b)(2) Injunction Only Beneficiary and (ii) the Action, the settlement of the Action or the administration of the Action and/or the Settlement."[2]

LRC is a "Releasee" under the terms of the Settlement Agreement. To effectuate the Settlement Agreement, the Approval Order "permanently bars and enjoins . . . all Class Members and their attorneys . . . from filing . . . or receiving any benefits from . . . any other lawsuit or proceeding that is based on or arises from any Released Class Members' Claim as to any Releasee . . . ." (Approval Order, ¶ 22(a).) Therefore, Mr. Guzman is barred from asserting his claims for injunctive relief and attorneys' fees against LRC and the Samserv Defendants.

As observed by Your Honor at the initial pretrial conference, "this is not the case of the century. It probably is worth less money than it's costing all of you to sit here and talk to me for another five minutes." (Transcript of July 21, 2016 conference at 14.) The complaint seeks compensatory damages for "garden variety emotional distress" allegedly arising from the period of a few weeks between when Plaintiff learned of a default judgment against him and when that judgment was vacated pursuant to a

---

[2]  The Mel Harris/Samserv Settlement Agreement contains identical language in all pertinent respects. (*See* Exhibit B at 52.)



Date
November 02 2016

Letter to
Hon. George B. Daniels

stipulation between the parties.[3]  Consequently, we believe that the prompt disposal of Plaintiff's barred claims for injunctive relief and attorneys' fees could greatly facilitate the speedy resolution of this case.

We thank the Court in advance for its consideration.

          Respectfully Submitted,

          Herbert Smith Freehills New York LLP

          */s/ Scott S. Balber*
          Scott S. Balber, Esq.
          *Attorneys for Defendant LR Credit 13, LLC*

cc: All Counsel of Record (by ECF)

Enclosures

---

[3] Notably, on September 23, 2016, LRC made an offer of judgment to Plaintiff in the amount of $8,000.00.  That offer was not accepted.

3