# AHMAD KESHAVARZ
## *Attorney at Law*

16 COURT ST., 26TH FLOOR
BROOKLYN, NY 11241-1026

WWW.NEWYORKCONSUMERATTORNEY.COM
E-mail: ahmad@NewYorkConsumerAttorney.com

PHONE: (718) 522-7900
FAX: (877) 496-7809

October 4, 2016

VIA ECF
Honorable Ronald L. Ellis
United States Magistrate Judge
United States Courthouse
500 Pearl Street
New York, NY 10007

> Re:  **Plaintiff's letter for pre-motion conference.**
> *Guzman v. Mel S. Harris and Associates, LLC, 1:16-CV-03499*

Dear Judge Ellis:

The undersigned represents Plaintiff in this Fair Debt Collection Practices Act and General Business Law case. Plaintiff submits this letter seeking a pre-motion conference to resolve discovery disputes. Specifically, Plaintiff seeks to compel production of documents, interrogatories, and admissions from Defendant Samserv, Inc. ("Samserv"). Plaintiff seeks an order for Defendants to fully answer discovery and produce responsive documents within three days of the Court's ruling on this motion.

### *Summary of Claims*

Defendants are a debt collection law firm, the principals and an employee of the firm (collectively MSH), a putative assignee creditor LR Credit 13, LLC ("LRC"), and a process serving company and an individual process server (collectively SAMSERV). MSH, LR, and SAMSERV engaged in a joint venture to obtain default judgments against over 100,000 consumers by, *inter alia*, systematically using false affidavits of service and false affidavit of merit. See *Sykes v. Mel S. Harris, LLC,* et al., 1:09-cv-08486-DC (SDNY).

Plaintiff Jose Guzman is a Sykes class member who has opted-out of the class settlement. Mr. Guzman brings this individual action against MSH, LRC, and Samserv for procuring a default judgment against him in state court using a false affidavit of service and an affidavit of merit that falsely claimed personal knowledge that Mr. Guzman owed the putative debt. Furthermore, despite knowing that the default judgment against Mr. Guzman was obtained via "sewer service," and with a false affidavit of merit, MSH and LRC attempted to garnish Mr. Guzman's wages; made false and misleading statements to Mr. Guzman's employer in an attempt to induce him to pay; and stated that they would voluntarily agree to vacate the judgment and discontinue the collections lawsuit on the condition that Mr. Guzman release MSH and LRC from liability for their abusive debt collection practices.

1

*Background*

Plaintiff served Defendants with his "Discovery Requests to All Defendants" on August 1, 2016 (See Exhibit A) and Samserv responded on August 29, 2016 (See Exhibit B). In its response, Samserv objects to each request using threadbare, repetitive robo-objections. The parties resolved several discovery disputes without judicial intervention, however, Samserv continues to object to several requests, and Plaintiff now seeks to compel discovery responses.

*Requests for Documents from Sykes Litigation*

This case shares the same factual and discovery issues as Sykes, and access to the sealed filings in Sykes is therefore within the realm of reasonable discovery and proportional to the needs of this action.[1] Accordingly, Plaintiff requests documents from Sykes, including sealed documents relating to the motion for class certification and the subsequent appeal; unredacted copies of pleading that were filed in redacted form; depositions in Sykes; the database entitled "Process Service Management System" referenced in the Egleson Declaration in Sykes; discovery answers or documents produced by any defendant in Sykes; and the "full and complete" record in Sykes, as referenced in Samserv's answer.[2]

Samserv is hesitant to produce confidential and sealed documents from Sykes because it wants to ensure compliance with the protective order issued in that case. However, Samserv has indicated that, if it could produce the requested documents without violating the protective order, it would nonetheless object on the grounds that Plaintiff's requests are burdensome, beyond the scope of discovery, and not proportional to the needs of this case. Samserv stated that it does not want to "re-litigate" Sykes. Yet, the case at bar *is*, in many respects, a re-litigation of the issues confronted in Sykes. Moreover, access to the requested records from Sykes would simplify the present litigation, not complicate it.

Plaintiff wants the pleadings in Sykes because the judge said the pleadings in the motion for class certification provided substantial support for the same allegations we are making in this case:

> The record before the Court establishes that defendants obtained tens of thousands of default judgments in consumer debt actions, based on thousands of affidavits attesting to the merits of the action that were generated *en masse* by sophisticated computer programs and signed by a law firm employee [Fabacher] who did not read the vast majority of them and claimed to, but apparently did not, have personal knowledge of the facts to which he was attesting. The record also shows that on hundreds of occasions the defendant process servers [including John Andino] purported to serve process at two or more locations at the same time. As discussed more fully below, defendants' unitary course of conduct purportedly to obtain default judgments in a fraudulent manner presents common questions of law and fact that can be resolved most efficiently on a class-wide basis.

