# O'Hare Parnagian llp

82 Wall Street, Suite 300
New York, NY 10005-3686
(212) 425-1401
Fax: (212) 425-1421
www.ohareparnagian.com

Westchester Office
700 White Plains Road, Suite 255
Scarsdale, NY 10583-5013
(914) 725-3632
Fax: (914) 725-3639

October 11, 2016

**Via ECF**

The Honorable Ronald L. Ellis
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

> Re:  *Guzman v. Mel S. Harris and Associates, LLC, et. al.*
> No. 16-cv-3499 (GBD) (RLE)

Dear Judge Ellis:

We represent defendants Samserv, Inc. and William Mlotok (collectively, "Samserv") in the above-referenced action and write in response to Plaintiff's October 4, 2013 letter (the "10/4 Letter") seeking a pre-motion conference with the Court concerning certain discovery issues. Plaintiff asks the Court to compel production of (1) all discovery from the class action Sykes v. Mel Harris & Associates, LLC (the "Sykes Class Action"), from which Plaintiff opted out, including all records that have been designated confidential, filed under seal or redacted by any party in the Sykes Class Action, and (2) documents responsive to certain of Plaintiff's document requests. Plaintiff makes it crystal clear that he intends to re-litigate all issues from a sprawling class action concerning tens of thousands of default judgments over a span of several years, even though this case involves only one person's "garden variety emotional distress" allegedly experienced for no more than three weeks.

**Samserv Should Not Be Required to Produce Voluminous,
Disproportionate Discovery from the Sykes Class Action**

Samserv, a small business that is uninsured for this action, retains independent contractors to serve process, in this instance on behalf of the law firm Mel Harris & Associates, LLC ("Mel Harris") for its client LR Credit 13 LLC, the holder of debt, which Samserv understands is a subsidiary of Leucadia National Corporation ("Leucadia").. Samserv is producing to Plaintiff the information it previously produced in the Sykes Class Action concerning the one instance of disputed service on Plaintiff at issue in this action. There is no basis for Plaintiff's demand that Samserv produce all discovery taken by all parties to the Sykes Class Action, the vast majority of which was produced by parties other than Samserv, especially

O'HARE PARNAGIAN LLP

The Honorable Ronald L. Ellis
October 11, 2016
Page 2

without any attempt by Plaintiff to determine which requests and responses in the Sykes Class Action might be relevant to this action.

Rule 26(b)(1) permits relevant discovery that is "proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Here, Plaintiff's request for all discovery material from the Sykes Class Action is wildly disproportionate to the needs of the case.

The relief sought by Plaintiff here is relatively minor. As noted by Judge Daniels at the first conference before this Court, "this is not the case of the century. It probably is worth less money than it's costing all of you to sit here and talk to me for another five minutes." Transcript of July 21, 2016 ("7/21 Transcript") at 14. Plaintiff seeks compensatory damages for what his own counsel considered "garden variety emotional distress," 7/21 Transcript at 8, for a mere three-week period from when he learned of the default judgment against him to when the judgment was successfully vacated. Plaintiff's extremely limited claims do not justify the immense amount of discovery Plaintiff seeks to litigate a sprawling, settled class action, or the significant financial and logistical burden that such discovery will impose on Samserv.

Plaintiff's assertion that the discovery is proportional because "[t]his case shares the same factual and discovery issues as Sykes," 10/4 Ltr. at 2, is disingenuous, as shown by the class certification order quoted on the same page of Plaintiff's letter. As Judge Chin explained when granting class certification, the Sykes Class Action involved "tens of thousands of default judgments," that were "based on thousands of affidavits" of merit that were "generated *en masse*" by the law firm defendant. See id. This action, by contrast, involves one default judgment entered against one person, one purported instance of improper service of process based on information provided to Samserv by Mel Harris, one affidavit of merit filed by Mel Harris in furtherance of one default judgment filed by Mel Harris on behalf of one debtholder, LR Credit 13 LLC, and one information subpoena that Mel Harris purportedly served on Plaintiff's employer in 2015, without any alleged involvement of Samserv.

Moreover, while Judge Chin found in the Sykes Class Action, in the context of a class certification motion, "that on hundreds of occasions the defendant process servers [including John Andino] purported to serve process at two or more locations at the same time," id., there is no such allegation here concerning the disputed service of process on Plaintiff. The other affidavits of service at issue in the Sykes Class Action concerning persons other than Plaintiff have no bearing on the alleged falsity of the single affidavit of service at issue here.

