```
                    UNITED STATES DISTRICT COURT
                    SOUTHERN DISTRICT OF NEW YORK

In re:                                  :
                                               Docket #16cv3499
 GUZMAN, et al.,                        : 1:16cv03499-GBD-RLE

                    Plaintiffs,         :

   - against -                          :

 MEL S. HARRIS & ASSOCIATES, LLC,       : New York, New York
                                          November 9, 2016
                    Defendants.         :
------------------------------------

                         PROCEEDINGS BEFORE
                  THE HONORABLE RONALD L. ELLIS,
            UNITED STATES DISTRICT COURT MAGISTRATE JUDGE

APPEARANCES:

For Plaintiffs:         LAW OFFICES OF AHMAD KESHAVARZ
                        BY:  AHMAD KESHAVARZ, ESQ.
                        16 Court Street, 26th Floor
                        Brooklyn, New York 11241
                        (718) 522-7900

For Defendant           HERBERT SMITH FREEHILLS, LLP
 LR Credit:             BY:  SCOTT SONNY BALBER, ESQ.
                             DAVID WAYNE LEIMBACH, ESQ.
                        450 Lexington Avenue, 14th Floor
                        New York, New York 10038
                        (917) 542-7600

For Defendant           O'HARE PARNAGIAN, LLP
 Samserv & Mlotok:      BY:  JEFFREY S. LICHTMAN, ESQ.
                        82 Wall Street, Suite 300h Floor
                        New York, New York 10005
                        (212) 425-1401

Transcription Service:  Carole Ludwig, *Transcription Services*
                        141 East Third Street #3E
                        New York, New York 10009
                        Phone:  (212) 420-0771
                        Fax:  (212) 420-6007

Proceedings recorded by electronic sound recording;
Transcript produced by transcription service
```

