UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JOSE GUZMAN,<br><br>                Plaintiff,<br><br>  -against-<br><br>MEL S. HARRIS AND ASSOCIATES, LLC<br>LR CREDIT 13, LLC<br>MEL S. HARRIS<br>DAVID WALDMAN<br>KERRY H. LUTZ<br>TODD FABACHER<br>MICHAEL YOUNG<br>SAMSERV, INC<br>JOHN ADINO<br>WILLIAM MLOTOK<br>                Defendants. | Case No. 16-cv-03499-GBD-RLE |

**DEFENDANT LR CREDIT 13, LLC'S MEMORANDUM OF LAW IN SUPPORT
OF ITS (AMENDED) MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS**

## TABLE OF AUTHORITIES

**Cases**

*Basmajian v. Christie, Manson & Woods Int'l, Inc.*,
   629 F. Supp. 995 (S.D.N.Y. 1986) ............................................................................................. 4

*Belmar v. Schriro*,
   No. 09 CIV. 10312 PAC FM, 2011 WL 832863 (S.D.N.Y. Mar. 3, 2011) ........................... 2, 3

*City of N.Y. v. Coastal Oil N.Y., Inc.*,
   No. 96 CIV. 8667 (RPP), 1999 WL 493355 (S.D.N.Y. July 12, 1999) ................................ 2, 3

*Gardiner Stone Hunter Int'l v. Iberia Lineas Aereas De Espana, S.A.*,
   896 F. Supp. 125 (S.D.N.Y. 1995) ............................................................................................. 3

*Karlin v. IVF Am., Inc.*,
   93 N.Y.2d 282 (1999) ................................................................................................................ 3

*Leonard v. Abbott Labs., Inc.*,
   No. 10-CV-4676 ADS WDW, 2012 WL 764199 (E.D.N.Y. Mar. 5, 2012) .............................. 3

*Mayline Enterprises, Inc. v. Milea Truck Sales Corp.*,
   641 F. Supp. 2d 304 (S.D.N.Y. 2009) ....................................................................................... 3

*Nwagboli v. Teamwork Transp. Corp.*,
   No. 08 CIV. 4562 JGK/KNF, 2009 WL 4797777 (S.D.N.Y. Dec. 7, 2009) ............................. 2

*Post v. Gen. Motors Corp.*,
   No. 01 CIV.9410 TPG, 2002 WL 1203847 (S.D.N.Y. June 3, 2002) ....................................... 2

*Steinbeck v. McIntosh & Otis, Inc.*,
   No. 04 CV 5497 (GBD), 2009 WL 928171 (S.D.N.Y. Mar. 31, 2009), *aff'd sub nom.*
   *Steinbeck v. Steinbeck Heritage Found.*, 400 F. App'x 572 (2d Cir. 2010) ............................... 1

**Statutes**

Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ........................................................ 1

New York General Business Law § 349 ....................................................................................... 1

**Rules**

Federal Rule of Civil Procedure 12(c) ........................................................................................... 1

Defendant LR Credit 13, LLC ("LRC"), through its undersigned counsel, respectfully submits this memorandum of law in support of its (amended) motion for partial judgment on the pleadings.  LRC moves, pursuant to Rule 12(c) of the Federal Rules of Civil Procedure, for dismissal with prejudice of the claim of Plaintiff Jose Guzman ("Plaintiff") for punitive damages, to the extent that Plaintiff seeks punitive damages in excess of $1,000.00 pursuant to New York General Business Law ("GBL") § 349.  This motion addresses a pure issue of law, the determination of which will facilitate an efficient resolution of this matter.

## STATEMENT OF FACTS

On May 10, 2016, Plaintiff filed the complaint in this matter (the "Complaint"), asserting claims against LRC under the Fair Debt Collection Practices Act and the GBL. (ECF No. 1.) Among other forms of relief, the Complaint seeks a "judgment for actual, treble, statutory, punitive, and exemplary damages." (Complaint ¶ 95(e).) In the course of litigating this matter, Plaintiff's counsel has repeatedly indicated that Plaintiff seeks to recover *six-figure* punitive damages under GBL § 349.[1]

## ARGUMENT

"A motion for judgment on the pleadings under Fed.R.Civ.P. 12(c) is analyzed under the same standard as a motion to dismiss for failure to state a claim under Fed.R.Civ.P. 12(b)(6)." *Steinbeck v. McIntosh & Otis, Inc.*, No. 04 CV 5497 (GBD), 2009 WL 928171, at *1 (S.D.N.Y. Mar. 31, 2009) (J. Daniels), *aff'd sub nom. Steinbeck v. Steinbeck Heritage Found.*, 400 F. App'x 572 (2d Cir. 2010).  "[J]udgment on the pleadings is appropriate when the material facts are undisputed and a party is entitled to judgment as a matter of law based on the contents of the

---

[1] *See, e.g.*, Plaintiff's Partial Objection to Magistrate Oral Ruling Denying Plaintiff's Motion to Compel, dated November 23, 2016 (ECF No. 92) at 12–13; Transcript of Status Conference Held on November 9, 2016 before Magistrate Judge Ronald L. Ellis (ECF No. 88) at 9:20–10:4.

pleadings." *Belmar v. Schriro,* No. 09 CIV. 10312 PAC FM, 2011 WL 832863, at *2 (S.D.N.Y. Mar. 3, 2011).

