

Hon. Ronald L. Ellis
United States Magistrate Judge
United States Courthouse
500 Pearl Street
New York, NY 10007-1312

Herbert Smith Freehills New York LLP
450 Lexington Avenue, 14th floor
New York, NY 10017
USA
T  +1 917 542 7600
F  +1 917 542 7601
D  +1 917 542 7810
E  scott.balber@hsf.com
www.herbertsmithfreehills.com

Our ref
30991826
Your ref

Date
January 30 2017

By ECF

Re:   *Guzman v. Mel S. Harris and Associates, LLC*
      Case No. 1:16-cv-03499-GBD-RLE
      Defendant LR Credit 13, LLC's Request for Pre-Motion Discovery Conference

Dear Judge Ellis:

This firm represents Defendant LR Credit 13, LLC ("LRC") in the above-captioned action.  In accordance with Local Civil Rule 37.2, LRC writes to request a pre-motion discovery conference.  In particular, LRC seeks an order compelling Plaintiff Jose Guzman ("Plaintiff") to produce certain documents responsive to LRC's document requests within one week of the Court's ruling on these issues.

**Summary of Case**

Plaintiff is an individual who opted out of the recovery conferred by the settlement of the class action entitled *Sykes v. Mel S. Harris, LLC, et al.*, 1:09-cv-08486-DC (S.D.N.Y.).  Plaintiff asserts claims against LRC under the Fair Debt Collection Practices Act and New York General Business Law § 349.  In particular, Plaintiff alleges that he experienced garden-variety emotional distress after learning, in or around July 2015, of a default judgment against him.  Plaintiff alleges that the default judgment—which was vacated upon stipulation of the parties a few months later in October 2015—was obtained through improper service.

**Summary of Discovery Dispute**

LRC served Plaintiff with its First Set of Requests for Production of Documents (attached hereto as **Exhibit A**) on October 19, 2016, and Plaintiff served his Original Answers to Defendant LR Credit 13, LLC's First Set of Discovery Demands (attached hereto as **Exhibit B**) on November 18, 2016.

Herbert Smith Freehills New York LLP and Herbert Smith Freehills, an Australian Partnership, are separate member firms of the international legal practice known as Herbert Smith Freehills.

Herbert Smith Freehills New York LLP is a limited liability partnership registered in England and Wales with registered number OC375072. Its registered office is at Exchange House, Primrose Street, London EC2A 2EG.



Date
January 30 2017
Letter to
Hon. Ronald L. Ellis

Plaintiff has refused to produce any documents responsive to several of LRC's document requests, including requests numbered 13 through 19.[1]  The parties met and conferred regarding Plaintiff's discovery responses; however, Plaintiff still refuses to produce documents responsive to certain requests.  LRC now seeks to compel Plaintiff's production.

**Documents Concerning Plaintiff's Finances**

Document requests numbered 13 through 16 seek basic information concerning Plaintiff's finances.  In particular, they seek the following:

- Plaintiff's federal and state tax returns for the years 2014 and 2015 (Request No. 13);

- statements from the years 2014, 2015, or 2016 for any bank account, brokerage account, or retirement account held by Plaintiff (Request No. 14);

- documents sufficient to show Plaintiff's annual income in 2014, 2015, and 2016 (Request No. 15); and

- documents sufficient to show Plaintiff's net worth in 2014, 2015, and 2016 (Request No. 16).

Plaintiff has objected on privacy and relevance grounds.

Plaintiff's privacy objection lacks merit because his privacy concerns are adequately addressed by designating the responsive documents as "Confidential" pursuant to the Stipulated Confidentiality Agreement and Protective Order entered by Judge Daniels on September 28, 2016 (ECF No. 75).  Indeed, the parties' stipulated confidentiality agreement expressly applies to, among other things, "net worth and financial information . . . including tax returns [and] bank statements."  (*See* § 2(a).)  Therefore, it was clearly contemplated by both parties that such documents would be produced in this case.

