USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5/4/2017

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JOSE GUZMAN,

                Plaintiff,

- against -

MEL S. HARRIS AND ASSOCIATES, LLC, et al.,

                Defendants.

**OPINION AND ORDER**

**16-CV-3499 (GBD) (RLE)**

**RONALD L. ELLIS, United States Magistrate Judge:**

On May 10, 2016, Plaintiff Jose Guzman ("Guzman") filed this action alleging conversion and violations of the Fair Debt Collection Practices Act ("FDCPA"), New York General Business Law § 349, and New York Judiciary Law § 487. (Doc. No. 1.) This case was referred to the undersigned for General Pretrial on September 9, 2016. (Doc. No. 68.)

On January 30, 2017, Defendant LRC Credit 13, LLC ("LRC") requested a pre-motion conference in anticipation of its motion to compel Guzman to respond to discovery requests for financial information. (Doc. No. 112.) At the status conference held on March 16, 2017, the undersigned ordered Guzman to produce certain financial documents from January 2015 to October 2016, when a settlement was reached between Guzman and terminated Defendants ("Mel S. Harris"). (Hr'g Tr. at 32-36, Doc. No. 137.) LRC was instructed to file its motion to compel financial records post-settlement. (*Id.* at 36.)

On March 17, 2017, LRC filed its motion. (Def.'s Mot. to Compel ("Def.'s Mot."), Doc. No. 135.) LRC's motion seeks the confidential settlement agreement between Guzman and Mel S. Harris and Guzman's financial records post-settlement. (*Id.* at 1.) LRC argues that the settlement agreement is relevant to Guzman's claims or LRC's defenses. (*Id.* at 2.) LRC suggests that the settlement agreement may contain an admission of guilt, which "may provide

an absolute defense to the claims against LRC in this case." (Def.'s Mot. to Compel at 3.) LRC further argues that the confidentiality provision in the settlement agreement cannot operate to shield discoverable information. *Id.* As for financial records, LRC argues that documents through the end of discovery are discoverable because of Guzman's claim of continuing emotional distress.

On March 31, 2017, Guzman filed his opposition. (Pl.'s Opp'n to Def.'s Mot. to Compel ("Pl.'s Opp'n"), Doc. No. 139.) Guzman states that LRC never made a discovery request for the settlement agreement and that the agreement is not relevant to any claim or defense because "[i]t defies common sense that a settlement agreement would expressly state that the settling party admits it violated the law as alleged." (*Id.* at 2.) Guzman also argues that LRC's argument as to liability fails because Guzman would not need to prove LRC had control over Mel S. Harris to prevail pursuant to the FDCPA. *Id.* Additionally, Guzman notes that there are other bases for emotional damages in addition to financial concerns, that LRC's discovery requests did not seek documents through the present, and that the Court already ruled on the production of bank records post-settlement. (*Id.* 3-4.) LRC did not file a reply.

The Court finds that the settlement agreement is not relevant and does not appear to have been requested in discovery. In its pre-motion letter, LRC did not ask that the settlement agreement be compelled, (Doc. No. 112.), and during the status conference, LRC stated that they were not seeking a copy of the settlement agreement at that time. (Hr'g Tr. at 28.) Additionally, the Court finds LRC's argument that the settlement agreement may contain admissions of guilt by the terminated Defendants speculative and doubtful. Therefore, LRC's motion to compel the settlement agreement is **DENIED**.

As for the financial records, the Court did not make a final determination concerning the production of post-settlement bank records. Instead, the Court instructed the Parties to brief the

2

issue of confidentiality, intending to consider the Parties' submissions before deciding. (Hr'g Tr. at 32.) Financial records through the close of discovery are relevant because Guzman alleges that emotional damages are continuing. Although LRC may be able to extrapolate from the bank records the amount of the settlement agreement referenced earlier in this Opinion, Guzman has not set forth any meritorious argument against such disclosure. What is discoverable may not be admissible at trial. Therefore, concerns about the use of such records at trial can be raised at a later point. LRC's motion to compel financial documents post-settlement is **GRANTED**. Guzman is to submit responsive documents on or before **May 18, 2017**.

The Clerk of the Court is instructed to terminate docket number 135.

**SO ORDERED this 4th day of May 2017.**
New York, New York

*[signature]*
The Honorable Ronald L. Ellis
United States Magistrate Judge