UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JOSE GUZMAN,

          Plaintiff,

- against -

MEL S. HARRIS AND ASSOCIATES, LLC, et al.,

          Defendants.

**OPINION AND ORDER**

**16-CV-3499 (GBD) (RLE)**

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6/2/2017

**RONALD L. ELLIS, United States Magistrate Judge:**

## I. INTRODUCTION

On May 10, 2016, Plaintiff Jose Guzman ("Guzman") filed this action alleging conversion and violations of the Fair Debt Collection Practices Act ("FDCPA"). (Doc. No. 1.) This case is before the undersigned for General Pretrial. (Doc. No. 68.) The discovery deadline has been extended twice—from February 28, 2017, to April 28, 2017, to May 30, 2017. (Doc. Nos. 99, 141.) Recently, several purported motions to compel and a request to extend discovery have been filed. (Doc. Nos. 149, 152, 153, 158, 161.) Although several "motions" to compel were filed in contravention of the Individual Rules of Practice of the undersigned and Local Civil Rule 37.2, the Court will address each filing herein. In the future, motions filed in violation of Local Civil Rule 37.2 will be summarily denied, and counsel will be subject to sanctions.

## II. DISCUSSION

**A.   Guzman's "Motion" to Compel Collection Notes or "Sufficient" Privilege Log**

On May 5, 2017, Guzman filed a "motion" to compel the production of collection notes or a "sufficient" privilege log. (Doc. No. 149.) Guzman initially requested collection notes on August 1, 2016. (*Id.* at 1.) According to Guzman, the collection notes are "contemporaneous records often contain[ing] mere recitations of facts and occurrences, not the mental impressions

of attorneys, and many entries are submitted by non-attorneys." (Doc. No. 149.) The collection notes at issue contain entries spanning an eight-year time period. (*Id.* at 3; Doc. No. 149-2.)

Guzman states that he became aware that the collection notes were not produced on April 27, 2017, when Stephen Einstein & Associates, P.C. produced a set of documents and a privilege log for the collection notes pursuant to a subpoena. (Doc. No. 149 at 1-2.) Guzman asserts that he is "unable to discern the dates and authors of each entry, whether the notes were drafted by attorneys, or whether the entries are likely to contain the mental impressions of an attorney." (*Id.* at 2-3.) Guzman also asserts that the privilege log is untimely and that Defendant LRC Credit 13, LLC ("LRC") was required to produce the privilege log by August 31, 2016. (*Id.* at 2-3.)

On May 8, 2017, LRC responded to Guzman's filing. (Doc. No. 151.) LRC argues that the collection notes are attorney work product because the notes were generated for the purposes of litigating the Guzman debt collection lawsuit.[1] (*Id.* at 2.) LRC also states that the authors for each specific entry are unknown, LRC was not in possession of the collection notes, and the privilege log comports with Local Civil Rule 26.2. (*Id.* at 1, 3.)

Pursuant to Local Civil Rule 26.2, the party "asserting the privilege shall identify the nature of the privilege" and when objecting to the production of documents, the following shall be provided:

(i) the type of document, *e.g.*, letter or memorandum;
(ii) the general subject matter of the document;
(iii) the date of the document; and
(iv) the author of the document, the addressees of the document, and any other recipients, and where not apparent, the relationship of the author, addressees, and recipients to each other.

Local Civ. R. 26.2 (a)(1)-(2)(A)

---

[1] LRC argues that the purpose of the collection notes was "to assist [Mel S. Harris] attorneys in litigating the Guzman Collection Lawsuit and enforcing the judgment thereon." (Doc. No. 151 at 2.)

2

LRC's privilege log identifies the nature of the privilege as "Attorney Work Product," classifies the document as "Debtor History Report," describes the subject matter as "[t]houghts and mental impressions of counsel" in pursuing the Guzman debt collection lawsuit, provides dates of document preparation from April 18, 2007, through November 9, 2015, lists Mel S. Harris & Associates, LLC as the author, and lists the recipients as "[i]nternal attorney work product." (Doc. No. 149-2.)

Guzman seeks a more detailed privilege log apparently so that he can determine which parts of the collection notes may be privileged. (Doc. No. 149 at 2-3.) The privilege log produced by LRC does not identify the authors of each specific entry. (Doc. No. 149-2.) LRC indicates that such detail does not exist. (Doc. No. 151 at 1.) The validity of the privilege, however, does not require identifying the specific authors of each entry. LRC asserts that the notes were created for the purpose of litigation. (*See id.* at 2.) Mel S. Harris & Associates, LLC authored the collection notes and were LRC's attorneys at the time. (*Id.* at 1.) The attorney work product doctrine protects non-attorney work product from disclosure as well. According to Federal Rule of Civil Produce 26(b)(3)(A), "[o]rdinarily, a party may not discover documents and tangible things that are prepared in anticipation of litigation or for trial *by or for another party or its representative* (including the other party's attorney, consultant, surety, indemnitor, insurer, or agent." Fed. R. Civ. P. 26(b)(3)(A) (emphasis added). The Rule's protection is not limited to documents authored by attorneys so long as such documents were appropriately prepared in aid of litigation.

