O'HARE PARNAGIAN LLP

82 WALL STREET, SUITE 300
NEW YORK, NY 10005-3686
(212) 425-1401
FAX: (212) 425-1421
www.ohareparnagian.com

WESTCHESTER OFFICE
700 WHITE PLAINS ROAD, SUITE 255
SCARSDALE, NY 10583-5013
(914) 725-3632
FAX: (914) 725-3639

July 17, 2017

**Via ECF**

The Honorable Ronald L. Ellis
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

> Re: *Guzman v. Mel S. Harris and Associates, LLC, et. al.*
>      No. 16-cv-3499 (GBD) (RLE)

Dear Judge Ellis:

This firm represents defendants Samserv, Inc. ("Samserv") and William Mlotok (together, the "Samserv Defendants") in the above-referenced action.

On June 2, 2017, this Court advised the parties that summary judgment motions would be due to be served on July 19.  Pursuant to Local Civil Rule 6.1(b), oppositions to the motion will be due on August 2, and replies will be due on August 9.

For the first time last week, more than one month after the Court set this summary judgment schedule, Plaintiffs' counsel asked for an extension of time to accommodate his schedule.  In an email on Friday, July 14, at 1:38PM, he proposed a schedule that would extend the time to serve opposition papers to August 9 and to extend the time for replies to August 16. At 4:25 PM, I advised Plaintiff's counsel that I would let him know my position by Monday morning.  Nonetheless, on 5:17 PM, Plaintiff's counsel filed his letter with the Court, accusing the undersigned of hardball tactics for merely wanting to consider his request.

Plaintiff's counsel did not explain his more than five-week delay in waiting until July 14 to request an extension or his need to write to the Court within hours of his request to counsel. This is particularly puzzling in light of the fact that the undersigned had told Plaintiff's counsel

O'HARE PARNAGIAN LLP

the day before on a phone conference in another matter that I had a vacation scheduled for two weeks in August.  As my daughter is getting married on August 21, my vacation begins August 14 (extending through August 27) to prepare with my family for this event.  I had hoped Plaintiff's counsel would have extended to me the basic courtesy of allowing me to confer with my client and family to discuss scheduling, but Plaintiff's counsel apparently thought that nothing matters except his own schedule and chose not to extend that courtesy to others.

In light of the undersigned's pre-existing and immovable conflict, I respectfully ask this Court either to either adhere to the original schedule or to extend the briefing schedule to dates that would not require me to sacrifice time from my planned family obligations.  Such a schedule would allow oppositions to motions for summary judgment to be served on August 9 with replies to be filed on August 30, 2017.

I thank the Court for its consideration of this request.

Respectfully submitted,

Jeffrey S. Lichtman

cc:      All counsel (via ECF)