(c)     The proceeds of liquidation of the assets of the LLC distributable upon a dissolution and winding up of the LLC shall be applied in the following order of priority:

(i)     first, to the creditors of the LLC, including creditors who are Members, in the order of priority provided by law, in satisfaction of all liabilities and obligations of the LLC (of any nature whatsoever, including, without limitation, fixed or contingent, matured or unmatured, legal or equitable, secured or unsecured), whether by payment or the making of reasonable provision for payment thereof; and

(ii)     thereafter, in accordance with the provisions of Article VI hereof.

SECTION 14.04.  Winding Up and Certificate of Cancellation.   The winding up of the LLC shall be completed when all of its debts, liabilities, and obligations have been paid and discharged or reasonably adequate provision therefor has been made, and all of the remaining property and assets of the LLC have been distributed to the Members.  Upon the completion of the winding up of the LLC, a Certificate of Cancellation of the LLC shall be filed with the Secretary of State of the State of Delaware.

## ARTICLE XV
## AMENDMENT

SECTION 15.01.  Amendment Procedures.   This Agreement may be amended or modified only by a written instrument executed by each Member.  In addition, the terms or conditions hereof may be waived by a written instrument executed by the party waiving compliance.

## ARTICLE XVI
## GENERAL PROVISIONS

SECTION 16.01.  Notices.   All notices, requests, demands and other communications required or permitted hereunder shall be in writing, shall refer to this Agreement and, unless otherwise expressly provided elsewhere herein, may be delivered personally or sent by certified mail, return receipt requested, or by overnight air courier guaranteeing delivery within two business days (a "Courier"), or by telecopy, to such party at its address or telecopy number set forth below (or to such other address or telecopy number as may be designated by notice given in accordance with this Section 16.01).  Such notice, request, demand or other communication shall be deemed delivered (i) at the time delivered by hand, if personally delivered; (ii) three business days after being deposited in the mail, postage prepaid, if mailed; (iii) the second business day after timely delivery to a Courier, if sent by Courier; and (iv) when confirmation of receipt is received, if telecopied.

CONFIDENTIAL                                                         LR_GUZ000116

To LUK:

LR Credit, LLC
315 Park Avenue South
New York, New York 10010
Attention: Zalman Jacobs
(212) 460-1900
(212) 598-3245 (fax)

with a copy to:
Ira Halperin, Esq.
Meltzer, Lippe & Goldstein, LLP
190 Willis Avenue
Mineola, New York  11501
(516) 747-0300
(516) 747-0653 (fax)

To Rushmore:

Rushmore Recovery Management, LLC
33 West Main Street, Suite 205
Elmsford, New York  10523
Attn: Kerry Lutz
(914) 347-1200
(914) 347-1204 (fax)

with a copy to:
Mel S. Harris, Esq.
16 John Street, 15th Floor
New York, New York  10038
(212) 660-1036
(212) 571-0965 (fax)

SECTION 16.02.  Rights Specific to LUK.  If at any time LUK reasonably feels insecure with respect to any material matter contained herein, in addition to the other rights or remedies otherwise provided herein or to which it may be entitled at law, LUK shall have the right to remove, withdraw or otherwise deal as it wishes with any Portfolio(s) acquired hereunder, provided that:

(i)     LUK shall pay for the actual costs, if any, reasonably necessary (in its sole discretion) of collecting such Portfolio(s), provided that LUK shall not by so doing be deemed to have waived any rights or remedy to which it may be entitled at law, including without limitation, claims for damages, arising out of any default by Rushmore hereunder.  Any such payment shall be deemed to constitute an additional Capital Contribution by LUK;

(ii)     The Attorney shall continue to collect all accounts in any Portfolio where (1) the Debtor has entered into an installment payment arrangement or the (2) Attorney has entered a judgment against the Debtor for collection of the Debt in such Portfolio, constituting a lien upon real estate owned by the Debtor; and

CONFIDENTIAL                                                                    LR_GUZ000117

(iii)   So long as none of the events set forth in Section 8.02(a), (b), (c) or (d) shall have occurred and be continuing, LUK shall distribute the Profit Manager's Profit Split to Rushmore, pursuant to Section 6.01, if, as and when any such Portfolio or Portfolio Group shall have recovered sufficient funds to pay same.

