### AGREEMENT FOR LEGAL COLLECTION SERVICE

This agreement is made and entered into as of November 12, 2003, with an effective date of November 12, 2003 by and between LR Credit, LLC ("Client"), with its principal place of business at c/o L-Credit, LLC, 315 Park Avenue South, New York, NY 10010, and **Mel S Harris and Associates, L.L.C.** ("Attorney"), with its business address at 116 John St., Suite 1510, New York, NY 10038.

WHEREAS, L-Credit, LLC and Rushmore Recovery Management, LLC have entered into a Joint Venture and Limited Liability Agreement dated as of November 12, 2003 (the "LLC Agreement") governing their respective rights and obligations with respect to Client;

WHEREAS, the LLC Agreement contemplates the retention of Attorney to collect Debt in the Portfolios pursuant to a Collection Agreement (this "Agreement");

WHEREAS, Client and Attorney wish to enter into this Agreement to formalize their working relationship; and

WHEREAS, Client and Attorney agree that all Debt placed or to be placed with Attorney by Client shall be governed by the terms and conditions of this Agreement.

All terms used herein and not otherwise defined shall have the respective meanings assigned to them in the LLC Agreement.

NOW, THEREFORE, and for such other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, Client and Attorney agree as follows:

I.   SCOPE OF ENGAGEMENT

A.   Attorney will undertake legal representation of the Client on each Debt placed by Client with Attorney by commencing collection action under and in compliance with the Fair Debt Collection Practice Act (15 U.S.C. Section 1692 et seq) and any other applicable law. The decision to commence litigation thereafter will be made in Attorney's sole discretion.

B.   Attorney will represent Client in all phases of collection and litigation, if any, as relates to the Debt placed with Attorney, including, but not limited to, collection efforts, institution of suit, defense of counterclaims and response to appeals, court appearances, obtaining and enforcing judgments, and all other associated matters. Defense of counterclaims shall be at Client's authorization and at a fixed hourly rate of $100.

C.   Subject to the terms and conditions of this Agreement, Attorney will promptly remit collections and reimbursement of disbursements as are collected to Client and report all important developments to Client as relates to the Debt, and Client will report promptly all direct payments and relevant information to Attorney.

304883-7                                    1

D.   Client and Attorney will make such arrangements for the receipt and deposit of collections in accounts with banks or other financial institutions, and the disbursement of funds therefrom, as shall be directed and/or approved by L-Credit, LLC, a Member of Client, provided that such arrangements shall not impair to any material extent Attorney's ability to collect Debt as otherwise provided herein.

E.   Subject to the terms and conditions of this Agreement, Client will cooperate fully and provide all available information to assist Attorney in litigating such Debt; and authorizes and directs Attorney to take all actions which Attorney deems advisable on behalf of Client in such matters, except that all decisions relating to settlement offers outside the scope of authority, counterclaims and potential appeals will be made with the prior approval of Client.

F.   Without approval of Client, Attorney shall have authority to settle Debt placed by Client for no less than ten percent (10%) of referred principal plus interest and Costs, whether by lump sum or payment arrangements.

II.   LEGAL FEES, EXPENSES AND RECORDING

A.   Client will advance all court costs and other expenses necessary to file a suit, obtain service, file non-military affidavits, secure judgment and collect the judgment including the use of external databases (collectively, "Costs"). Monies will be maintained in a segregated disbursement account on behalf of Client and paid to the appropriate vendor by the Attorney on behalf of Client.

B.   All amounts collected by Attorney, or paid directly to Client or creditor by or for an account debtor, will first be applied to the Costs advanced for such account debtor. Attorney will not earn a collection fee on such reimbursements.

C.   All amounts collected by Attorney or received by Client after reimbursement of Costs for an account debtor shall be considered "collections" and Attorney will earn a twenty-five percent (25%) fee (the "Fee") on such amounts. The term "collections" shall include, but not be limited to, principal balance, interest (contractual or statutory), and such other amounts as may be awarded by a court or legally recovered by the Attorney (other than Costs and Attorney Fees). Collections, reimbursement of Costs and Fees earned shall be determined separately for each account debtor.

