CITY OF NEW YORK
DEPARTMENT OF CONSUMER AFFAIRS
-------------------------------------------------------------------x  **NOTICE OF HEARING**
DEPARTMENT OF CONSUMER AFFAIRS

                    Complainant,

      -against-                                    Violation # LL005324941

HUSAM AL-ATRASH
1460 OVINGTON AVE.                           License # 1279639
BROOKLYN, NY 11219
                   Licensee/Respondent.    **(Process Server Individual)**
-------------------------------------------------------------------x

In accordance with the powers of the Commissioner of the New York City Department of Consumer Affairs ("the Department") set forth in Section 2203(e) of Chapter 64 of the Charter of the City of New York and Section 20-104 of the Administrative Code of the City of New York ("the Code"), **YOU ARE HEREBY ORDERED TO APPEAR FOR A HEARING AT THE ADJUDICATION TRIBUNAL OF THE DEPARTMENT OF CONSUMER AFFAIRS, 11TH FLOOR, 66 JOHN STREET, NEW YORK, NEW YORK 10038 AT 9:30 A.M. ON WEDNESDAY, OCTOBER 9, 2013** to have charges against you heard concerning violations of Chapter 1 of the Code, beginning at Section 20-101 (known as the License Enforcement Law); Chapter 2 of the Code, Subchapter 23, beginning at Section 20-403 (known as the Process Servers Law); Title 6 of the Rules of the City of New York ("6 RCNY"), beginning at Section 1-01 (known as the License Enforcement Rules); and Title 6 of the Rules of the City of New York, Chapter 2, Subchapter W, beginning at Section 2-231 (known as the Process Servers Rules);

**AND SHOW CAUSE** why your license to operate as an individual process server should not be suspended or revoked, why monetary penalties should not be imposed on you and why you should not be prohibited, based on lack of fitness, from holding any license issued by the Department on the grounds specified herein.

Guzman 2589

## FACTS AND APPLICABLE LAW

1. Respondent, HUSAM AL-ATRASH, has been licensed by the Department as an individual process server under license number 1279639 since on or about March 21, 2008.

2. Respondent's current process server license will expire on February 28, 2014.

3. Respondent served or attempted to serve process at least 170 times during the period August 11, 2012 through October 2, 2012.

### Traverse Hearings Reporting Violations

4. On information and belief, in or about 2012, process was distributed to Respondent for service in the matter of East Lincoln Associates v. Arlynn Lauderdale (Index No. 028594/12, Kings County Civil Court) ("East Lincoln Associates") and thereafter an affidavit of service executed by Respondent in which he attested that he had served such process in East Lincoln Associates was filed with the clerk of the court.

5. The court in East Lincoln Associates scheduled a traverse hearing for Date of Hearing concerning the service of process allegedly made by Respondent.

6. Respondent received notice of the scheduling of the traverse hearing in East Lincoln Associates.

7. Respondent did not report to the Department that a traverse hearing had been scheduled in East Lincoln Associates.

8. Respondent did not attempt to learn the result of the traverse hearing in East Lincoln Associates in accordance with the procedures specified in 6 RCNY § 2-236(c)(1).

9. Respondent did not report to the Department the result of the traverse hearing or that Respondent made attempts to learn the result of the traverse hearing and was unable to do so in East Lincoln Associates.

Guzman 2590

## Logbook Violations

10. Respondent failed to create a logbook entry for the following attempts or services:

   8/14/12 @ 11:08 (Kowalski);
   8/14/12 @ 11:17 (Amezquita);
   8/14/12 @ 11:20 (Allsop);
   8/14/12 @ 11:22 (Allsop);
   8/14/12 @ 11:25 (Arbolino);
   8/14/12 @11:30 (Shameem);
   8/14/12 @11:44 (Brenke);
   8/14/12 @11:57 (Doyle);
   8/14/12 @12:13 (Woods);
   8/14/12 @12:15 (Woods);
   8/14/12 @12:21 (McCadden);
   8/14/12 @12:35 (Levy);
   8/14/12 @12:49 (Lodico);
   8/14/12 @12:59 (Kirschenbaum);
   8/14/12 @13:03( Rinaldo);
   8/14/12 @13:14 (Sloan);
   8/14/12@13:19 (Egitto);
   8/14/12 @13:24 (Murasso);
   8/14/12 @ 13:25 (Murasso);
   8/14/12 @14:05 (Homan);
   8/14/12 @14:12 (Russo);
   8/14/12 @14:37 (Paul);
   8/14/12 @14:44(Schnitzler);
   8/14/12 @15:40 (Hernandez);
   8/14/12 @15:45 @(Hasnain); and
   9/27/12@ 11:24 (Sharma).

## CHARGES

### Charges 1-3: Traverse Hearings Reporting Violations

1. Respondent violated 6 RCNY § 2-236(a) by failing to report to the Department the scheduling of a traverse hearing within ten (10) days of receiving notice that a court had scheduled the hearings. [1 count]

2. Respondent violated 6 RCNY § 2-236(c)(2) by failing to, within one hundred (100) days after the scheduled date of a traverse hearing, report to the Department either (a) the final result of the traverse hearing; or (b) that he made attempts to learn the final result of the traverse hearing but was unable to do so. [1 count]

3

3. Respondent violated 6 RCNY § 2-236(c)(1) by failing to attempt to learn the result of a traverse hearing in accordance with the procedures specified in 6 RCNY § 2-236(c)(1). [1 count]

### Charge 4: Logbook Violations

4. Respondent violated 6 RCNY § 2-233(a)(1) by failing to create a logbook entry for each service or attempted service. [26 counts]

### Charge 5: Lack of Fitness

5. By virtue of the activities described above, Respondent violated § 20-101 of the Code by failing to maintain the standards of integrity, honesty and fair dealing required of licensees. [1 count]

Guzman 2592

**WHEREFORE,** the Department demands that an order issue: 1) suspending or revoking Respondent's license; 2) imposing maximum fines on Respondent for each and every charge set forth herein; and 3) granting such other relief as is deemed just and proper.

Dated: August 15, 2013
New York, New York

                         For:   **Jonathan Mintz**
                                Commissioner

                         By: *[signature]*
                                Alvin A. Liu
                                Senior Staff Attorney
                                Legal Division

Guzman 2593