*Sykes v. Mel Harris & Associates, LLC*, 285 F.R.D. 279, 282-83 (S.D.N.Y. 2012) ("*Sykes II*") aff'd sub nom. *Sykes v. Mel S. Harris & Associates LLC*, 780 F.3d 70 (2d Cir. 2015)("*Sykes III*")

---

[1] Samserv appears to acknowledge the interrelatedness of Sykes and the case at bar in their answers, where they both "*[r]espectfully refer the Court to the full and complete record in the* Sykes *litigation . . .*" (Answer of Samserv, Inc., at 37, 38, 40, 47, 48, 49, 60, and 81).

[2] See Plaintiff's Request for Production of Documents, paragraphs 1-3, 8-10.

Similarly, Plaintiff requests the deposition transcripts from Sykes because they contain important information regarding the claims and defenses in this case, and access to the deposition transcripts would hasten the discovery process in this case.

Defendant Samserv further refuses to provide access to its database, entitled "Process Service Management System." An expert analysis of the database, performed in preparation for the Sykes litigation, concluded that "*[r]ecords maintained by Defendants reveal hundreds of instances of the same process server executing service at two or more locations at the same time.*" (Egleson Declaration, Complaint Exhibit E). Indeed, in its order granting class certification in Sykes, Judge Denny Chin found that "*these facts, together with the high number of default judgments obtained by defendants, provide substantial support for plaintiffs' assertion that defendants regularly engaged in sewer service.*" Sykes v. Mel Harris & Associates, LLC, 285 F.R.D. 279, 284 (SDNY 2012). This information is directly relevant to this FDCPA suit, and Defendants should therefore be compelled to produce the database, deposition transcripts, and the sealed pleadings from the class certification.

### *Other Failures to Comply with Plaintiff's Discovery Demands*

In addition to the discovery issues described above, Samserv objects to the following requests: 1) Documents upon which Samserv bases its affirmative defenses; 2) Documents that Samserv intends to use or introduce into evidence at the trial of this case; and 3) Documents upon which Samserv bases its assertion that it is not a debt collector governed by the FDCPA in this action. (See Exhibit A).

Consequently, the required documents have not yet been produced, and Plaintiff now seeks a pre-motion conference to compel discovery responses.

### *Conclusion*

Plaintiff prays Defendant be ordered to provide fully responsive discovery answers and documents.

Sincerely,

/s/

Ahmad Keshavarz

CC: all counsel of record via ECF.

### CERTIFICATE OF CONFERENCE

I attempted to resolve these matters via two telephone calls with opposing counsel. I spoke with opposing counsel on September 22, 2016 for approximately an hour-and-a-half, and again on September 27, 2016 for approximately half-an- hour. We were able to resolve several discovery disputes, but could not come to agreement on the disputes described above.

Dated October 4, 2016:

Brooklyn, New York

/s/

Ahmad Keshavarz

CC: all counsel of record via ECF.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------------X

JOSE GUZMAN

                                                  Case No.: 1:16-cv-03499-GBD

                    **Plaintiff,**

      **-against-**

MEL S. HARRIS AND ASSOCIATES, LLC
LR CREDIT 13, LLC
MEL S. HARRIS
DAVID WALDMAN
KERRY H. LUTZ
TODD FABACHER
MICHAEL YOUNG
SAMSERV, INC
JOHN ANDINO
WILLIAM MLOTOK

                    **Defendants.**

-------------------------------------------------------------------X

## PLAINTIFF'S FIRST SET OF DISCOVERY DEMANDS TO ALL DEFENDANTS

      Plaintiff serves the above referenced discovery instrument to the above referenced parties by and through said party's counsel as indicated in the certificate of service below.

                        Respectfully submitted,

                        /s/
                        Ahmad Keshavarz
                        THE LAW OFFICES OF AHMAD KESHAVARZ
                        16 Court St., 26th Floor
                        Brooklyn, NY 11241-1026
                        Phone: (718) 522-7900
                        Fax:    (877) 496-7809 (toll-free)
                        Email: ahmad@NewYorkConsumerAttorney.com

## CERTIFICATE OF SERVICE

I hereby certify that on this day I served the above referenced document to the parties listed below via email to:

      Defendants
      MEL S. HARRIS AND ASSOCIATES, LLC
      MEL S. HARRIS
      DAVID WALDMAN

TODD FABACHER
MICHAEL YOUNG
by and through their attorneys of record
Brett A. Scher, Esq.
Amanda R. Griner, Esq.
Kaufman Dolowich & Voluck LLP
135 Crossways Park Drive, Suite 201
Woodbury, NY 11797
Phone: (718) 940-6311
Email:  bscher@kdvlaw.com
Email:  agriner@kdvlaw.com