The settlement of the Sykes Class Action has already provided for injunctive relief that benefits the entire class, even opt-outs including Plaintiff. In stark contrast, this action seeks only to vindicate this Plaintiff's rights – and no one else's. Discovery concerning tens of

O'HARE PARNAGIAN LLP

The Honorable Ronald L. Ellis
October 11, 2016
Page 3

thousands of other underlying actions not at issue here is thus both irrelevant and vastly disproportionate to Plaintiff's need to develop a factual record in this action.

Moreover, the burden of producing the requested documents would be immense. This firm did not represent Samserv in the Sykes Class Action. Samserv's prior counsel advises that producing the discovery from the Sykes Class Action is not just a matter of "pushing a button." Rather, we understand that the files span at least five shelves, many of which are filled with CDs, DVDs, and other media, the vast majority of which was not produced by Samserv. That material would have to be reviewed and organized before it could be produced, imposing exorbitant and unjustified financial burdens on Samserv.

In addition to the financial and logistical burden of producing the documents, allowing thousands of unrelated and irrelevant occurrences – that were already settled in the Sykes Class Action – to become part of discovery in this action would also force Samserv to spend inordinate amounts of time and legal fees reviewing and mastering those documents in advance of depositions that could cover thousands of disputed service attempts over several years but that are not germane to Plaintiff's damages. Samserv should not shoulder such an undue burden. See City of N.Y. v. FedEx Ground Package Sys., Inc., No. 13 CIV. 9173 (ER), 2016 WL 1718261, at *12 (S.D.N.Y. Apr. 27, 2016) ("although this topic may be somewhat relevant to the claims and defenses in this action, that relevance is outweighed by the undue burden the State would face if forced to prepare a 30(b)(6) witness to testify as to this unduly broad request").

Notably, Samserv and Mr. Mlotok were bit players in the Sykes Class Action, as evidenced by their minuscule contribution to the settlement of that case. Specifically, the entire Sykes Class Action settled for approximately $58 million, of which Samserv, Mr. Mlotok, and their insurers paid $525,000, or under 1%. The other 99+ percent of the settlement of the Sykes Class Action was paid by and on behalf of the Mel Harris and Leucadia defendants.

Not surprisingly, those defendants in the Sykes Class Action produced the vast majority the discovery in the Sykes Class Action that Plaintiff now seeks, yet Plaintiff does not seek to obtain any of it from them, instead attempting to burden the small-fry defendants (and presumably attempt to coerce a settlement by doing so). Plaintiff could have sued here the Leucadia defendants but chose not to (naming only one Leucadia subsidiary, LR Credit 13, LLC). He could have subpoenaed the Leucadia defendants, but chose not to. And he could have sought production of discovery produced by Mel Harris defendants in the Sykes Class Action from the Mel Harris defendants in this action before announcing an impending settlement with them, but chose not to. Plaintiff's unwillingness to avail himself of all of the avenues of discovery open to him is not a basis to impose a disproportionate, undue burden on Samserv.

This also explains why Samserv should not be required to violate the protective order in the Sykes Class Action (a copy of which accompanies this letter as Exhibit A), especially by producing discovery that was designated as "confidential" by parties other than Samserv, or to

O'HARE PARNAGIAN LLP

The Honorable Ronald L. Ellis
October 11, 2016
Page 4

produce those documents submitted to that Court under seal or that were the subject of
redactions. Granting Plaintiff's blunderbuss requests would require Samserv to undertake the
unreasonable, and perhaps impossible, burden of reviewing all discovery from the Sykes Class
Action, somehow determining which portions of someone else's documents and testimony are
confidential, ascertaining what steps need to be taken to protect someone else's confidential
information, and advocating on behalf of that assertion of confidentiality that is foreign to
Samserv. Samserv has already produced its information from the Sykes Class Action concerning
Plaintiff. There is no basis to compel Samserv to undertake the legal and financial burden of
producing other parties' information covered by the protective order. See Barrella v. Vill. of
Freeport, No. 12-CV-0348 ADS WDW, 2012 WL 6103222, at *3 (E.D.N.Y. Dec. 8, 2012)
(denying motion to compel production of discovery from prior action that was subject to
protective order when the information marked confidential did not originate from the party from
whom discovery was sought in subsequent action).

**The Other Discovery Issues Raised by Plaintiff Are Without Merit**

  Without any discussion or analysis, Plaintiff also asks the Court to compel the production
of documents responsive to certain of Plaintiff's discovery requests. 10/4 Ltr. at 3.

  Documents upon which Samserv bases its affirmative defenses. Samserv has advised
Plaintiff that it will identify these documents after the completion of discovery, which will
enable Plaintiff to prepare for summary judgment and for trial.