**INDEX**

**E X A M I N A T I O N S**

| Witness | Direct | Cross | Re-Direct | Re-Cross |
|---|---|---|---|---|

None

**E X H I B I T S**

| Exhibit Number | Description | ID | In | Voir Dire |
|---|---|---|---|---|

None

```
 1
 2            THE CLERK:  We're here in the matter for a status
 3   conference, Jose Guzman and parties versus LR Credit 13,
 4   LLC and parties, 16cv3499.  Attorneys, please state your
 5   name for the record.
 6            MR. AHMAD KESHAVARZ:  Ahmad Keshavarz, Law Office
 7   of Ahmad Keshavarz for plaintiff.  Good morning, Your
 8   Honor.
 9            HONORABLE RONALD L. ELLIS:  Good morning.
10            MR. JEFFREY LICHTMAN:  Jeffrey Lichtman and with
11   O'Hare Parnagian representing defendants Samserv, Inc. and
12   William Mlotok.
13            MR. SCOTT BALBER:  Good morning, Your Honor,
14   Scott Balber from Herbert Smith Freehills on behalf of LR
15   Credit 13.
16            MR. DAVID LEIMBACH:  David Leimbach from Herbert
17   Smith Freehills also on behalf of LR Credit 13.
18            THE COURT:  And good morning to everyone.  Please
19   be seated.  Okay.  This case has been referred for
20   discovery disputes.  I've gotten the parties' submissions
21   concerning discovery sought by the plaintiff.  And let me
22   ask first, there is no discovery scheduled in this case as
23   of yet, is there?
24            MR. KESHAVARZ:  On the bench, but not in writing.
25   The district judge indicated that there would be a close of
```

```
                                                                    4
 1
 2   discovery, I believe approximately the end of February.  It
 3   might've been the end of March, but my recollection is the
 4   end of February.
 5             MR. LICHTMAN:   Jeffrey Lichtman, Your Honor.  Mr.
 6   Keshavarz is correct, that it is the end of the February,
 7   but there was no specific date set, and I don't believe
 8   there was an order entered.  But that was clearly what was
 9   said by Judge Daniels at the last conference.
10             THE COURT:   Okay.  It sounds like Judge Daniels
11   wanted to give you the opportunity to see if you could
12   resolve this through settlement.  Because having reviewed
13   the file, it doesn't seem to me that this is a case that
14   would have needed that much discovery.
15             MR. BALBER:   I didn't mean to interrupt, Your
16   Honor.
17             THE COURT:   I was finished with that sentence,
18   but.
19             MR. BALBER:   I'll wait.  I'm sorry.
20             THE COURT:   No, no, go ahead.
21             MR. BALBER:   I thought you were.  I thought you
22   were finished with the thought.  I apologize if I
23   interrupted.  There's actually a looming issue which may
24   impact the resolution of this case, Your Honor, one way or
25   the other.  And I think it's worth mentioning in this
```

```
 1                                                            5
 2   context and it impacts directly the claim for damages and
 3   therefore the potential for resolution.
 4            We have advised Mr. Keshavarz that his claims in
 5   this case for injunctive relief and for attorney's fees are
 6   in direct contravention of Judge Chin's bar order in the
 7   Sykes litigation.  We have made a written demand that Mr.
 8   Keshavarz withdraw those claims and given him a deadline.
 9   And if he does not withdraw those claims, we're going to be
10   seeking contempt in front of Judge Chin.
11            The reason that impacts our discussion today, Your
12   Honor, I think is twofold.  One, we did make an offer of
13   judgment in the amount of [REDACTED], which we thought was
14   quite generous even putting aside the attorney's fees
15   issue.  And we're disappointed it wasn't accepted.
16            We do believe that once the attorney's fees claim
17   is out of the case, which we believe they will be, the
18   actual economic damages of the plaintiff in this case are
19   de minimis.  I believe it's a couple of weeks of emotional
20   distress with no corroborating medical treatment or
21   anything of that sort.  So hopefully, that will result in a
22   resolution.
23            But either way, for the discovery purposes we're
24   discussing today, the scope of the case and the amount at
25   stake, certainly bears on the question of the
```

```
                                                                 6
 1
 2   proportionality of the discovery begin sought.  And I think
 3   Judge Daniels did, as Your Honor noted, recognized that
 4   this was not the kind of case that warranted a substantial
 5   amount of discovery.  And I think that prediction on his
 6   behalf proved presient because of this attorney's fees
 7   issues that we've now reached.
 8            THE COURT:  Okay.  Well much of what you said may
 9   turn out to be unnecessary to our discussion here today.
10   Although since you did bring it up, I want to caution the
11   parties about talking about such things as offers of
12   judgment.  Certainly I wouldn't expect you to discuss that
13   with -- before Judge Daniels because it sort of muddies the
14   waters if you start to talk about settlement offers and,
15   you know, it sort of affects the balance of how the court
16   might view parties.  I always suggest that parties not
17   divulge the fact that they've made offers of judgment.
18            MR. BALBER:  Yeah, it was not a settlement offer,
19   Your Honor, it was an offer of judgment.  But your point's
20   well taken.  Thank you.
21            THE COURT:  Okay.  Even without the benefit of
22   however this goes with respect to attorney's fees and the
23   offer of judgment, I think this case, as I indicated, does
24   not seem to be a case that required a large scope of
25   discovery.  And therefore, I think that the February date
```

is more in keeping with the way the case appears.  And
based upon the submissions, I concur, that is, that take
into account what Rule 26 says about the broke
proportionality between the discovery sought and the
potential benefit for the discovery.  Even without the
things that were just indicated, it seems to me that the
discovery, the broad discovery, sought on the Sykes class
action, given the claims that Guzman has here, are
disproportionate, particularly given the defendants that
are left.

        And the likelihood that the proportion of
responsibility would probably mirror what happened in the
Sykes class action, opening up all the discovery in the
Sykes class based upon statements that were made by Judge
Chin, which I think don't support the broad idea that it
would be necessary for the plaintiff in this case to have
all of the discovery in the Sykes case in order to present
the plaintiff's case.

        I find that the application to get the discovery
in the Sykes case is not warranted.  The burden of -- is
not entirely clear in the applications of the new Rule that
the burden necessarily falls on the party that is seeking
the discovery.  But it does mean that the Court has to be
convinced that either from statements by the plaintiff

                                                                8

demonstrating that there is proportionality, or the
defendant indicating that there is not proportionality,
that the discovery is appropriate.  Since the burden
outweighs the likely benefit in this case, I find that the
discovery sought by the -- the broad discovery, class
discovery, sought by the plaintiff, and including the
pleadings in the Sykes case is unwarranted, and that
application is denied.

            MR. KESHAVARZ:   May I speak, Your Honor?

            THE COURT:   Well you can speak, although let me
be clear, you speak and the lawyers always want to say
something after I've made a ruling.  But let me be clear.
If I, having gotten a submission from the parties, I'd do
one of two things.  Either I ask the parties to clarify it
by oral discussion or I rule.  Having ruled, you may make
statements for the record, but don't anticipate it will
have a change on the Court's rule.