Plaintiff seeks punitive damages from LRC pursuant to GBL § 349. (*See* Complaint ¶ 89.) GBL § 349(h) provides:

> any person who has been injured by reason of any violation of this section may bring an action . . . to recover his actual damages or fifty dollars, whichever is greater. . . . The court may, in its discretion, increase the award of damages to an amount **not to exceed three times the actual damages up to one thousand dollars**, if the court finds the defendant willfully or knowingly violated this section.

(Emphasis added.) Accordingly, LRC moves for partial judgment on the pleadings because, as a matter of law, Plaintiff cannot recover punitive damages from LRC in excess of $1,000.00.

The weight of authority and the unambiguous statutory text mandate that plaintiffs may not recover punitive damages under GBL § 349 in excess of $1,000.00. *See Nwagboli v. Teamwork Transp. Corp.*, No. 08 CIV. 4562 JGK/KNF, 2009 WL 4797777, at *9 (S.D.N.Y. Dec. 7, 2009) ("To the extent that [GBL § 349] provides a treble damages remedy, and each plaintiff recovers the maximum statutory award authorized, neither should, in addition, receive punitive damages for this claim."); *Post v. Gen. Motors Corp.*, No. 01 CIV.9410 TPG, 2002 WL 1203847, at *2 (S.D.N.Y. June 3, 2002) ("New York General Business Law § 349 . . . limits punitive damages to an amount 'not to exceed three times the actual damages up to one thousand dollars.'"); *City of N.Y. v. Coastal Oil N.Y., Inc.*, No. 96 CIV. 8667 (RPP), 1999 WL 493355, at *15 (S.D.N.Y. July 12, 1999) ("[P]laintiffs are entitled to seek additional damages on this claim, but these additional damages may not increase the award to plaintiffs on this claim to an amount over one thousand dollars."); *Gardiner Stone Hunter Int'l v. Iberia Lineas Aereas De Espana,*

*S.A.*, 896 F. Supp. 125, 128 (S.D.N.Y. 1995) ("While the statute also provides for punitive damages, those damages are only available to increase an award up to $1,000.").[2]

Accordingly, the New York Court of Appeals has held that plaintiffs may recover "limited punitive damages" under GBL § 349. *Karlin v. IVF Am., Inc.*, 93 N.Y.2d 282, 291 (1999) (citing to GBL § 349(h), the provision that caps increased damages at $1,000.00); *see also Leonard v. Abbott Labs., Inc.*, No. 10-CV-4676 ADS WDW, 2012 WL 764199, at *8 (E.D.N.Y. Mar. 5, 2012) ("Under [GBL § 349], the treble damages available for willful and knowing misconduct are commonly referred to as a type of 'limited punitive damages'. . . . This is because punitive damages above and beyond the trebling of actual damages are not an available remedy under the statute.").

Therefore, the Court should enter judgment on the pleadings finding that Plaintiff may not recover punitive damages from LRC under GBL § 349 in excess of $1,000.00. *See Belmar*, 2011 WL 832863, at *3 ("The individual Defendants therefore are entitled to judgment on the pleadings insofar as such relief is sought."); *Mayline Enterprises, Inc. v. Milea Truck Sales Corp.*, 641 F. Supp. 2d 304, 310 (S.D.N.Y. 2009) (granting defendant's motion for summary judgment dismissing plaintiff's request for punitive damage under GBL § 349); *City of N.Y.*, 1999 WL 493355, at *15 (holding that, as a matter of law, plaintiffs "will be able to seek only sharply limited punitive damages on their claim arising under Section 349 of the General Business Law"); *Basmajian v. Christie, Manson & Woods Int'l, Inc.*, 629 F. Supp. 995, 1001

---

[2] *See also Technovate LLC v. Fanelli*, 20 N.Y.S.3d 295 (N.Y. Civ. Ct. 2015) ("Under the statute, GBL § 349(h), a consumer who is subjected to deceptive business practices, is entitled to actual damages or fifty dollars, whichever is greater as well as punitive damages not to exceed three times the actual damages up to one thousand dollars."); *Wood v. Maguire Auto. LLC*, No. 5:09-CV-0640 GTS/GHL, 2011 WL 4478485, at *4 (N.D.N.Y. Sept. 26, 2011) ("[P]unitive damages may be awarded only where the total award, together with the punitive damages, does not exceed $1,000."), *aff'd*, 508 F. App'x 65 (2d Cir. 2013); *Hart v. Moore*, 587 N.Y.S.2d 477, 480 (Sup. Ct. 1992) ("[P]unitive damages may only be awarded where the total award, together with the punitive damages, does not exceed $1,000.").

(S.D.N.Y. 1986) ("Christie's motion to dismiss is granted as to plaintiffs' claim for punitive damages.").

## CONCLUSION

For the foregoing reasons, LRC respectfully requests that the Court enter judgment dismissing, with prejudice, Plaintiff's claim against LRC for punitive damages, to the extent that Plaintiff seeks punitive damages in excess of $1,000.00.

Dated: New York, New York
December 16, 2016

                                Respectfully submitted,

                                HERBERT SMITH FREEHILLS NEW YORK LLP

                                By:    */s/ Scott S. Balber*
                                      Scott S. Balber
                                      David W. Leimbach
                                      450 Lexington Ave, 14th Floor
                                      New York, New York 10017
                                      Tel: (917) 542-7600
                                      Fax: (917) 542-7601
                                      Scott.Balber@hsf.com
                                      *Attorneys for Defendant LR Credit 13, LLC*