Plaintiff's relevance objection lacks merit because the discovery sought is reasonably calculated to lead to the discovery of relevant information.  Information concerning Plaintiff's finances is, or has the potential to be, relevant for multiple reasons.  First, Plaintiff's only alleged <u>actual</u> damages are for garden-variety emotional distress.  Assuming, *arguendo*, that Plaintiff can establish liability against LRC, the jury will need to quantify Plaintiff's alleged damages.  Information concerning Plaintiff's financial circumstances could be relevant to the jury's determination of the extent of alleged distress, if any, and the amount of money needed to compensate Plaintiff for his alleged emotional distress.  Second, Plaintiff alleges that LRC's default judgment against him caused his alleged emotional distress.  LRC is entitled to explore potential alternate causes of Plaintiff's alleged emotional distress, especially other factors affecting Plaintiff's financial circumstances, which may have caused the alleged distress.  The Complaint alleges that Plaintiff "feared . . . that he would not be able to pay his rent" and was "concerned about being able to provide for his growing family." (Complaint ¶ 63.)  Those allegations put Plaintiff's financial situation directly in issue.  Therefore, LRC is entitled to documents responsive to requests numbered 13 through 16.

**Documents Concerning Plaintiff's Debts**

Document request number 17 seeks "documents and communications concerning any relationship between [Plaintiff] and First USA Bank."  First USA Bank was the name of the original creditor specified in the complaint in the underlying collections lawsuit against Plaintiff.  Strangely, Plaintiff objects to this

---

[1]  To help avoid confusion, LRC notes that Plaintiff incorrectly numbered some of LRC's document requests in his responses.  In this letter, LRC refers to the numbering used in its requests, not the incorrect numbering used in Plaintiff's responses.



Date
January 30 2017
Letter to
Hon. Ronald L. Ellis

request "on the grounds that it seeks discovery that is not relevant, nor reasonably tailored to lead to the discovery of relevant information." Notably, the Complaint expressly alleges that "Mr. Guzman has never had an account with 'FIRST USA BANK.'" (Complaint ¶ 25.) If Plaintiff has no responsive documents, then he should simply state that, but, to the extent Plaintiff has any documents responsive to this request, they must be produced, as such documents directly relate to the allegations in Plaintiff's complaint.

Relatedly, document request number 18 seeks "documents and communications concerning any relationship between [Plaintiff] and Banco Popular North America" and document request number 19 seeks "documents and communications concerning any consumer debt greater than $5,000 owed by [Plaintiff] between January 1, 2000 and May 1, 2007." Plaintiff objects to these requests on privacy and relevance grounds. Plaintiff's privacy objection again lacks merit for the same reason stated above—*i.e.*, Plaintiff can simply designate the documents as "Confidential" in accordance with the parties' Stipulated Confidentiality Agreement and Protective Order.

Additionally, document requests numbered 18 and 19 are reasonably calculated to lead to the discovery of relevant information. In particular, LRC seeks to explore information related to Plaintiff's consumer debts around the time of the debt identified in the underlying collections lawsuit. Such information could be relevant to both (1) Plaintiff's alleged emotional distress damages and (2) Plaintiff's allegation that "Defendants committed the above described acts willfully and/or knowingly." (Complaint ¶ 87.) For example, a validly existing debt owed by Plaintiff to an entity other than First USA Bank could evidence a clerical error in the underlying collections lawsuit and negate any intent. Documents responsive to these requests are highly relevant because a document produced in discovery suggests a possible debt owed by Plaintiff to Banco Popular North America during the relevant time period. Moreover, understanding Plaintiff's debt profile could provide irreplaceable insight into whether Plaintiff indeed reasonably experienced emotional distress relating to this one alleged debt. Therefore, LRC is entitled to documents responsive to requests numbered 18 and 19.

**Conclusion**

Accordingly, Defendant LR Credit 13, LLC seeks an order compelling Plaintiff Jose Guzman to produce any documents in his possession, custody, or control responsive to LRC's document requests numbered 13 through 19.

Respectfully submitted,

*/s/ Scott S. Balber*
Scott S. Balber

cc: all counsel of record (by ECF)

### CERTIFICATION OF CONFERENCE

On December 8, 2016, I attempted to resolve the discovery issues described above during a telephonic meet and confer with Plaintiff's counsel. I spoke with Plaintiff's counsel for approximately thirty minutes, and we were unable to come to agreement on the disputes described above.

Dated: January 30, 2017
         New York, New York

*/s/ Scott S. Balber*
Scott S. Balber