Notwithstanding the work product protection, if Guzman could show that the information is relevant and "that [he] has substantial need for the materials to prepare [his] case and cannot, without undue hardship, obtain their substantial equivalent by other means," Fed. R. Civ. P. 26(b)(3)(A)(ii), the Court could order production. Guzman has not made such a showing, and

3

relies on the position that the work product doctrine either does not apply or that the authors of each entry needs to be identified. The Court disagrees.

With respect to timeliness, LRC has noted that it did not have the collection notes prior to the production of the privilege log. (Doc. No. 151 at 1, 3.) Guzman having failed to address this argument, the Court finds that the production of the privilege log was timely. Guzman's application to compel collection notes or a "sufficient" privilege log is **DENIED**.

**B.     Guzman's "Motion" to Compel Access to Samserv's Process Server Database**

On May 12, 2017, Guzman sought to file a "motion" to compel access to Defendant Samserv, Inc.'s ("Samserv") process server database. (Doc. No. 152.) Although the Court had previously denied Guzman's request to access this database, (Doc. No. 88.), Guzman argues that circumstances have changed because he recently learned that the database is in electronic form and would not be a burden to produce. (Doc. No. 152 at 2.) Guzman refers to Samserv's October 11, 2016 submission arguing that producing the *Sykes* class action documents is not as simple as "pushing a button." (Doc. No. 79 at 3.) Guzman insists that the database is relevant and he needs access in order to demonstrate that Samserv is a debt collector under the FDCPA. (Doc. No. 152 at 2.) In lieu of access to the database, Guzman would accept 1) answers to interrogatories or requests for admission that Samserv is a debt collector or 2) Samserv's deposition testimony from the *Sykes* class action lawsuit. (Doc. No. 152 at 1, 3.)

On May 19, 2017, Samserv responded to Guzman's filing. (Doc. No. 159.) Samserv argues that 1) the Parties knew the database was indeed a database, 2) the Court has already ruled that broad, class discovery would not be produced, and 3) Plaintiff was informed that Samserv was not deposed in the *Sykes* case. (*Id.* at 2-4.) Samserv also seeks sanctions against Guzman for filing a "frivolous" motion to compel. (*Id.* at 5.)

The Court has already decided this issue. At the hearing on November 9, 2016, the Court held that the production of *Sykes* documents was disproportionate. (Doc. No. 88 at 7-8.) The Court told Guzman that he was seeking broad discovery "when what [he] needed was a nice scalpel." (*Id.* at 11-12.) The Court's decision was not based upon any representation that the process server database was not a database.[2] The crux of Samserv's argument against broad discovery was the number of documents requested in relationship to the relief sought by Plaintiff and Samserv's role as "bit players" in *Sykes*. (Doc. No. 79 at 2-3.)

Guzman's request to compel access to Samserv's process server database is **DENIED**. The Court does not find that sanctions are appropriate at this time but this Opinion and Order shall put counsel on notice that future applications must be procedurally and substantively sound.

C.  **LRC's Request for a Pre-Motion Conference**

On May 16, 2017, LRC filed a letter requesting a pre-motion conference. (Doc. No. 153.) LRC seeks dates from Guzman to depose Guzman and his wife prior to the close of discovery. (*Id.* at 1.) LRC also alleges that Guzman has not provided deposition dates for two co-workers identified as persons with knowledge of Guzman's claims. *Id.*

On May 25, 2017, Guzman responded, noting difficulties in scheduling depositions because of counsel availability. (Doc. No. 164 at 2.) Guzman also stated that LRC has "refus[ed] to confirm the location" of Guzman's deposition. (*Id.* at 2.)

LRC's request for a pre-motion conference is **DENIED**. Parties are ordered to meet and confer immediately to schedule and complete outstanding depositions on or before **June 19, 2017**.

---

[2] It appears that Samserv was referring to Sykes documents generally when they mentioned that "files span at least five shelves, many of which are filled with CDs, DVDs, and other media, the vast majority of which was not produced by Samserv." (Doc. No. 79 at 3.) Guzman's argument that the process server database was represented to the Court as paper files is without merit.

5

### D. Guzman's Request for a 90-day Discovery Extension

On May 17, 2017, Guzman filed a letter seeking a 90-day discovery extension. (Doc. No. 158.) Guzman cites pending "motions" to compel, a pending motion to amend, outstanding depositions, and upcoming vacations as the basis for the discovery extension. (*Id.* at 3.) Defendants do not consent to Guzman's request.