SECTION 16.03. No Third Party Beneficiaries; Brokers.

(a)   It is understood and agreed among the parties that this Agreement and the covenants made herein are made expressly and solely for the benefit of the parties hereto (including any Person who agrees in writing to become a party hereto as provided in Articles XI and XII hereof), and that no other Person, other than an Indemnitee under Section 7.04 hereof (but only in respect of the rights under such Section) shall be entitled or be deemed to be entitled to any benefits or rights hereunder, nor be authorized or entitled to enforce any rights, claims or remedies hereunder or by reason hereof.

(b)   LUK and Rushmore each represents and warrants to the other that it has dealt with no broker or finder in connection with the transactions contemplated by this Agreement, other than MetCap LLC, having a principal place of business at the Chrysler Building, New York, New York (the "**Broker**"), and each agrees to indemnify, defend and hold harmless the other from any claims, demands, actions, liabilities and expenses arising from a breach by the indemnifying party of its representations and warranties herein.  The Broker will be entitled to compensation ("**Commissions**") in accordance with the Commission Agreement attached as Annex 5 hereto (the "**Commission Agreement**").

SECTION 16.04. Successors and Assigns.   All of the terms and provisions of this Agreement shall inure to the benefit of and be binding upon each of the parties hereto and their respective successors and permitted assigns.

SECTION 16.05. Entire Agreement.   This Agreement (including the schedules, exhibits and annexes hereto) contains the entire agreement among the parties with respect to the subject matter hereof and supersedes all prior agreements, proposals, representations, arrangements or understandings, written or oral, among the parties with respect to such subject matter.

SECTION 16.06. Severability.   Any provision of this Agreement that is prohibited or unenforceable in any jurisdiction shall, in such jurisdiction, be ineffective to the extent of such prohibition or unenforceability, and any such prohibition or unenforceability in any jurisdiction shall not invalidate or render unenforceable such provision in any other jurisdiction.  If any provision of this Agreement shall be held or deemed to be inoperative or unenforceable as applied in any particular case because it conflicts with any other provision or provisions hereof, or with any law, statute, ordinance, rule, regulation, order, writ, decree or injunction, for any other reason, the same shall not have the effect of rendering the provision in question inoperative or unenforceable in any other case or circumstance, or of rendering any other provisions herein contained invalid, inoperative or unenforceable to any extent whatsoever.  The invalidity of any one or more phrases, sentences, clauses, paragraphs, Sections or subsections of this Agreement shall not affect the remaining portions thereof.

297428-9                                  28

CONFIDENTIAL                                                      LR_GUZ000118

SECTION 16.07. Further Assurances. Each of the parties to this Agreement covenants with each other party that it will at all times and from time to time execute such documents, consents and other instruments and do all such acts and cast or cause or direct the casting of such votes, and shall cause its nominee or nominees to so act and/or vote, to the extent permitted by law, as may be necessary or desirable to give full and proper effect to all the terms and provisions and the intentions of this Agreement.

SECTION 16.08. Expenses. Each Member shall pay each such Member's costs and expenses incurred in connection with (i) the negotiation, preparation, execution and delivery of this Agreement and any other agreement contemplated hereby, (ii) any modification, supplement or waiver of any of the terms of this Agreement or any other agreement contemplated hereby and (iii) enforcement of such Member's rights hereunder to the extent such enforcement efforts are not successful; provided, however, that the legal fees, up to an aggregate of $70,000 and expenses incurred by LUK in connection with the matters referred to in clause (i) above, will be paid by the LLC and will be deemed to be Other Expenses attributable for purposes of Section 6.02 hereof in equal amounts to the first three Portfolio Groups purchased by the LLC hereunder (or such lesser number as may be purchased).

SECTION 16.09. Headings. All section headings herein are for convenience of reference only and are not part of this Agreement, and no construction or inference shall be derived therefrom.

SECTION 16.10. Number. Whenever required by the context hereof, the singular shall include the plural, and the plural shall include the singular. Whenever required by the context hereof, words such as "it" and "its" shall be construed to include "he," "his" and the like.