D.   Attorney agrees that Client will not be liable for any other expense incurred by Attorney, except as provided for in II A of this Agreement, incidental to servicing, litigation or collection of the Debt placed with Attorney.

III.   GENERAL MATTERS

A.   Attorney agrees to make reasonably available to Client via mail, facsimile and/or e-mail all written materials sent or received by Attorney relating to the Debt.

304883-7                                    2

Requests by Client for written materials will be provided without cost to Client. All of Attorney's work product will be owned by Attorney.

B.   Attorney agrees not to accept, without prior approval from Client, any engagement known by Attorney to be in direct conflict or potential conflict with the interests of Client in any matter. If, in the course of representing multiple clients, Attorney determines in its sole discretion that a conflict of interest exists, Attorney will notify all affected clients and will withdraw from representation of the affected Debt referred by Client, if requested by Client or where withdrawal is permitted or required under applicable provisions of state law and regulations.

C.   This Agreement shall be effective as of the date hereof and continue in effect until terminated as provided in the LLC Agreement. This Agreement shall also terminate at the option of L-Credit LLC upon the termination of the LLC Agreement. In the event of termination by Client, Attorney shall be entitled to its Fees only as provided in the LLC Agreement or in III D below .

D.   Should this Agreement be terminated for any reason, by either party, Attorney agrees (i) to cooperate with any successor counsel to accommodate a smooth transition of representation and (ii) to remit to Client any collections on Debt received prior to or following termination. Notwithstanding such termination, other than in the event of a termination of this Agreement as a result of a breach by Attorney, Attorney shall be entitled to payment of its Fees with respect to all collections received prior to and during the thirty (30) day period following the date of termination on the account debtor which had been placed with Attorney.

E.   Attorney represents that it is qualified to litigate the Debt, is licensed and authorized as required in New York, and will use its best efforts in representing Client in these matters, through persistent and diligent activity which shall at all times be in strict compliance with federal, state and local laws and regulations and the ABA Code of Ethics. However, Client acknowledges that Attorney has given no assurances regarding the outcome of any matter.

F.   In the performance of its duties hereunder, Attorney shall at all times conform with all requirements of all applicable Federal, State and local laws, rules and regulations applicable to the conduct of such activities, including, but not limited to, the requirements of the Fair Debt Collection Practices Act (15 U.S.C. Section 692 et seq.), Consumer Credit Protection Act, and the federal Fair Credit Reporting Act. Attorney shall not engage in the collection of Debt in any state in which it is not licensed to e gage in such activity, where required by law.

G.   Attorney understands that it is not authorized to forward the Debt hereunder to any associated attorney without express written permission of Client. Notwithstanding, it is understood that Attorney may employ and utilize of-counsel for the purpose of making court appearances and clerical functions.

H.   Attorney agrees to assert diligent effort, subject to casualties beyond Attorney's control, to retain and maintain all significant components of the files of Attorney

304883-7                                           3

relative to the Debt for a period of six (6) years following the conclusion of any matter, or such longer period if required by local regulations, and during such time to afford Client reasonable access to such files.

I.    Attorney shall defend, indemnify and hold harmless Client and its employees, agents and representatives (other than Attorney) against any and all liabilities, judgments, damages, claims, demands, costs, expenses or losses (including reasonable attorney's fees) arising out of any action, inaction or omission by Attorney, its employees, agents or representatives, including, but not limited to, the failure to comply with applicable laws and regulations.

J.    Client shall defend, indemnify and hold harmless Attorney and its agents employees and representatives against any and all liabilities, judgments, damages, claims, demands, costs, expenses or losses (including reasonable attorney's fees) arising out of any action, inaction or omission by Client, its employees, agents or representatives, including, but not limited to, the failure to comply with applicable laws and regulations.