SAMSERV, INC
WILLIAM MLOTOK
by and through their attorneys of record
Jeffrey S. Lichtman
O'Hare Parnagian LLP
82 Wall Street, Suite 300
New York,  NY 10005-3683
Phone: 212-425-1401
Fax: 212-425-1421 (fax)
Email: jlichtman@ohareparnagian.com
Email: alevitt@ohareparnagian.com

LR CREDIT 13, LLC
Scott S. Balber
David W. Leimbach, Esq.
Herbert Smith Freehills New York LLP
450 Lexington Avenue, 14th Floor
New York, NY 10017
Email: Scott.Balber@hsf.com
Email: David.Leimbach@hsf.com


Date:  <u>August 1, 2016</u>
       Brooklyn, NY
/s/
Ahmad Keshavarz
Plaintiff's Attorney

## INTERROGATORIES

1. Identify[1] all persons who you believe have knowledge of relevant facts, identify the issues upon which you believe they have knowledge, and provide a brief summary of their knowledge. This includes the full legal name for the entity(ies) you used to verify the debt which the Plaintiff was alleged to have owed and for the entity(ies) you used to attempt to collect the debt which the Plaintiff was alleged to have owed.

2. "Identify" the name and address of every witness you expect to call at the trial of this case, and summarize the testimony you expect each such witness to give. State the names, addresses, and telephone numbers of persons having knowledge of relevant facts, and give a statement of each identified person's connection with the case and what relevant facts you contend they have.

3. State the names and addresses of all persons who participated in responding to these discovery requests or who provided any information for the responses to these discovery requests.  Please supplement your answer for any future discovery request.

4. For any requested information about a document that no longer exists or cannot be located, identify the document, state how and when it passed out of existence, or when it could no longer be located, and the reasons for the disappearance.  Also, identify each person having knowledge about the disposition or loss, and identify each document evidencing the existence or nonexistence of each document that cannot be located.

5. Identify the existence, custodian, location and general description of relevant documents in this action.

6. If you dispute that you are a debt collector governed by the FDCPA in this action, what is the basis for your assertion?

---

1 Identify all persons who you believe have knowledge of relevant facts, identify the issues upon which you believe they have knowledge, and provide a brief summary of their knowledge. This includes the full legal name for the entity(ies) you used to verify the debt which the Plaintiff was alleged to have owed and for the entity(ies) you used to attempt to collect the debt which the Plaintiff was alleged to have owed.

## REQUESTS FOR PRODUCTION OF DOCUMENTS

Please produce the all of the following documents "in your possession, custody, or control:"

1. The documents filed in *Sykes* that were sealed. This includes, without limitation, sealed documents filed relating to the motion for class certification and the appeal from the order granting class certification.

2. Unredacted copies of pleadings in *Sykes* that were filed in a redacted form. This includes, without limitation, pleadings related to class certification and appeal from the order granting class certification.

3. All depositions in *Sykes*, except for the depositions of the plaintiffs in that case, if any. If in electronic format, please produce in the electronic format.

4. All documents within your possession, custody, or control regarding the Plaintiff, Mr. Guzman, and the putative debt sought to be collected from him.

5. All contracts or other documents describing the relationship between and among the Defendants in Sykes, including Lucedia.

6. All recordings of telephone calls with Mr. Guzman or related to the attempts to collect the putative debt from Mr. Guzman.

7. All documents, if any, upon which you base your affirmative defense(s).

8. The Microsoft Access database entitled "Process Service Management System" referenced in the Egleson Declaration attached to the complaint in this action. Please produce in the electronic form.

9. The "the full and complete record in the Sykes Litigation" referenced by LR Credit 13 in paragraph 37 of its' Answer, other than publicly available documents on PACER.

10. Any discovery answers or documents produced by any defendant in *Sykes*, including access to any electronic information made available in discovery.

11. If you contend you performed a meaningful attorney review prior to filing any pleading in the collection lawsuit or in the post judgment discovery or executions, produce devices in connection with the collection of the judgment in the collection case.

12. Documents sufficient to demonstrate the members of LR Credit 13, LLC.

13. Documents reflecting the principal person(s) to who derive payments, proceeds , or other income from LR Credit 13, LLC.

14. Any insurance policies and declaration sheets that may cover the claims brought by way of this suit, regardless of whether you have forwarded this claim to your insurance carrier. This includes any insurance policy and declaration at the process serving company Mlotok's currently does work for. This also includes any insurance policy and declaration sheet at Einstein & Associates as it relates to Mr. Young.

15. Any letters from the insurance companies who may provide coverage for claims in this suit as to whether and to what extent defense is being provided with a reservation of rights. This includes and communications with any insurance broker.

4

16. All documents you reference in your initial disclosures.

17. If you dispute that you are a debt collector governed by the FDCPA in this action, please produce all documents upon which you base your assertion.