  Documents that Samserv intends to use or introduce into evidence at the trial of this case.
Samserv has not yet made this determination and is not yet required to do so. Samserv will
identify its trial exhibits in accordance with the Federal Rules, Local Civil Rules, and the Court's
Individual Practices.

  Documents upon which Samserv bases its assertion that it is not a debt collector governed
by the FDCPA in this action. As Samserv has already explained to Plaintiff's counsel,
Samserv's position that it is not a debt collector is a legal argument based upon statutory
interpretation. Samserv is obviously not required to produce its legal research to Plaintiff.

  Accordingly, the Court should deny Plaintiff's request to compel Samserv to produce the
discovery discussed in Plaintiff's October 4, 2016 letter.

          Respectfully,

          Jeffrey S. Lightman

cc:  All Counsel (via ECF)

Case 1:16-cv-00349-GHW Document 679-1 Filed 01/23/18 Page 5 of 13

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 2/1/2011

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MONIQUE SYKES, RUBY COLON, REA
VEERABADREN, FATIMA GRAHAM, KELVIN
PEREZ, SAUDY RIVERA, PAULA ROBINSON,
and ENID ROMAN, individually and on behalf of
all others similarly situated,

                                        Plaintiffs,        -

        - against -

MEL S. HARRIS AND ASSOCIATES LLC; MEL
S. HARRIS; MICHAEL YOUNG; DAVID
WALDMAN; KERRY LUTZ; TODD
FABACHER; MEL HARRIS JOHN/JANE DOES
1-20; LEUCADIA NATIONAL CORPORATION;
L-CREDIT, LLC; LR CREDIT, LLC; LR CREDIT
10, LLC; LR CREDIT 12, LLC; LR CREDIT 14,
LLC; LR CREDIT 18, LLC; LR CREDIT 19, LLC;
JOSEPH A. ORLANDO; PHILIP M. CANNELLA;
LR CREDIT JOHN/JANE DOES 1-20;
SAMSERV, INC.; WILLIAM MLOTOK;
BENJAMIN LAMB; MICHAEL MOSQUERA;
JOHN ANDINO; HUSAM AL-ATRASH;
ASSMAT ABDELRAHMAN; and SAMSERV
JOHN/JANE DOES 1-20,

                                        Defendants.

ECF Case
No. 09 Civ. 8486 (DC)

**PROTECTIVE ORDER**

        WHEREAS, all parties to this action (collectively the "Parties" and individually a

"Party") have sought or may seek information that a producing party deems confidential in

connection with discovery in this action;

        WHEREAS, this Court finds good cause exists for issuance of an appropriately

tailored confidentiality order, pursuant to Fed. R. Civ. P. 26(c), governing the pretrial phase of

this action;

        IT IS HEREBY ORDERED, as follows:

        1.      A Party or person producing or disclosing "Discovery Material" (*i.e.*,

-1-

@004

information of any kind produced or disclosed in the course of discovery in this action) may designate as "Confidential" only the portion of such material that the Party or person (the "Producing Party") reasonably and in good faith believes consists of:

> (a) Previously non-disclosed financial information (including without limitation profitability reports or estimates, percentage fees, design fees, royalty rates, minimum guarantee payments, sales reports, and sale margins);
>
> (b) Previously non-disclosed material relating to the ownership or control of any non-public company;
>
> (c) Previously non-disclosed business plans, product-development information, marketing plans, or contracts;
>
> (d) Any information of a personal or intimate nature concerning any individual;
>
> (e) Or any other category of information this Court subsequently affords confidential status.

2. When a Producing Party produces or discloses Confidential material as defined in ¶ 1, the material shall be clearly marked as "Confidential" when produced.

3. Insofar as any Party objects to a Producing Party's designation of Discovery Material as Confidential, that Party shall so notify counsel for the Producing Party in writing within 30 days of production. Thereafter, all Parties will maintain the confidentiality of any such documents for 30 days, during which time counsel for the objecting Party will address its dispute to the Court, unless the Parties are able to reach an agreement in the interim.

Case 1:16-cv-00349-GBD-RLE Document 679-1 Filed 01/23/16 Page 7 of 13

4.       If a Party objects to a confidentiality designation pursuant to ¶ 3, all Parties shall continue to maintain the confidentiality of any such Discovery Material until the Court has reached a determination as to the confidentiality designation.

5.       The Parties and their attorneys shall use Discovery Materials designated as Confidential solely for the preparation or presentation of their cases in this action.