            MR. KESHAVARZ:   Thank you, Your Honor.  I believe
the statements made by opposing are somewhat inaccurate.
The initial --

            THE COURT:   You do understand that I said that
was -- his statements had no impact on my decision.  And as
I said, I come before the parties, I ask them for oral
argument or I give them my ruling.  But for the record, you

```
 1                                                              9
 2   may tell me what's wrong with what counsel said.
 3            MR. KESHAVARZ:  Thank you, Your Honor, and it's
 4   not in the pleadings today, so I'm not sure if -- this is
 5   the issue.  You made an issue about proportionality.  The
 6   question is what's the value of the case.  Opposing counsel
 7   indicated in their letter that it was two or three weeks of
 8   distress.  That's not true.  It's been emotional distress
 9   from the day they garnished until today.  Until today, he
10   can't sleep two to three times a week.  He's staying up
11   until two in the morning, tossing and turning.  For the
12   first year, it was every night.
13            That wasn't -- the facts weren't elaborated in the
14   original complaint, and thus not in the record before you.
15   But the initially disclosures and the proposed amended
16   complaint flushed out those damages.  So in terms of
17   proportionality, the Second Circuit has affirmed garden
18   variety emotional distress of up to $135,00 for damages as
19   disclosed in the initial disclosures.
20            The second issue in terms of proportionality, we
21   have a GBL349 claim with allows for punitive damages.
22   Punitive damages generally are thought to be up to nine
23   times actual damages.  If the actual damages which were
24   upheld by the Second Circuit are up to $135,000, and you
25   can multiply that by up to nine, that is not an
```

```
 1                                                            10
 2   insubstantial case.  We may disagree with that value but
 3   that's what the case law says.  So in terms of
 4   proportionality, I would indicate that.
 5            So in terms of what's requested, in terms of
 6   unsealing the pleadings in Sykes, there's a confidentiality
 7   order, it would still be subject to that confidentiality
 8   order that we have in place.  I can't see how production of
 9   pleadings they already have in their possession, custody
10   and control -- I think it was put on to a CD ROM within ten
11   minutes -- could be disproportionate.
12            The reason why I need that is for punitive damages
13   under GBL349, I need to show it's a pattern of practice of
14   the defendants.  One of the allegations, which is attached
15   to the complaint, is the affirmation of the expert in Sykes
16   by Mr. Egelson (phonetic), if I'm pronouncing it correctly,
17   that documenting multiple times that the same process
18   server claimed to be at the same place at the same time.
19   The defendant in this case, the process server whose been
20   sued and was defaulted, my recollection is that the
21   analysis indicated that he was in the same place at the
22   same time a hundred times.
23            So that goes to proportionality and that goes to
24   why production of the pleadings would be reasonable.  The
25   other reason is that in Judge Chin's order he indicated
```

```
                                                                11
    that based on the submissions, they found substantial
    reason to believe that the allegations were true for the
    purposes of class certification.
              THE COURT:  That's not an insubstantial
    qualification.  I mean, in class certification you do look
    at the allegations and see if the likely class is going to
    meet certain criteria.  Whether or not it's going to
    substantiate the claim, that's why you'd have discovery.
    Even if you had certified the class, if that class had been
    certified under Sykes based upon what Judge Chin had said,
    it wouldn't prove liability.  It would just indicate that
    there's a basis for the class to go forward.
              But in addition to that, one of the difficulties
    here -- you mentioned in a report, for example.  While
    you're doing that now, your initial request was akin to
    using saturation bonding when what you really are asking
    for now is a drone strike.  And I rule on what's presented
    to me.  Not that I would necessarily agree with whatever
    this report says, but what you asked for was all the
    discovery in the case and the pleadings.  You didn't say I
    want this document.  In fact, if you wanted a particular
    document in that litigation, I'm not sure why you'd even be
    asking me instead of seeking it in the other litigation.
              But again, you ask for broad discovery.  I said
```

```
                                                                   12
 1
 2   based -- you looked at one element, that is, one element of
 3   the proportionality is the recovery.  But the other element
 4   of the proportionality is how relevant the information is
 5   going to be to what it is that you assert you're trying to
 6   get the information for.  And you said I need the
 7   pleadings, I need all the discovery, without -- you know,
 8   again, not to suggest that it necessarily would've been
 9   different, but you were doing exploratory surgery when what
10   you needed was a nice scalpel.
11             But your opponent wants to respond to something
12   that you've already said.  Why don't we do that --