On May 22, 2017, LRC filed a letter arguing that a discovery extension is unwarranted because Guzman has had ample time to complete depositions. (Doc. No. 160 at 1-2.) LRC also notes that Guzman failed to explain why he waited to subpoena non-party witnesses who are terminated Defendants in this case. (Doc. No. 160 at 2.) LRC also argues that pending motions before the Court "have no bearing on whether the discovery deadline should be extended again." (*Id.* at 2.)

The Court agrees. "A schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). Guzman fails to show good cause for a discovery extension. At the March 16 hearing, the Court did not grant the Parties' joint request to extend discovery because no good cause had been shown. (Doc. No. 144 ("Hr'g Tr.") at 41-42.) On April 4, 2017, Defendant Samserv filed a letter, on consent, seeking an extension of the discovery deadline from April 28 to May 30, 2017, to accommodate an unresolved dispute, discovery production, and Guzman's deposition. (Doc. No. 140.) The Court granted the request. (Doc. No. 141.)

Nearly two months later, depositions remain outstanding. Because the Parties raised discovery production and scheduling issues prior to the close of discovery, the Court will extend the discovery deadline one last time for the sole purpose of conducting outstanding depositions.

Those depositions, however, shall be completed by **June 19, 2017**.[3] Any issues with scheduling depositions shall be raised expeditiously. Guzman's request for a 90-day extension is **DENIED**. Dispositive motions shall be filed no later than **July 19, 2017**.

E. **LRC's Letter Requesting Compliance with the Court's May 4, 2017 Order**

On May 22, 2017, LRC filed "a letter regarding [Guzman's] non-compliance with [the] Court's May 4, 2017 order." (Doc. No. 161.) LRC alleges that Guzman failed to produce bank statements from September through December 2016, and had "heavily redacted" the bank and credit card statements that were produced. (*Id.* at 1-2.) LRC also argues that Guzman produced quarterly statements that do not reflect the balances of each month within the quarter. (Doc. No. 161 at 2.)

On May 30, 2017, Guzman responded to LRC's filing. (Doc. No. 167.) Guzman argues that quarterly bank and credit card statements were ordered by the Court, and LRC previously indicated that responsive financial documents were produced. (*Id.* at 2.) Guzman also notes that he redacted "personal and irrelevant details concerning [Guzman's] expenditures, but did not redact the ... beginning and ending balance for the period, as well as the total amount of deposits and withdrawals." (*Id.* at 3.)

The Court ordered quarterly credit card statements be produced, but did not explicitly render a decision as to the form—quarterly or monthly—of the bank statements. Guzman appears to have conceded at the March 16 hearing that monthly bank statements were contemplated: "[LRC] get[s] the total balance on the bank account. They get the total balance per month ...." (Hr'g Tr. at 16.) The Court noted that the production of quarterly credit card statements, which indicate the balance of someone's credit card debt, is unlikely to camouflage

---

[3] Any party or counsel which does not cooperate in meeting this deadline shall be subject to sanctions. Good cause must be shown for relief from this schedule.

long term debt. (*Id.* at 9-10.) The quarterly statements are not required to include information about each month within that timeframe.

The Court did not approve the redactions of bank and credit card statements. The Court acknowledged that W-2 forms and tax returns are subject to a higher standard for production, therefore, redacted versions of those documents was discussed. (Hr'g Tr. at 34-36.) The Court, however, finds it appropriate for Guzman to redact identifying information in the bank and credit card statements (i.e. any number or word which would identify the source or destination of funds) but not the amount of each transaction.

LRC's request for compliant financial documents is **GRANTED**. Guzman shall produce monthly bank statements throughout the relevant time period, including September through December 2016, on or before **June 12, 2017**.

### III. CONCLUSION

In sum:

(1) Guzman's "motion" to compel collection notes or a "sufficient" privilege log is **DENIED**;

(2) Guzman's "motion" to compel access to Samserv's database is **DENIED**;

(3) LRC's request for a pre-motion conference is **DENIED**. Guzman, however, shall schedule the depositions of Guzman and his wife to take place on or before **June 19, 2017**;

(4) Guzman's request for a 90-day discovery extension is **DENIED**. Instead, the Court has extended discovery from May 30, 2017, to **June 19, 2017**, for the sole purpose of completing depositions; and

(5) LRC's letter seeking compliance with the Court's May 4, 2017 Order is **GRANTED**. Monthly bank statements shall be produced on or before **June 12, 2017**.

The Clerk of the Court is instructed to terminate docket numbers 149, 152, 153, and 158.

**SO ORDERED this 2nd day of June 2017.**
**New York, New York**

*[signature]*

**The Honorable Ronald L. Ellis**
**United States Magistrate Judge**