SECTION 16.11. Applicable Law; Jurisdiction. This Agreement shall be governed by and construed in accordance with the laws of the State of New York applicable to agreements made and to be performed entirely within such state, without regard to principles of conflict of laws. The parties irrevocably submit to the exclusive jurisdiction of the Federal and state courts sitting in New York County, New York in any legal action or proceeding under this Agreement, and agree not to assert any claim or defense that it is not personally subject to the jurisdiction of such courts or that such forum is not convenient or the venue thereof is improper.

SECTION 16.12. Counterparts; Signatures. This Agreement may be executed in one or more counterparts, each of which shall be deemed to be an original, but all of which together shall constitute one and the same instrument. Facsimile signatures shall have the same legal effect as original signatures.

SECTION 16.13. Confidentiality. Neither party shall disclose financial, tax or any other information with respect to the business and operations of the LLC except to the extent necessary to further the purpose of the LLC or to provide such information to any governmental authority, including the Internal Revenue Service, as required by applicable law.

297428-9

29

CONFIDENTIAL

LR_GUZ000119

IN WITNESS WHEREOF, the parties hereto have entered into this Agreement as of the date first written above.

L-CREDIT, LLC

By: _____
    Name: Zalman Jacobs
    Title:

RUSHMORE   RECOVERY   MANAGEMENT, LLC

By: _____
    Name:
    Title:

MEMBERS AND PRINCIPALS OF RUSHMORE (FOR PURPOSES OF SECTION 5.03(d))

_____

_____

_____

_____

_____

297428-8

30

CONFIDENTIAL

LR_GUZ000120

the parties hereto have entered into this

above.

, LLC

_____

me:
le:

ORE   RECOVERY   MANAGEMENT,

_____

ne: Kevin Lutz
Managing Member

RS AND PRINCIPALS OF RUSHMORE
RPOSES OF SECTION 5.03(d))

_____

S  Harris

_____

Michael Young

_____

Kelly Lutz

David Waldman, General Partner
Waldman Jeampli FLP

_____

CONFIDENTIAL

LR_GUZ000121

## ANNEX 1

### Members and Principals of Rushmore

| Name | Address |
|---|---|
| Mel S. Harris | C/o Mel S. Harris and Associates, LLC<br>116 John Street, Suite 1510<br>New York, NY 10038 |
| David Waldman, GP<br>Waldman Scampoli, FLP | C/o Kerry Lutz, PC<br>330 West Main Street<br>Suite 205<br>Elmsford, New York 10523 |
| Michael Young | C/o Mel S. Harris and Associates, LLC<br>116 John Street, Suite 1510<br>New York, NY 10038 |
| Kerry Lutz | C/o Kerry Lutz, PC<br>330 West Main Street<br>Suite 205<br>Elmsford, New York 10523 |

CONFIDENTIAL

## ANNEX 2

### Certificate of Formation of the LLC

CONFIDENTIAL

LR_GUZ000123



PAGE 1

## The First State

I, HARRIET SMITH WINDSOR, SECRETARY OF STATE OF THE STATE OF
DELAWARE, DO HEREBY CERTIFY THE ATTACHED IS A TRUE AND CORRECT
COPY OF THE CERTIFICATE OF FORMATION OF "LR CREDIT, LLC", FILED
IN THIS OFFICE ON THE SEVENTH DAY OF NOVEMBER, A.D. 2003, AT
3:22 O'CLOCK P.M.

Harriet Smith Windsor
Harriet Smith Windsor, Secretary of State

372541" 8100

030717!44

AUTHENTICATION: 2737705

DATE: 11-10-03

CONFIDENTIAL

LR_GUZ000124

State of Delaware
Secretary of State
Division of Corporations
Delivered 03:22 PM 11/07/2003
FILED 03:22 PM 11/07/2003
SRV 030717544 - 3725917 FILE

STATE OF DELAWARE
CERTIFICATE OF FORMATION
OF
LR CREDIT, LLC

FIRST:     The name of the limited liability company is: LR CREDIT, LLC (hereinafter referred to as the "Limited Liability Company").