K.    Client and Attorney agree to notify the other immediately of any claim, suit or action which affects or may affect the other party.

L.    This Agreement shall be governed by the internal laws of the State of New York. The parties irrevocably submit to the exclusive jurisdiction of the Federal and state courts sitting in New York County, New York in any legal action or proceeding under this Agreement, and agree not to assert any claim or defense that it is not personally subject to the jurisdiction of such courts or that such forum is not convenient or the venue thereof is improper.

M.    This Agreement contains the entire agreement between Client and Attorney regarding the Debt and the fees, charges and expenses to be paid relative thereto. This Agreement shall not be modified except by written agreement signed by Client and Attorney. Without limiting the generality of the foregoing, no amendment, modification, termination, extension or renewal of this Agreement, and no waiver of any of its terms, shall be effective without the prior written consent of L-Credit, LLC. This Agreement shall be binding upon Client and Attorney and their respective heirs, executors, legal representatives, and successors.

N.    Nothing in this Agreement shall be construed as obligating Client to place any Debt with Attorney.

O.    Simultaneously with the execution of this Agreement by Client and Attorney, Attorney shall provide Client with a copy of a valid and effective policy or policies of errors and omissions and liability insurance coverage in an amount not less than $1,000,000 single limit, naming Client as an additional named insured on all such policies.

CONFIDENTIAL                                                                      LR_GUZ000062

P.   This Agreement is subject to the relevant provisions of the LLC Agreement.  In the case of any discrepancy in the provisions of this Agreement and the LLC Agreement, the provisions of the LLC Agreement shall govern.

Q.   This Agreement may be executed in one or more counterparts, each of which shall be deemed to be an original, but all of which together shall constitute one and the same instrument.  Facsimile signatures shall have the same legal effect as original signatures.

R.   All notices, requests, demands and other communications required or permitted hereunder shall be in writing, shall refer to this Agreement and, unless otherwise expressly provided elsewhere herein, may be delivered personally or sent by certified mail, return receipt requested, or by overnight air courier guaranteeing delivery within two business days (a "Courier"), or by telecopy, to such party at its address or telecopy number set forth below (or to such other address or telecopy number as may be designated by notice given in accordance with this subsection).  Such notice, request, demand or other communication shall be deemed delivered (i) at the time delivered by hand, if personally delivered; (ii) three business days after being deposited in the mail, postage prepaid, if mailed; (iii) the second business day after timely delivery to a Courier, if sent by Courier; and (iv) when confirmation of receipt is received, if telecopied.

To Client:

Rushmore Recovery Management, LLC
33 West Main Street, Suite 205
Elmsford, New York  10523
Attn: Kerry Lutz
(914) 347-1200
(914) 347-1204 (fax)

with a copy to:
L-Credit, LLC
315 Park Avenue South
New York, New York
Attention: Zalman Jacobs
(212) 460-1900
(212) 598-3245 (fax)

with a copy to:
Ira Halperin, Esq.
Meltzer, Lippe & Goldstein, LLP
190 Willis Avenue
Mineola, New York  11501
(516) 747-0300
(516) 747-0653 (fax)

304883-7

5

CONFIDENTIAL

LR_GUZ000063

To Attorney:                          Mel S. Harris, Esq.
                                      16 John Street, 15th Floor
                                      New York, New York  10038
                                      (212) 660-1036
                                      (212) 571-0965 (fax)

                                      with a copy to:
                                      L-Credit, LLC
                                      315 Park Avenue South
                                      New York, New York
                                      Attention: Zalman Jacobs
                                      (212) 460-1900
                                      (212) 598-3245 (fax)

                                      with a copy to:
                                      Ira Halperin, Esq.
                                      Meltzer, Lippe & Goldstein, LLP
                                      190 Willis Avenue
                                      Mineola, New York  11501
                                      (516) 747-0300
                                      (516) 747-0653 (fax)