18. Any demands for indemnification or contribution in this case.

19. If any of the documents you produce use abbreviations or codes, please provide a copy of a manual or other such document that reflects the meaning of said abbreviations or codes.

20. Every document that you intend to use or introduce into evidence at the trial of this case.

21. Documents regarding the formation of the LLCs in this action and continued maintenance of the LLC structure.

## REQUESTS FOR ADMISSION

1. You are a debt collector as defined in the Fair Debt Collections Practices Act, 15 U.S.C. § 1692 et seq.

2. The putative debt sought to be collected from Plaintiff was an alleged obligation incurred primarily for family, personal, or household purposes.

3. You regularly collect consumer debts alleged to be due to another.

4. Todd Fabacher regularly executed affidavits of merit in connection with the debt collection activity of Mel S. Harris & Associates.

5. Todd Fabacher regularly executed affidavits of merit in connection with the debt collection activity of LR Credit.

# DEFINITIONS AND INSTRUCTIONS

## A.  INSTRUCTIONS FOR REQUESTS FOR PRODUCTION OF DOCUMENTS.

 THE REQUESTING Plaintiff serves this request for production on the above referenced party, as authorized by Federal Rule of Civil Procedure 34.  As required by Rule 34(b), Defendant must produce all requested documents for inspection and copying either as they are kept in the ordinary course of business or segregated according to each request.  The documents must be produced within 30 days, at The Law Office of Ahmad Keshavarz, 16 Court St., Suite 2600, Brooklyn, NY 11241-1026.

Answer each request for documents separately by listing the documents and by describing them as defined below. If documents produced in response to this request are numbered for production, in each response provide both the information that identifies the document and the document's number.

For a document that no longer exists or that cannot be located, identify the document, state how and when it passed out of existence, or when it could no longer be located, and the reasons for the disappearance. Also, identify each person having knowledge about the disposition or loss of the document, and identify any other document evidencing the lost document's existence or any facts about the lost document.

**For any requested information about a document that no longer exists or cannot be located, identify the document, state how and when it passed out of existence, or when it could no longer be located, and the reasons for the disappearance.  Also, identify each person having knowledge about the disposition or loss, and identify each document evidencing the existence or nonexistence of each document that cannot be located.**

## B.  INSTRUCTIONS FOR INTERROGATORY REQUESTS.

Plaintiff serves these interrogatories on Defendant as authorized by Federal Rule of Civil Procedure 33.  Defendant must serve an answer to each interrogatory separately and fully, in writing and under oath, within 30 days.

   For any requested information about a document that no longer exists or cannot be located, identify the document, state how and when it passed out of existence, or when it could no longer be located, and the reasons for the disappearance.  Also, identify each person having knowledge about the disposition or loss, and identify each document evidencing the existence or nonexistence of each document that cannot be located.

## C.  INSTRUCTIONS FOR REQUESTS FOR ADMISSION

Plaintiff serves these requests for admissions upon Defendant as authorized by Federal Rule of Civil Procedure 36. Defendant must serve an answer to each request separately and fully, in writing and under oath, within 14 days after service as per the May 18, 2015 agreement of the parties read into the record.

### D.  DEFINITIONS.

Plaintiff incorporates by reference the uniform discovery definitions of Local Rule 26.3.

The following definitions shall have the following meanings, unless the context requires otherwise:

1. "Sykes" means the case Sykes v. Mel Harris & Associates, LLC et al, 1:09-cv-08486-DC, SD NY.
2. **Plaintiff** of Mr. Guzman, means the Plaintiff in this federal lawsuit, Jose Guzman.
3. Defendant(s) means the Defendant in this federal lawsuit.
4. The "collections lawsuit" or the "underlying action" means the state court lawsuit that forms the basis of this federal action.
5. "THE REQUESTING Plaintiff" or "the requesting party" means the Plaintiff propounding this discovery request as indicated in the title of the discovery request, unless otherwise noted.
6. "THE ALLEGED CREDITOR" means the creditor to whom the alleged debt was owed in the underlying action.
7. "THE ALLEGED DEBT" or "PUTATIVE DEBT" means the debt sought to be collected by way of the underlying action, as well as the judgment that resulted from the collection lawsuit.
8. "THE ALLEGED ACCOUNT" means the account for which you were attempting to verify the debt in the underlying action, from the original creditor to today.
9. "THE ALLEGED ASSIGNEES" means the persons or entities you assert were at some time assigned the alleged debt.
10. Communication. The term "communication" means the transmittal of information (in the form of facts, ideas, inquiries or otherwise).
11. Document. The term "document" is defined to be synonymous in meaning and equal in scope to the usage of this term in Federal Rule of Civil Procedure 34(a), including, without limitation, electronic or computerized data compilations. A draft or non-identical copy is a separate document within the meaning of this term.
12. Identify (with respect to persons). When referring to a person, "to identify" means to give, to the extent known, the person's full name, present or last known address, and when referring to a natural person, additionally, the present or last known place of employment. Once a person has been identified in accordance with this subparagraph, only the name of that person need be listed in response to subsequent discovery requesting the identification of that person.
13. Identify (with respect to documents). When referring to documents, "to identify" means to give, to the extent known, the (I) type of document; (ii) general subject matter; (iii) date of the document; and (iv) author(s), addressee(s) and recipient(s).
14. Parties. The terms "plaintiff" and "defendant" as well as a party's full or abbreviated name or a pronoun referring to a party mean the party and, where applicable, its officers, directors, employees, partners, corporate parent, subsidiaries, or affiliates.
15. Person. The term "person" is defined as any natural person or any business, legal, or