6.       The Parties' attorneys shall not disclose the Confidential material to any person not a member of their legal staffs, except under the following conditions:

        (a) Disclosure may be made only if necessary to the preparation or presentation of a Party's case in this action;

        (b) Disclosure may be made if the materials are obtained publicly or from sources other than the Producing Party;

        (c) Disclosure before trial may be made only to an expert who has been retained or specially employed by that party's attorneys in anticipation of litigation or preparation for this action, to a witness at deposition, or to the Court;

        (d) Before any disclosure is made to a person listed in subparagraph (c) above (other than to the Court), the party's attorneys shall provide each such person with a copy of this Protective Order, and such person shall consent in writing, in the form annexed hereto as Exhibit A, not to use the Confidential material for any purpose other than in connection with this case and not to further disclose the Confidential material except in testimony taken in this case. The signed consent

-3-

Case 1:16-cv-09449-GHW Document 679-21 Filed 01/03/16 Page 8 of 13

shall be retained by the disclosing party's attorneys and a copy shall be furnished to opposing counsel upon their request.

7.     Deposition testimony concerning any Confidential material which reveals the contents of such materials shall be deemed confidential and the transcript of such testimony, together with any exhibits referred to therein, shall be separately bound, with a cover page prominently marked "Confidential." Such portion of the transcript shall be deemed to be Confidential within the meaning of this Protective Order.

8.     If any paper which incorporates any Confidential material or reveals the contents thereof is filed in this Court, those pages containing Confidential material shall be delivered to the Court enclosed in a scaled envelope bearing the caption of this action, an indication of the nature of the contents, and the following legend:

<div style="text-align: center;">

**CONFIDENTIAL**

</div>

> This envelope contains documents or information
> designated confidential pursuant to an order entered
> by the United States District Court for the Southern
> District of New York in the above-captioned action.
> This envelope shall not be opened or unsealed
> without the express direction of a judge of this
> Court, and its contents shall not be displayed or
> revealed except as the Court may order.   This
> envelope and its contents shall at all times be
> maintained separate and apart from the publicly
> available files of this case.

9.     If any party intends to use a document designated as Confidential in open court, it must give notice of its intent through the joint pretrial order, or, in the case of an evidentiary hearing, two weeks before the evidentiary hearing. Any party opposing the use of a Confidential document in open court shall have the burden of explaining its opposition through a

<div style="text-align: center;">-4-</div>

01/25/2011 TUE 15:24 FAX ⌀007

Case 1:16-cv-00349-CHB-DLF Document 67-9 Filed 01/23/18 Page 9 of 13

motion in limine or through another procedure to be established by the Court.

10. Within 30 days after the termination of this case, including any appeals, the Confidential Materials, including all copies, notes, and other materials containing or referring to information derived therefrom, shall be returned to the producing party's attorneys or, upon their consent, destroyed, and all persons who possessed such materials shall verify their return or destruction by affidavit furnished to the opposing party's attorneys.

11. The inadvertent failure by a producing Party to designate a document or testimony or other information as "Confidential" shall not constitute a waiver of such Party's right to subsequently designate the document, testimony, or other information when the error is discovered. Any such designation shall be effective when communicated in writing to counsel for the receiving Party within thirty (30) days of production. If the designation is made more than thirty (30) days after production, the producing Party may seek relief from the Court. No Party will be deemed to have violated any provision of this Protective Order by treating or handling such information as non-confidential prior to: (a) the receipt of written notification of the failure to designate the information as Confidential Information; or (b) an Order from Court attaching a "confidential" designation to the document, testimony, or information. In addition, the written notification referenced in this clause does not impose an obligation to retrieve any documents or tangible things that have otherwise been properly disseminated to any third party prior to receipt of the written notification. If, however, the documents or tangible things at issue can reasonably be retrieved so that all copies or versions can be properly designated, the parties agree to make good-faith efforts to do so.

-5-

SO STIPULATED AND AGREED.

Dated: New York, New York
January 25, 2011

EMERY CELLI BRINCKERHOFF &
ABADY, LLP

By: _____
    Matthew D. Brinckerhoff

75 Rockefeller Plaza, 20th Floor
New York, NY 10019
(212) 763-5000

NEIGHBORHOOD ECONOMIC
DEVELOPMENT ADVOCACY PROJECT
176 Grand St., Suite 300
New York, NY 10013
(212) 680-5100

MFY LEGAL SERVICES, INC
299 Broadway, 4th Floor
New York, NY 10007
(212) 417-3701

Attorneys for Plaintiffs

KAUFMAN DOLOWICH VOLUCK &
GONZO, LLP,

By: _____
    Brett A. Scher

135 Crossways Park Dr., Suite 201
Woodbury, NY 11797
(516) 681-1100

Attorneys for Mel Harris Defendants


MCELROY, DEUTSCH, MULVANEY,
& CARPENTER, LLP

By: _____
Adam R. Schwartz    Lewis H. Goldfarb
1300 Mount Kemple Ave.
P.O. Box 2075
(973) 425-0161

Attorneys for Leucadia Defendants

BABCHIK & YOUNG, LLP
By: _____
Jordan Sklar
200 East Post Road
White Plains, NY 10601
(914) 470-0001

Attorneys for Samserv Defendants


SO ORDERED this 1st day
of Feb, 2011.