13             MR. KESHAVARZ:   Can I finish up with that, or no?
14             THE COURT:   Oh, I thought you were finished.
15             MR. KESHAVARZ:   No, just that they were separate
16   requests.  One was for all discovery but a separate
17   requests was just for the pleadings.  So there could be a
18   ruling as to one and not the other.
19             THE COURT:   Yes, and I said as to the pleadings
20   and as to the discovery, as to each of those requests, the
21   answer was they were denied.
22             MR. KESHAVARZ:   Thank you, Your Honor.
23             MR. LICHTMAN:   Your Honor, Jeffrey Lichtman --
24             THE COURT:   You do realize at this point you're
25   winning.  I just want you to know.
```

```
 1                                                              13
 2            MR. LICHTMAN:    I do, Your Honor, and I just
 3   understand as well that you've already ruled.  I just do
 4   want to make sure that it's also clear that we do take
 5   issue with the notion that GBL349 allows for punitive
 6   damages.  We do not believe that's the law.  We believe
 7   that there is substantial law in New York that says
 8   punitive damages are not allowed.  There are treble damages
 9   that are allowed up to $1,000 and some courts have called
10   that punitive damages, and have said that there are limited
11   punitive damages available under that statute, referring to
12   the treble damages.
13            So we believe, Your Honor, that as a matter of law
14   that the amount of controversy here, to the extent that it
15   would be subject to some inflation by punitive damages,
16   even if successful, would only add $1,000.  And that we
17   believe that because punitive damages are not available,
18   all of the discovery about any other incident, other than
19   this one incident, to the extent that he needs it for
20   punitive damages is simply not relevant to the action
21   because punitive damages are not recoverable.
22            So we need this as a matter of law, Your Honor,
23   and we appreciate Your Honor's ruling.  Thank you.
24            THE COURT:   Anyone else want to weigh in and make
25   a record?  Okay.  Yes, go ahead.
```

```
 1                                                            14
 2            MR. KESHAVARZ:   Aside from the GBL issue, for the
 3   FDCPA statutory damages, the elements include a pattern of
 4   practice evidence and it can't.  The discovery, at least as
 5   to the pleadings, would go as to that.
 6            The last thing I would indicate is that in terms
 7   of the order of class certification, the way I read the
 8   order, and I quoted it in the complaint, was that the Court
 9   -- and the language could be read either way.  But I think
10   the more proper way to read it was that the Court made the
11   following findings of fact based on the submissions in the
12   pleading.  And I have the quote.
13            The language is somewhat ambiguous, but the
14   section that I'm referring to is in the -- what they
15   actually -- the proposed amended complaint.  It's tracked
16   in the complaint itself, in the proposed amended complaint,
17   which is document for 55-1, page 8, item 38.  It says the
18   record before the court establishes that the defendants
19   obtain tens of thousands of default judgments of consumer
20   debt actions based on the affidavits attesting to the
21   merits of the action, that were generated on mass by -- and
22   it goes on.
23            But the language is there.  The court -- the
24   record before the court establishes, so it seems --
25            THE COURT:   Establishes?
```

```
 1                                                           15
 2            MR. KESHAVARZ:   The facts, establishes, one, that
 3   the defendants whose tens of thousands of default actions
 4   of consumer debt actions, based on thousands of affidavits
 5   attesting to the merits of the action that were generated
 6   on mass by a sophisticated computer program, and signed by
 7   a law firm employee -- Mr. Fallbacher (phonetic) -- who did
 8   not read the vast majority of them, and claimed to, but
 9   apparently did not have personal knowledge of the facts to
10   which he was testing.
11            The record also showed that on hundreds of
12   occasions, the defendant process servers, including the
13   defendant in this case -- John Andino -- purported to serve
14   process at two or more locations at the same time.  As
15   discussed more fully below, defendant's unitary course of
16   conduct purportedly to obtain default judgments in a
17   fraudulent manner, presents common questions of law and
18   fact that can be resolved most efficiently on a class
19   basis.  Now that goes to your point that that was for class
20   certification.  But as to the other point, it says the
21   record before the court establishes that, so --
22            THE COURT:  Well look.  You can try to parse the
23   language, but the fact of the matter is, is that when a
24   court is deciding whether or not something proceeds as a
25   class, the court doesn't make findings that are binding.
```

```
 1                                                           16
 2   That would be ridiculous.  There would be no need for a
 3   trial.  The case would be over.
 4            MR. KESHAVARZ:   I mean, if --
 5            THE COURT:   Regardless of what Judge Chin may
 6   have used in his language, it cannot be that he determined
 7   that the class allegations had been established.  Because