SECOND:    The address of its registered office in the State of Delaware is: 9 East Loockerman Street, Suite 1B, County of Kent, Dover, Delaware 19901. The name of its Registered Agent at such address is: National Registered Agents, Inc.

THIRD:     The Limited Liability Company shall continue to exist until dissolved or terminated as provided in the Operating Agreement of the Limited Liability Company.

FOURTH:    The Limited Liability Company is formed for the purpose of engaging in any lawful act or activity for which limited liability companies may be formed under the Delaware Limited Liability Company Act and engaging in any and all activities necessary or incidental to the foregoing.

IN WITNESS WHEREOF, the undersigned has hereunto executed this Certificate of Formation for the Limited Liability Company on this 7th day of November, 2003.

/s/ Zalman Jacobs
Zalman Jacobs, Authorized Person

IManage:304770u1

CONFIDENTIAL                                                 LR_GUZ000125

ANNEX 3

Collection Agreement

CONFIDENTIAL

LR_GUZ000126

### AGREEMENT FOR LEGAL COLLECTION SERVICE

This agreement is made and entered into as of November 12, 2003, with an effective date of November 12, 2003 by and between **LR Credit, LLC** ("Client"), with its principal place of business at c/o L-Credit, LLC, 315 Park Avenue South, New York, NY 10010, and **Mel S Harris and Associates, L.L.C.** ("Attorney"), with its business address at 116 John St., Suite 1510, New York, NY 10038.

WHEREAS, L-Credit, LLC and Rushmore Recovery Management, LLC have entered into a Joint Venture and Limited Liability Agreement dated as of November 12, 2003 (the "LLC Agreement") governing their respective rights and obligations with respect to Client;

WHEREAS, the LLC Agreement contemplates the retention of Attorney to collect Debt in the Portfolios pursuant to a Collection Agreement (this "Agreement");

WHEREAS, Client and Attorney wish to enter into this Agreement to formalize their working relationship; and

WHEREAS, Client and Attorney agree that all Debt placed or to be placed with Attorney by Client shall be governed by the terms and conditions of this Agreement.

All terms used herein and not otherwise defined shall have the respective meanings assigned to them in the LLC Agreement.

NOW, THEREFORE, and for such other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, Client and Attorney agree as follows:

I.    SCOPE OF ENGAGEMENT

A.    Attorney will undertake legal representation of the Client on each Debt placed by Client with Attorney by commencing collection action under and in compliance with the Fair Debt Collection Practice Act (15 U.S.C. Section 1692 et seq)' and any other applicable law. The decision to commence litigation thereafter will be made in Attorney's sole discretion.

B.    Attorney will represent Client in all phases of collection and litigation, if any, as relates to the Debt placed with Attorney, including, but not limited to, collection efforts, institution of suit, defense of counterclaims and response to appeals, court appearances, obtaining and enforcing judgments, and all other associated matters. Defense of counterclaims shall be at Client's authorization and at a fixed hourly rate of $100.

C.    Subject to the terms and conditions of this Agreement, Attorney will promptly remit collections and reimbursement of disbursements as are collected to Client and report all important developments to Client as relates to the Debt, and Client will report promptly all direct payments and relevant information to Attorney.

304883-7

1

LR_GUZ000127

D.    Client and Attorney will make such arrangements for the receipt and deposit of collections in accounts with banks or other financial institutions, and the disbursement of funds therefrom, as shall be directed and/or approved by L-Credit, LLC, a Member of Client, provided that such arrangements shall not impair to any material extent Attorney's ability to collect Debt as otherwise provided herein.

E.    Subject to the terms and conditions of this Agreement, Client will cooperate fully and provide all available information to assist Attorney in litigating such Debt; and authorizes and directs Attorney to take all actions which Attorney deems advisable on behalf of Client in such matters, except that all decisions relating to settlement offers outside the scope of authority, counterclaims and potential appeals will be made with the prior approval of Client.

F.    Without approval of Client, Attorney shall have authority to settle Debt placed by Client for no less than ten percent (10%) of referred principal plus interest and Costs, whether by lump sum or payment arrangements.