To L-Credit, LLC                      L-Credit, LLC
                                      315 Park Avenue South
                                      New York, New York
                                      Attention: Zalman Jacobs
                                      (212) 460-1900
                                      (212) 598-3245 (fax)

                                      with a copy to:
                                      Ira Halperin, Esq.
                                      Meltzer, Lippe & Goldstein, LLP
                                      190 Willis Avenue
                                      Mineola, New York  11501
                                      (516) 747-0300
                                      (516) 747-0653 (fax)

S.   Neither this Agreement nor any of Attorney's rights hereunder may be assigned to any third party without the prior written consent of Client.  Subject to the foregoing, all of the terms and provisions of this Agreement shall insure to the benefit of and be binding upon each of the parties hereto and their respective successors and permitted assigns.

304883-7                         6

                                          LR_GUZ000064

IV.   SUBSTITUTION OF ATTORNEY

A.    Attorney agrees that it will affirmatively execute and deliver a substitution of attorney form, under which it will be relieved as counsel, to Client or its designee, within no more than 48 hours after receiving a request for same by facsimile or email at the numbers and email addresses provided in the notice section hereof. Further, Attorney shall cooperate in all regards with any new counsel seeking to prosecute the claims formerly handled by Attorney.

B.    Attorney agrees that it and all of its agents, representatives and employees shall irrevocably waive any charging lien of any kind against the proceeds of any collections and/or any claims asserted in the lawsuit, nor shall they accept or seek to obtain any monies of or as a result of same.

C.    Attorney agrees that it and all of its agents, representatives and employees shall irrevocably waive any retaining lien to any documents which relate to, concern or affect any portion of the claim, the lawsuit or the ability to litigate or prosecute the claim or lawsuit; and they shall affirmatively turn over and deliver to Client or its designee, all such documents as well as all notes, memoranda or any other portions of the Attorney's files in respect of such claim within no more than 48 hours after receiving a request for same by facsimile or email at the numbers and email addresses provided in the notice section hereof.

V.    CONFIDENTIALITY AND PRIVACY

A.    Attorney agrees that all information provided by Client to Attorney hereunder is to be used solely for the purpose of the collection of Debt referred by Client to Attorney, which information shall be treated as confidential and shall not be divulged except as may be necessary to properly pursue the collection of the Debt.

B.    Attorney will not disclose, directly or indirectly, to any person or entity, information regarding the business of Client or its business operations or processes unless said information is in the public domain or if disclosure is required by law or regulation. Attorney will not utilize such confidential and private information in marketing and salesmanship.

C.    Attorney shall comply with any confidentiality and privacy requirements Attorney may be subject to by law and regulation, including under the Gramm-Leach-Bliley Act of 1999 and any other applicable statute or regulation.

D.    Client shall keep confidential Attorney's processes, operations, and other information that Client will or may become privy to, including client lists and processes and procedures utilized in and related to the collection of debts, as well as such information relating to Attorney's employees, agents and representatives.

E.    The covenants herein regarding privacy and confidentiality shall survive any termination of this Agreement.

304883-7                                    7

                                    LR_GUZ000065

11/12/03  WED 16:09 FAX                                                      @002

   IN WITNESS WHEREOF, the parties hereto have executed this Agreement as of
the date and year first written above.

**LR CREDIT, LLC**                    **MEL S HARRIS AND ASSOCIATES, L.L.C.**

BY:_____            BY:_____
NAME: Zalman Jacobs                   NAME:
TITLE:                                TITLE:

     3048837                                    9

CONFIDENTIAL                                                    LR_GUZ000066

IN WITNESS WHEREOF, the parties hereto have executed this Agreement as of the date and year first written above.

LR CREDIT, LLC                    MEL S HARRIS AND ASSOCIATES, L.L.C.


BY:_____       BY:_____
NAME:                             NAME: MEL S HARRIS AND ASSOCIATES LLC
TITLE:                            TITLE: Senior Partner

304883-                           9

CONFIDENTIAL                                          LR_GUZ000067