8

governmental entity or association.

**16.** Concerning. The term "concerning" means relating to, referring to, describing, evidencing or constituting.

**17.** All/Each. The terms "all" and "each" shall be construed as all and each.

**18.** And/Or. The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

**19.** Number. The use of the singular form of any word includes the plural and vice versa.

**20.** "THE REQUESTING Plaintiff" or "the requesting party" means the Plaintiff propounding this discovery request as indicated in the title of the discovery request, unless otherwise noted.

**21.** "Plaintiff" means the Plaintiff listed in this cause.

**22.** "YOU" or "your" means the party to whom this discovery request is directed, its successors, predecessors, divisions, subsidiaries, present and former officers, agents, employees, and all other persons acting on behalf of the responding party or its successors, predecessors, divisions, and subsidiaries.

**23.** The term "Plaintiff" means the Plaintiff listed in the style of this cause, as well as a party's full or abbreviated name or a pronoun referring to a party, means the party, and where applicable, its agents, representatives, officers, directors, employees, partners, corporate agents, subsidiaries, affiliates, or any other person acting in concert with it or under its control, whether directly or indirectly, including any attorney.

**24.** "Possession, custody, or control" of an item means that the person either has physical possession of the item or has a right to possession that is equal or superior to the person who has physical possession of the item.

**25.** "File" means any collection or group of documents maintained, held, stored, or used together, including, without limitation, all collections of documents maintained, held, or stored in folders, notebooks, or other devices for separating or organizing documents.

**26.** "Relating to" and "relates to" means, without limitation, embodying, mentioning, or concerning, directly or indirectly, the subject matter identified in the request.

**27.** "Date" means the exact date, month, and year, if ascertainable, or, if not, the best available approximation.

# PRIVILEGE LOGS

Please produce a privilege log if you are asserting any attorney client privilege, workproduct privilege, or assertion of confidentiality.

Please take note of Local Rule 26.2(a) and (b) which states:
.

Local Civil Rule 26.2. Assertion of Claim of Privilege

(a) Where a claim of privilege is asserted in objecting to any means of discovery or disclosure, including but not limited to a deposition, and an answer is not provided on the basis of such assertion,

(1) The attorney asserting the privilege shall identify the nature of the privilege(including work product) which is being claimed and, if the privilege is governed by state law, indicate the state's privilege rule being invoked; and

(2) The following information shall be provided in the objection, unless divulgence of such information would cause disclosure of the allegedly privileged information:

(A) For documents: (I) the type of document, e.g., letter or memorandum;

(ii) the general subject matter of the document; (iii) the date of the document; and(iv) such other information as is sufficient to identify the document for a subpoena duces tecum, including, where appropriate, the author of the document, the addressees of the document, and any other recipients shown in the document, and, where not apparent, the relationship of the author, addressees, and recipients to each other;

(B) For oral communications: (I) the name of the person making the communication and the names of persons present while the communication was made and, where not apparent, the relationship of the persons present to the person making the communication; (ii) the date and place of communication; and (iii) the general subject matter of the communication.

(b) Where a claim of privilege is asserted during a deposition, and information is not provided on the basis of such assertion, the information set forth in paragraph (a) above shall be furnished (1) at the deposition, to the extent it is readily available from the witness being deposed or otherwise, and (2) to the extent the information is not readily available at the deposition, in writing within fourteen (14) days after the deposition session at which the privilege is asserted, unless otherwise ordered by the court.

(c) Where a claim of privilege is asserted in response to discovery or disclosure other than a deposition, and information is not provided on the basis of such assertion, the information set forth in paragraph (a) above shall be furnished in writing at the time of the response to such discovery or disclosure, unless otherwise ordered by the court.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

JOSE GUZMAN,

                   Plaintiff,

   - against -

MEL S. HARRIS AND ASSOCIATES, LLC, et al.,

                  Defendants.