_____
DENNY CHIN, U.S.C.J.

2/1/11

-6-

Case Case 1:09-cv-00149-LBS Document 687-2 Filed 01/23/16 Page 12 of 93 ☒008

SO STIPULATED AND AGREED.

Dated: New York, New York
    January 25, 2011

EMERY CELLI BRINCKERHOFF &
ABADY, LLP

By: _____
    Matthew D. Brinckerhoff

75 Rockefeller Plaza, 20th Floor
New York, NY 10019
(212) 763-5000

NEIGHBORHOOD ECONOMIC
DEVELOPMENT ADVOCACY PROJECT
176 Grand St., Suite 300
New York, NY 10013
(212) 680-5100

MFY LEGAL SERVICES, INC
299 Broadway, 4th Floor
New York, NY 10007
(212) 417-3701

Attorneys for Plaintiffs

KAUFMAN DOLOWICH VOLUCK &
GONZO, LLP.

By: _____
    Brett A. Scher

135 Crossways Park Dr., Suite 201
Woodbury, NY 11797
(516) 681-1100

Attorneys for Mel Harris Defendants


MCELROY, DEUTSCH, MULVANEY,
& CARPENTER, LLP

By: _____
Adam R. Schwartz
1300 Mount Kemple Ave.
P.O. Box 2075
(973) 425-0161

Attorneys for Leucadia Defendants

BABCHIK & YOUNG, LLP
By: _____
Jordan Sklar
200 East Post Road
White Plains, NY 10601
(914) 470-0001

Attorneys for Samserv Defendants


SO ORDERED this ___ day
of _____, 2011.

_____
DENNY CHIN, U.S.C.J.

-6-

Case 1:11-cv-00349-GBD-RLE Document 687-9 Filed 01/23/11 Page 12 of 93 ☑009

SO STIPULATED AND AGREED.

Dated: New York, New York
     January 25, 2011

EMERY CELLI BRINCKERHOFF &
ABADY, LLP

By: _____
        Matthew D. Brinckerhoff

75 Rockefeller Plaza, 20th Floor
New York, NY 10019
(212) 763-5000

NEIGHBORHOOD ECONOMIC
DEVELOPMENT ADVOCACY PROJECT
176 Grand St., Suite 300
New York, NY 10013
(212) 680-5100

MFY LEGAL SERVICES, INC
299 Broadway, 4th Floor
New York, NY 10007
(212) 417-3701

Attorneys for Plaintiffs

KAUFMAN DOLOWICH VOLUCK &
GONZO, LLP.

By: _____
        Brett A. Scher

135 Crossways Park Dr., Suite 201
Woodbury, NY 11797
(516) 681-1100

Attorneys for Mel Harris Defendants


MCELROY, DEUTSCH, MULVANEY,
& CARPENTER, LLP

By: _____
Adam R. Schwartz
1300 Mount Kemple Ave.
P.O. Box 2075
(973) 425-0161

Attorneys for Leucadia Defendants

BABCHIK & YOUNG, LLP
By: _____
Jordan Sklar
200 East Post Road
White Plains, NY 10601
(914) 470-0001

Attorneys for Samserv Defendants

SO ORDERED this ____ day
of _____, 2011.

_____
DENNY CHIN, U.S.C.J.

-6-

Case Case 1:09-cv-08486-DC Document 68-12 Filed 01/13/11 Page 19 of 93 ☒011

## EXHIBIT A

The undersigned hereby acknowledges that he/she has read the Protective Order

entered in the United States District Court for the Southern District of New York on September

___, 2010 in the action entitled *Sykes, et al. v. Mel S. Harris and Associates LLC, et al.*, No. 09

Civ. 8486(DC) and understands the terms thereof. The undersigned agrees not to use the

Confidential materials defined therein for any purpose other than in connection with this case,

and will not disclose the Confidential materials except in testimony taken in this case.


<div style="display:flex; justify-content:space-between;">

_____

Date                                       Signature

</div>

_____

Print Name

_____

Occupation

-7-