 8   then he would've found not only that the class was
 9   appropriate, but that the plaintiff had established that
10   there was liability.  If there was liability, there's no
11   need to settle the case.  The defendants just get to pay
12   up.  I mean, this is the way class actions work.
13            MR. KESHAVARZ:   I agree with that, but I'm not
14   saying that the defendants are precluded or bound by a
15   finding.  I'm not trying to suggest that.  What I'm trying
16   to suggest is that there was evidence that was presented in
17   the pleadings that led to the class certification ruling.
18   But my point is that I have to show by a preponderance of
19   the evidence that certain things happened.  And if he's
20   saying the pleadings show that, that's evidence that I
21   could use without going through discovery.
22            THE COURT:   Okay.  Well again, I read that only
23   to be he stated what was in the pleadings that he was
24   relying on, and that was there were clearly numerous
25   instances in which this had happened.  He talked about the
```

```
                                                         17
 1
 2  affidavits.  That is the information that he needs to
 3  determine whether or not it needs to proceed as a class.
 4  What you're saying is that there's some other information,
 5  other than what he specifically cited, that's lurking in
 6  the pleadings or in the discovery.  That's not really an
 7  appropriate inference to draw.  Because if you're a Court,
 8  you're going to talk about the information that you're
 9  relying on that establishes the appropriateness of class
10  treatment.
11            And so what it says is you look at what he says is
12  in the record and he says -- and then he cites the things
13  that are important to his decision.  That doesn't tell me
14  that there's other stuff there that proves something beyond
15  the numerosity or the commonality.
16            MR. KESHAVARZ:  Apparently, there is information
17  that was in the Egleson -- that the Egleson affirmation
18  summarized, that was in the motion.  I don't know since
19  it's all sealed, but I believe that it's not just an
20  allegation in the complaint.  I believe there was some
21  factual support.  It wasn't a motion to dismiss, it was
22  class certification.  So I believe there was some evidence
23  that was attached to the pleadings that I would like to
24  see.  And the only cost for that is just for them to put it
25  on a CD ROM since there is a protective order in place
```

```
 1                                                         18
 2   here.  There's no burden to them to do it.
 3           THE COURT:  First of all, I don't know what the
 4   protective order says.
 5           MR. KESHAVARZ:  It's they're agreed to the
 6   language.
 7           THE COURT:  No, but I mean why would -- are you
 8   saying -- I understand what you're asking is that a court
 9   in another action orders something to be produced under a
10   protective order in a separate case.
11           MR. KESHAVARZ:  Yes.
12           THE COURT:  On what theory.
13           MR. KESHAVARZ:  Well the theory is these are the
14   parties to that case and they has possession, custody and
15   control of the pleadings.  And if they're ordered to
16   produce that in this -- by this court, that they would have
17   to comply with that order.  And the harm is none, from my
18   point of view, because we have a protective order in this
19   case, the language of which they've agreed to.  So that
20   information is still entirely confidential.
21           THE COURT:  Okay.  Again, I will only say I have
22   ruled on the application before me.
23           MR. KESHAVARZ:  Thank you, Your Honor.
24           THE COURT:  Okay.  And I will set a discovery
25   cutoff of February 28th, which is near the end of February,
```

```
                                                              19
 1
 2  right?
 3              MR. LICHTMAN:   Yes, thank you, Your Honor.
 4              THE COURT:   Okay.  Again I do have this for
 5  discovery disputes.  That means other disputes may come up.
 6  I will rule on the disputes that come to me.  I'm not going
 7  to set any interim conferences.  Here's the way you're
 8  going to deal with this.
 9              If you have disputes, tee them up.  Send me a
10  joint letter with what the dispute is with each party's
11  position.  If you cannot get the other side to sit down and
12  do the joint letter with you, then document your attempts
13  to get them to reply, and then submit a letter on your own.
14  This is to prevent somebody from just being unavailable and
15  not letting something be decided.  And then we'll
16  appropriately call that person on the carpet.
17              If there's nothing further, you may proceed as is
18  your right with respect to the going forward.
19              MR. BALBER:   Thank you, Your Honor.
20              THE COURT:   We are adjourned.
21              (Whereupon the matter is adjourned.)
22
23
24
25
```

```
 1                                                             20
 2                    C E R T I F I C A T E
 3
 4          I, Carole Ludwig, certify that the foregoing
 5   transcript of proceedings in the case of Guzman v. Mel S.
 6   Harris, Docket #16cv03499, was prepared using digital
 7   transcription software and is a true and accurate record of
 8   the proceedings.
 9
10
11
12
13   Signature_____
14
15   Date:    November 16, 2016
16
17
18
19
20
21
22
23
24
25
```