II.   LEGAL FEES, EXPENSES AND RECORDING

A.    Client will advance all court costs and other expenses necessary to file a suit, obtain service, file non-military affidavits, secure judgment and collect the judgment including the use of external databases (collectively, "Costs"). Monies will be maintained in a segregated disbursement account on behalf of Client and paid to the appropriate vendor by the Attorney on behalf of Client.

B.    All amounts collected by Attorney, or paid directly to Client or creditor by or for an account debtor, will first be applied to the Costs advanced for such account debtor. Attorney will not earn a collection fee on such reimbursements.

C.    All amounts collected by Attorney or received by Client after reimbursement of Costs for an account debtor shall be considered "collections" and Attorney will earn a twenty-five percent (25%) fee (the "Fee") on such amounts. The term "collections" shall include, but not be limited to, principal balance, interest (contractual or statutory), and such other amounts as may be awarded by a court or legally recovered by the Attorney (other than Costs and Attorney Fees). Collections, reimbursement of Costs and Fees earned shall be determined separately for each account debtor.

D.    Attorney agrees that Client will not be liable for any other expense incurred by Attorney, except as provided for in II A of this Agreement, incidental to servicing, litigation or collection of the Debt placed with Attorney.

III.  GENERAL MATTERS

A.    Attorney agrees to make reasonably available to Client via mail, facsimile and/ or e-mail all written materials sent or received by Attorney relating to the Debt.

304883-7                                        2

Requests by Client for written materials will be provided without cost to Client. All of Attorney's work product will be owned by Attorney.

B.  Attorney agrees not to accept, without prior approval from Client, any engagement known by Attorney to be in direct conflict or potential conflict with the interests of Client in any matter. If, in the course of representing multiple clients, Attorney determines in its sole discretion that a conflict of interest exists, Attorney will notify all affected clients and will withdraw from representation of the affected Debt referred by Client, if requested by Client or where withdrawal is permitted or required under applicable provisions of state law and regulations.

C.  This Agreement shall be effective as of the date hereof and continue in effect until terminated as provided in the LLC Agreement. This Agreement shall also terminate at the option of L-Credit LLC upon the termination of the LLC Agreement. In the event of termination by Client, Attorney shall be entitled to its Fees only as provided in the LLC Agreement or in III D below .

D.  Should this Agreement be terminated for any reason, by either party, Attorney agrees (i) to cooperate with any successor counsel to accommodate a smooth transition of representation and (ii) to remit to Client any collections on Debt received prior to or following termination. Notwithstanding such termination, other than in the event of a termination of this Agreement as a result of a breach by Attorney, Attorney shall be entitled to payment of its Fees with respect to all collections received prior to and during the thirty (30) day period following the date of termination on the account debtor which had been placed with Attorney.

E.  Attorney represents that it is qualified to litigate the Debt, is licensed and authorized as required in New York, and will use its best efforts in representing Client in these matters, through persistent and diligent activity which shall at all times be in strict compliance with federal, state and local laws and regulations and the ABA Code of Ethics. However, Client acknowledges that Attorney has given no assurances regarding the outcome of any matter.

F.  In the performance of its duties hereunder, Attorney shall at all times conform with all requirements of all applicable Federal, State and local laws, rules and regulations applicable to the conduct of such activities, including, but not limited to, the requirements of the Fair Debt Collection Practices Act (15 U.S.C. Section 692 et seq.), Consumer Credit Protection Act, and the federal Fair Credit Reporting Act. Attorney shall not engage in the collection of Debt in any state in which it is not licensed to e gage in such activity, where required by law.

G.  Attorney understands that it is not authorized to forward the Debt hereunder to any associated attorney without express written permission of Client. Notwithstanding, it is understood that Attorney may employ and utilize of-counsel for the purpose of making court appearances and clerical functions.

H.  Attorney agrees to assert diligent effort, subject to casualties beyond Attorney's control, to retain and maintain all significant components of the files of Attorney

304883-7                                          3

CONFIDENTIAL                                          LR_GUZ000129

relative to the Debt for a period of six (6) years following the conclusion of any matter, or such longer period if required by local regulations, and during such time to afford Client reasonable access to such files.