 :  No. 16-cv-03499 (GBD)
 :  ECF Case
 :
 :
 :  **SAMSERV, INC.'S AND**
 :  **WILLIAM MLOTOK'S**
 :  **RESPONSES**
 :  **AND OBJECTIONS TO**
 :  **PLAINTIFF'S REQUEST**
 :  **FOR THE PRODUCTION**
 :  **OF DOCUMENTS**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

Defendants Samserv, Inc. ("Samserv") and William Mlotok ("Mlotok") (collectively, the

"Answering Defendants"), by their attorneys, O'Hare Parnagian LLP, hereby respond and object

to Plaintiff's Request to Defendants Samserv and Mlotok for Production of Documents (the

"Request") as follows:

## GENERAL RESPONSES AND OBJECTIONS

      A.    Answering Defendants object to the Request to the extent it purports to impose

obligations beyond those permitted under the Federal Rules of Civil Procedure (the "Federal

Rules") and/or the Local Rules of the United States District Courts for the Southern and Eastern

Districts of New York (the "Local Rules").

      B.    Answering Defendants objects to the Request to the extent it seeks responses,

information, and/or documents that are not in the possession, custody, or control of Answering

Defendants or seeks to impose any obligation on Answering Defendants to provide responses or

documents on behalf of any person or entity other than Answering Defendants.

      C.    Answering Defendants object to the Request to the extent that it calls for

responses, information, and/or the production of documents that were prepared in anticipation of

litigation, are protected by the attorney-client privilege, the work product doctrine, the business strategy privilege, the common interest or joint defense privilege, or any other applicable privilege, doctrine or immunity.  By responding and objecting to the Request, Answering Defendants do not waive, intentionally or otherwise, attorney-client privilege, work product protection, business strategy privilege, common interest or joint-defense privilege, or any other applicable privilege, doctrine or immunity protecting communications, transactions, or records from disclosure.  Accordingly, any response or objection inconsistent with the foregoing is wholly inadvertent and shall not constitute a waiver of any such privilege or protection.

D.      Answering Defendants object to the Request to the extent it seeks responses, information and/or documents and materials that are not relevant to the claims or defenses asserted in this action.

E.      Answering Defendants object to the Request to the extent it seeks responses, information, and/or documents that are a matter of public record, have been previously provided to Plaintiff, are otherwise in Plaintiff's possession and/or are available through Plaintiff's own efforts.

F.      Answering Defendants object to the Request to the extent that the proposed discovery is obtainable from some other source that is more convenient, less burdensome and/or less expensive.

G.      Answering Defendants object to the Request to the extent it is seeks discovery that is not proportional to the needs of the case and/or is unduly burdensome to obtain.

H.      Answering Defendants object to the Request to the extent that the burden or expense of the proposed discovery outweighs its likely benefit.

2

I.  Answering Defendants object to the Request to the extent it seeks trade secrets or confidential, proprietary, or commercially sensitive business, financial, or personal information unless and until a suitable Protective Order is agreed to and entered.

J.  Answering Defendants object to the Request to the extent it seeks the production of electronic documents and information before the parties have agreed to (or, in the absence of such agreement, before the Court has approved) a protocol for the production of electronic documents and information.  It would be unfair, unreasonable, and unduly burdensome to require Answering Defendants to search for and produce electronic documents and information until such a protocol has been established.

K.  Answering Defendants' response to any request set forth shall not be deemed an admission or acknowledgment that such request calls for material relevant to the subject matter of this action, and is without prejudice to Answering Defendants' right to contend at trial or any other stage of this or any other action that the requested responses, information, and/or documents are inadmissible, irrelevant, immaterial or otherwise objectionable.

L.  Answering Defendants' search for documents is ongoing.  Answering Defendants therefore reserve the right to rely on any facts, documents, or other evidence that might develop or later come to Answering Defendants' attention.  Answering Defendants' responses and objections, as set forth herein, are based on information presently known to Answering Defendants and are without prejudice to Answering Defendants' right to assert additional objections or supplemental responses, should Answering Defendants discover additional information or grounds for objections.  Answering Defendants reserve the right to supplement or amend these responses at any time prior to a trial of this action, and Answering Defendants will supplement these responses to the extent required by the Federal Rules.

3

M.      Any statement that Answering Defendants will provide non-privileged responses and/or produce non-privileged documents in his possession sought by a particular request in no way constitutes an admission that Answering Defendants actually possesses the document(s) requested or that any such document(s) exists.

## SPECIFIC RESPONSES AND OBJECTIONS

The responses and objections to the specific requests set forth below shall be deemed to incorporate, and shall not be deemed to waive, the General Responses and Objections.

1.      The documents filed in Sykes that were sealed. This includes, without limitation, sealed documents filed relating to the motion for class certification and the appeal from the order granting class certification.

**Response**:      Answering Defendants object to this request on the grounds that it seeks discovery that is overly broad, unduly burdensome, and not relevant to the claims or defenses asserted in this action, and seeks documents that are subject to protective order in another action.