I.  Attorney shall defend, indemnify and hold harmless Client and its employees, agents and representatives (other than Attorney) against any and all liabilities, judgments, damages, claims, demands, costs, expenses or losses (including reasonable attorney's fees) arising out of any action, inaction or omission by Attorney, its employees, agents or representatives, including, but not limited to, the failure to comply with applicable laws and regulations.

J.  Client shall defend, indemnify and hold harmless Attorney and its agents employees and representatives against any and all liabilities, judgments, damages, claims, demands, costs, expenses or losses (including reasonable attorney's fees) arising out of any action, inaction or omission by Client, its employees, agents or representatives, including, but not limited to, the failure to comply with applicable laws and regulations.

K.  Client and Attorney agree to notify the other immediately of any claim, suit or action which affects or may affect the other party.

L.  This Agreement shall be governed by the internal laws of the State of New York. The parties irrevocably submit to the exclusive jurisdiction of the Federal and state courts sitting in New York County, New York in any legal action or proceeding under this Agreement, and agree not to assert any claim or defense that it is not personally subject to the jurisdiction of such courts or that such forum is not convenient or the venue thereof is improper.

M.  This Agreement contains the entire agreement between Client and Attorney regarding the Debt and the fees, charges and expenses to be paid relative thereto. This Agreement shall not be modified except by written agreement signed by Client and Attorney. Without limiting the generality of the foregoing, no amendment, modification, termination, extension or renewal of this Agreement, and no waiver of any of its terms, shall be effective without the prior written consent of L-Credit, LLC. This Agreement shall be binding upon Client and Attorney and their respective heirs, executors, legal representatives, and successors.

N.  Nothing in this Agreement shall be construed as obligating Client to place any Debt with Attorney.

O.  Simultaneously with the execution of this Agreement by Client and Attorney, Attorney shall provide Client with a copy of a valid and effective policy or policies of errors and omissions and liability insurance coverage in an amount not less than $1,000,000 single limit, naming Client as an additional named insured on all such policies.

304883-7

4

LR_GUZ000130

P.    This Agreement is subject to the relevant provisions of the LLC Agreement. In the case of any discrepancy in the provisions of this Agreement and the LLC Agreement, the provisions of the LLC Agreement shall govern.

Q.    This Agreement may be executed in one or more counterparts, each of which shall be deemed to be an original, but all of which together shall constitute one and the same instrument. Facsimile signatures shall have the same legal effect as original signatures.

R.    All notices, requests, demands and other communications required or permitted hereunder shall be in writing, shall refer to this Agreement and, unless otherwise expressly provided elsewhere herein, may be delivered personally or sent by certified mail, return receipt requested, or by overnight air courier guaranteeing delivery within two business days (a "Courier"), or by telecopy, to such party at its address or telecopy number set forth below (or to such other address or telecopy number as may be designated by notice given in accordance with this subsection). Such notice, request, demand or other communication shall be deemed delivered (i) at the time delivered by hand, if personally delivered; (ii) three business days after being deposited in the mail, postage prepaid, if mailed; (iii) the second business day after timely delivery to a Courier, if sent by Courier; and (iv) when confirmation of receipt is received, if telecopied.

To Client:                              Rushmore Recovery Management, LLC
                                        33 West Main Street, Suite 205
                                        Elmsford, New York  10523
                                        Attn: Kerry Lutz
                                        (914) 347-1200
                                        (914) 347-1204 (fax)

                                        with a copy to:
                                        L-Credit, LLC
                                        315 Park Avenue South
                                        New York, New York
                                        Attention: Zalman Jacobs
                                        (212) 460-1900
                                        (212) 598-3245 (fax)

                                        with a copy to:
                                        Ira Halperin, Esq.
                                        Meltzer, Lippe & Goldstein, LLP
                                        190 Willis Avenue
                                        Mineola, New York  11501
                                        (516) 747-0300
                                        (516) 747-0653 (fax)

304883-7                                       5

CONFIDENTIAL                                                LR_GUZ000131

To Attorney:

Mel S. Harris, Esq.
16 John Street, 15th Floor
New York, New York  10038
(212) 660-1036
(212) 571-0965 (fax)

with a copy to:
L-Credit, LLC
315 Park Avenue South
New York, New York
Attention: Zalman Jacobs
(212) 460-1900
(212) 598-3245 (fax)

with a copy to:
Ira Halperin, Esq.
Meltzer, Lippe & Goldstein, LLP
190 Willis Avenue
Mineola, New York  11501
(516) 747-0300
(516) 747-0653 (fax)

To L-Credit, LLC

L-Credit, LLC
315 Park Avenue South
New York, New York
Attention: Zalman Jacobs
(212) 460-1900
(212) 598-3245 (fax)

with a copy to:
Ira Halperin, Esq.
Meltzer, Lippe & Goldstein, LLP
190 Willis Avenue
Mineola, New York  11501
(516) 747-0300
(516) 747-0653 (fax)

S.   Neither this Agreement nor any of Attorney's rights hereunder may be assigned to
     any third party without the prior written consent of Client.   Subject to the
     foregoing, all of the terms and provisions of this Agreement shall insure to the
     benefit of and be binding upon each of the parties hereto and their respective
     successors and permitted assigns.

CONFIDENTIAL                                                      LR_GUZ000132

IV.    SUBSTITUTION OF ATTORNEY

A.    Attorney agrees that it will affirmatively execute and deliver a substitution of attorney form, under which it will be relieved as counsel, to Client or its designee, within no more than 48 hours after receiving a request for same by facsimile or email at the numbers and email addresses provided in the notice section hereof. Further, Attorney shall cooperate in all regards with any new counsel seeking to prosecute the claims formerly handled by Attorney.

B.    Attorney agrees that it and all of its agents, representatives and employees shall irrevocably waive any charging lien of any kind against the proceeds of any collections and/or any claims asserted in the lawsuit, nor shall they accept or seek to obtain any monies of or as a result of same.

C.    Attorney agrees that it and all of its agents, representatives and employees shall irrevocably waive any retaining lien to any documents which relate to, concern or affect any portion of the claim, the lawsuit or the ability to litigate or prosecute the claim or lawsuit; and they shall affirmatively turn over and deliver to Client or its designee, all such documents as well as all notes, memoranda or any other portions of the Attorney's files in respect of such claim within no more than 48 hours after receiving a request for same by facsimile or email at the numbers and email addresses provided in the notice section hereof.

V.    CONFIDENTIALITY AND PRIVACY

A.    Attorney agrees that all information provided by Client to Attorney hereunder is to be used solely for the purpose of the collection of Debt referred by Client to Attorney, which information shall be treated as confidential and shall not be divulged except as may be necessary to properly pursue the collection of the Debt.

B.    Attorney will not disclose, directly or indirectly, to any person or entity, information regarding the business of Client or its business operations or processes unless said information is in the public domain or if disclosure is required by law or regulation. Attorney will not utilize such confidential and private information in marketing and salesmanship.

C.    Attorney shall comply with any confidentiality and privacy requirements Attorney may be subject to by law and regulation, including under the Gramm-Leach-Bliley Act of 1999 and any other applicable statute or regulation.

D.    Client shall keep confidential Attorney's processes, operations, and other information that Client will or may become privy to, including client lists and processes and procedures utilized in and related to the collection of debts, as well as such information relating to Attorney's employees, agents and representatives.

E.    The covenants herein regarding privacy and confidentiality shall survive any termination of this Agreement.

CONFIDENTIAL                                                    LR_GUZ000133

## ANNEX 4

### Form of Report of Portfolio Activity

CONFIDENTIAL

LR_GUZ000134

## ANNEX 5

## Commission Agreement

LR_GUZ000135

METCAP SECURITIES LLC
405 Lexington Avenue
39th Floor
New York, New York 10174

November 12, 2003

LR Credit, LLC
c/o Leucadia National Corporation
315 Park Avenue South, 20th Floor
New York, New York 10010
Attn: Zalman Jacobs, President

Re:  Commission Agreement

Dear Zalmie:

This letter agreement will confirm that in consideration of MetCap Securities LLC ("MetCap"), having originated certain business opportunities for the benefit of LR Credit, LLC, relating to the purchase of credit portfolios (as defined herein), MetCap shall be paid a commission on all credit portfolios purchased by (i) LR Credit, LLC, or (ii) any other entity (a "Successor") formed by (a) Leucadia National Corporation ("LNC") or any affiliate of LNC and (b) Rushmore Recovery Management, LLC ("Rushmore") or any affiliate of Rushmore for the purpose of purchasing credit portfolios in accordance with the following schedule:

1.  Two percent (2%) of the first ten million ($10,000,000) dollars of purchase price of portfolios funded and purchased; and

2.  One percent (1%) of the purchase price of all portfolios funded and purchased in excess of ten million ($10,000,000) dollars.