2.      Unredacted copies of pleadings in Sykes that were filed in a redacted form. This includes, without limitation, pleadings related to class certification and appeal from the order granting class certification.

**Response**:      Answering Defendants object to this request on the grounds that it seeks discovery that is overly broad, unduly burdensome, and not relevant to the claims or defenses asserted in this action, and seeks documents that are subject to protective order in another action.

3.      All depositions in Sykes, except for the depositions of the plaintiffs in that case, if any. If in electronic format, please produce in the electronic format.

**Response**:      Answering Defendants object to this request on the grounds that it seeks discovery that is overly broad, unduly burdensome, and not relevant to the claims or defenses

4

asserted in this action, and to the extent it seeks documents that are subject to protective order in another action.

4.      All documents within your possession, custody, or control regarding the Plaintiff, Mr. Guzman, and the putative debt sought to be collected from him.

**Response**:      Answering Defendants object to this request on the grounds that it seeks discovery that is vague, ambiguous, overly broad, and unduly burdensome.  Subject to and without waiving the foregoing, Answering Defendants will produce, after entry of an appropriate protective order, responsive and non-privileged documents not subject to objection and to the extent any ever existed and still exist, are located after conducting a reasonable search, and are in the possession, custody or control of Answering Defendants.

5.      All contracts or other documents describing the relationship between and among the Defendants in Sykes, including Lucedia [sic].

**Response**:      Answering Defendants object to this request on the grounds that it seeks discovery that is vague, ambiguous, overly broad, and unduly burdensome, and not relevant to the claims or defenses asserted in this action.

6.      All recordings of telephone calls with Mr. Guzman or related to the attempts to collect the putative debt from Mr. Guzman.

**Response**:      Answering Defendants object to this request on the grounds that it seeks discovery that is vague, ambiguous, overly broad, and unduly burdensome, and not relevant to the claims or defenses asserted in this action.  Subject to and without waiving the foregoing, Answering Defendants will produce, after entry of an appropriate protective order, responsive and non-privileged documents not subject to objection, to the extent any ever existed and still

exist, are located after conducting a reasonable search, and are in the possession, custody or control of Answering Defendants.

7.      All documents, if any, upon which you base your affirmative defense(s).

**Response**:      Answering Defendants object to this request on the grounds that it seeks discovery that is premature, vague, ambiguous, overly broad, and unduly burdensome. Answering Defendants further object to the extent that this request seeks to invade privileges and immunities from disclosure.

8.      The Microsoft Access database entitled "Process Service Management System" referenced in the Egleson Declaration attached to the complaint in this action. Please produce in the electronic form.

**Response**:      Answering Defendants object to this request on the grounds that it seeks discovery that is vague, ambiguous, overly broad, and unduly burdensome, not relevant to the claims or defenses asserted in this action, and seeks documents that are subject to protective order in another action.  Subject to and without waiving the foregoing, Answering Defendants will produce, after entry of an appropriate protective order, responsive and non-privileged documents not subject to objection, to the extent any existed and still exist, and are in the possession, custody or control of Answering Defendants.

9.      The "the full and complete record in the Sykes Litigation" referenced by LR Credit 13 in paragraph 37 of its' [sic] Answer, other than publicly available documents on PACER.

**Response**:      Answering Defendants object to this request on the grounds that it seeks discovery that is vague, ambiguous, overly broad, unduly burdensome, not relevant to the claims

6

or defenses asserted in this action, and seeks documents that are subject to protective order in another action.

10.     Any discovery answers or documents produced by any defendant in Sykes, including access to any electronic information made available in discovery.

**Response**:     Answering Defendants object to this request on the grounds that it seeks discovery that is vague, ambiguous, overly broad, unduly burdensome, and not relevant to the claims or defenses asserted in this action, and seeks documents that are subject to protective order in another action.

11.     If you contend you performed a meaningful attorney review prior to filing any pleading in the collection lawsuit or in the post judgment discovery or executions, produce devices in connection with the collection of the judgment in the collection case.

**Response**:     Answering Defendants respond that this request is clearly not directed to Answering Defendants.  To the extent that Answering Defendants need to response, they object to this request on the grounds that it is vague, ambiguous, overly broad, unduly burdensome, and not relevant to the claims or defenses asserted in this action.

12.     Documents sufficient to demonstrate the members of LR Credit 13, LLC.

**Response**:     Answering Defendants respond that this request is clearly not directed to Answering Defendants.  To the extent that Answering Defendants need to response, they object to this request on the grounds that it is vague, ambiguous, overly broad, unduly burdensome, not relevant to the claims or defenses asserted in this action.

13.     Documents reflecting the principal person(s) to who derive payments, proceeds, or other income from LR Credit 13, LLC.