Notwithstanding the foregoing, the obligation of LR Credit, LLC to pay commissions shall terminate as to all credit portfolios purchased after the effective date, if any, of a registered public offering of the ownership interests in LR Credit, LLC or any Successor or of a merger, consolidation or sale of ownership interests or sale of all or substantially all of the assets of LR Credit, LLC or any Successor with or to an other person or entity unaffiliated with L-Credit, LLC, an affiliate of LNC, or LNC, as a result of which L-Credit, LLC or any other affiliate of LNC shall have ceased to be the owner, directly or indirectly, of at least 50% of the ownership interests in LR Credit, LLC or any Successor or, in the case of a sale of assets, in the purchaser of such assets.  As used herein, the term "credit portfolio" means a portfolio of New York State domiciled defaulted consumer indebtedness, including but not limited to credit card chargeoffs, lines of credit and such other types of defaulted consumer debt that periodically becomes available from banking institutions, merchants and resellers.

Payment of such commissions shall be made in cash by wire transfer to an account designated by MetCap at the time of closing of the applicable purchase, together with a report to MetCap of the calculation thereof in reasonable detail.  LR Credit, LLC shall inform MetCap of the impending closing of purchases of credit portfolios. "Purchase Price" for purposes of this Agreement shall be the gross purchase price paid regardless of the time or form of payment.

This Agreement (a) may not be modified or amended, or any of its provisions waived, except by an agreement in writing signed by the party to be charged, (b) shall be governed by the internal laws of the State of New York, (c) may not be assigned by MetCap without the prior written consent of LR Credit, LLC, (d) subject to (c), shall be binding on the parties, their successors and assigns,

305022-4

LR_GUZ000136

and (c) may be executed in counterparts, each of which shall be an original and together shall constitute one agreement.  Faxed signatures shall have the same legal effect as original signatures.

305022-4

CONFIDENTIAL

LR_GUZ000137

LR Credit, LLC
November 12, 2003
Page 2

Please indicate your concurrence with the foregoing which shall be a binding legal agreement between us.

Very truly yours,

METCAP SECURITIES LLC

By:

Murray Forman, Managing Director

Agreed and accepted:

LR CREDIT, LLC

By:

305022-4

CONFIDENTIAL

LR_GUZ000138

LR Credit, LLC
November 12, 2003
Page 2

       Please indicate your concurrence with the foregoing which shall be a binding legal agreement
between us.

                                   Very truly yours,

                                   METCAP SECURITIES LLC

                                   By:_____
                                     Murray Forman, Managing Director

Agreed and accepted:

LR CREDIT, LLC

By:_____

305022-4

CONFIDENTIAL

LR_GUZ000139

IN WITNESS WHEREOF, the parties hereto have executed this Agreement as of the date and year first written above.

LR CREDIT, LLC                              MEL S HARRIS AND ASSOCIATES, L.L.C.

BY: _____                BY: _____
NAME: Zalman Jacobs                         NAME:
TITLE:                                      TITLE:

304883-4                        9

CONFIDENTIAL                                              LR_GUZ000140

10/25/2003  23:48    2125713584                    MEL HARRIS                         PAGE   0

IN WITNESS WHEREOF, the parties hereto have executed this Agreement as of
the date and year first written above.

**LR CREDIT, LLC**                          MEL S HARRIS AND ASSOCIATES, L.L.C.


BY:_____                BY:_____
NAME:                                       NAME: MEL S HARRIS AND ASSOCIATES LLC
TITLE:                                      TITLE: Senior Partner

CONFIDENTIAL                                                            LR_GUZ000141