7

**Response**: Answering Defendants respond that this request is clearly not directed to Answering Defendants. To the extent that Answering Defendants need to response, they object to this request on the grounds that it is vague, ambiguous, overly broad, unduly burdensome, and not relevant to the claims or defenses asserted in this action.

14. Any insurance policies and declaration sheets that may cover the claims brought by way of this suit, regardless of whether you have forwarded this claim to your insurance carrier. This includes any insurance policy and declaration at the process serving company Mlotok's [sic] currently does work for. This also includes any insurance policy and declaration sheet at Einstein & Associates as it relates to Mr. Young.

**Response**: Answering Defendants respond that portions of this request are clearly not directed to Answering Defendants but, to the extent that Answering Defendants need to respond, they object to this request on the grounds that it seeks discovery that is overly broad, and unduly burdensome, and not relevant to the claims or defenses asserted in this action. Answering Defendants further respond that they have already provided non-privileged documents to Plaintiff that respond to this request.

15. Any letters from the insurance companies who may provide coverage for claims in this suit as to whether and to what extent defense is being provided with a reservation of rights. This includes and communications with any insurance broker.

**Response**: Answering Defendants object to this request on the grounds that it seeks discovery that is vague, ambiguous, overly broad, and unduly burdensome, and not relevant to the claims or defenses asserted in this action. Answering Defendants further respond that they have already provided non-privileged documents to Plaintiff that respond to this request, as Answering Defendants understand this request.

8

16.     All documents you reference in your initial disclosures.

**Response**:     See the affidavit of service accompanying the Complaint as an exhibit in this action.  Answering Defendants reserve their right to supplement this and all other responses during the course of this action.

17.     If you dispute that you are a debt collector governed by the FDCPA in this action, please produce all documents upon which you base your assertion.

**Response**:     Answering Defendants object to this request on the grounds that it is premature and seeks to invade privileges and immunities from disclosure.  Subject to and without waiving the foregoing, Answering Defendants respond that their general bases for disputing their legal status as a debt collector governed by the FDCPA are primarily legal contentions based on application of the law and not based on any particular document that is not in the public domain.  Answering Defendants reserve their right to supplement this and all other responses during the course of this action.

18.     Any demands for indemnification or contribution in this case.

**Response**:     Answering Defendants object to this request as vague, ambiguous, overly broad, not relevant to any claims or defenses in this action, and to the extent that it seeks to invade privileges and immunities from disclosure.

19.     If any of the documents you produce use abbreviations or codes, please provide a copy of a manual or other such document that reflects the meaning of said abbreviations or codes.

**Response**:     Answering Defendants object to this request on the grounds that it seeks discovery that is vague, ambiguous, overly broad, and unduly burdensome.  To the extent this request refers to documents to be produced in connection with any other request, Answering

9

Defendants hereby incorporate by reference into this response all objections raised to each such request.

     20.    Every document that you intend to use or introduce into evidence at the trial of this case.

    **Response**:    Answering Defendants object to this request on the grounds that it seeks discovery that is premature, vague, ambiguous, overly broad, and unduly burdensome, and to the extent that it seeks to invade privileges and immunities from disclosure.

     21.    Documents regarding the formation of the LLCs in this action and continued maintenance of the LLC structure.

    **Response**:    Answering Defendants respond that this request is clearly not directed to Answering Defendants but, to the extent that Answering Defendants need to respond, they object to this request on the grounds that it seeks discovery that is overly broad, and unduly burdensome, and not relevant to the claims or defenses asserted in this action.

Dated: New York, New York
      August 29, 2016

                                 Jeffrey S. Lichtman
                                 O'HARE PARNAGIAN LLP
                               82 Wall Street, Suite 300
                               New York, New York 10005
                               (212) 425-1401
                               jlichtman@ohareparnagian.com

                               *Attorneys for Defendants*
                               *Samserv Inc. and William Mlotok*

10

## Certificate of Service

On August 29, 2016, I caused true and correct copies of the foregoing Plaintiff's Request to Defendants Samserv, Inc. and William Mlotok for Production of Documents to be served by regular first class mail upon the following:

Ahmad Keshavarz, Esq.
The Law Office of Ahmad Keshavarz
16 Court St., 26th Floor
Brooklyn, NY 11241-1026
*Attorneys for Plaintiff*

Scott Balber, Esq.
Herbert Smith Freehills New York LLP
450 Lexington Avenue
New York, NY 10017
*Attorneys for Defendants LR Credit 13 LLC*

Bret Scher, Esq.
Kaufman Dolowich & Voluck, LLP
135 Crossways Park Drive, Suite 201
Woodbury, NY 11797
*Attorneys for Defendants Mel S. Harris, David Waldman,
Todd Fabacher, Michael Young, and Mel S. Harris and
Associates LLC*

Dated:  New York, New York
        August 29, 2016

Jeffrey S. Lichtman