CITY OF NEW YORK
DEPARTMENT OF CONSUMER AFFAIRS
----------------------------------------------------------------X

DEPARTMENT OF CONSUMER AFFAIRS,

                     Complainant,

          -against-

Michael Mosquera,

                     Respondent.

----------------------------------------------------------------X

ASSURANCE OF DISCONTINUANCE

PROCESS SERVER
INDIVIDUAL
License #0848736

Michael Mosquera
1436 A 70th Street
Brooklyn, NY 11228

Violation No LL #5133493

Michael Mosquera ("Respondent") consents to this Assurance of Discontinuance ("AOD" or "Agreement") to settle the above captioned violation with the Department of Consumer Affairs ("DCA" or "the Department") and agrees as follows:

**ACKNOWLEDGMENT OF SERVICE**

Respondent acknowledges receipt of the Notice of Hearing in the above captioned matter, which charged him with violating provisions of Title 20 of the Administrative Code of the City of New York (the "Code"), found in: Chapter 1 of the Code, beginning at Section 20-101 (the "License Enforcement Law"); Chapter 2 of the Code, Subchapter 23, beginning at Section 20-403 (known as the Process Servers Law); Title 6 of the Rules of the City of New York ("6 RCNY"), beginning at Section 1-01 (known as the "License Enforcement Rules"); Title 6 of the Rules of the City of New York, Chapter 2, Subchapter W, beginning at Section 2-231 (the "Process Servers Rules") in connection with his Process Server license

I.    **DEFINITIONS**:

A    "Serve" or "service" shall mean the delivery of process in manner prescribed by the laws of the State of New York

B    "Process" means a summons, notice of petition, order to show cause, subpoena, notice, citation or other legal paper issued under the laws of the State of New

York directing an appearance or response to a legal action, legal proceeding or administrative proceeding; provided, however, that if under the laws of the State of New York the mailing of such legal paper is sufficient to effect service, such legal paper shall not be process for the purpose of this Agreement

C    A "contest to service of process" means a challenge to the service of process effectuated by a process server alleged in an answer, motion, or other pleading submitted in a judicial, administrative or other legal proceeding on the ground that the service did not comply with the requirements of New York State or other applicable law, including a hearing commonly known as a "traverse hearing," whether such challenge is waived, settled by stipulation or decided by court order after a hearing

D    "Contemporaneous" with respect to the entry of an event in a record or logbook means that each entry shall be made at or about the time as the act with respect to which the entry is made

E    "Chronological" with respect to the notation in the process server record or logbook means that each notation shall be entered consecutively in order of date and time and that no blank spaces shall be left allowing the entry of an additional notation between any two notations

F    "Bound volume" means a book, logbook, process server record or ledger that at the time of purchase contains a specified number of unfolded sheets of paper or other material that are permanently secured to covers by stitching, glue such other method that is calculated to make readily discernable the removal or inclusion of one or more sheets after the first use of such volume

G    "Paginated" means each page in the volume or logbook must contain either a page number in sequence starting with the number "1" at the time of purchase or an indelible label stating the number of pages the volume originally contained

H    "Due diligence" in delivering process shall mean that three or more reasonable efforts were made to locate and deliver process personally to the person(s) to be served within the State

I    "Reasonable efforts" means that attempts to serve process is made at a time, date or location the Respondent knows the person to be served could reasonably be found

J    "Reasonable efforts to locate" means that Respondent has made reasonable attempts to locate the person to be served and confirmed the address or location by dependable sources before delivering process

Guzman 2907

K   "Reasonable efforts to effectuate service by personal delivery" means that the Respondent shall attempt personal delivery more than once and that he/she shall deliver process by substituted service or by conspicuous place service only after the third attempt to find the person to whom service must be delivered

L   "Same time" with respect to efforts to make delivery means within two hours before and after of an hour

M   "Material breach" means the failure to comply with this Agreement in whole or in part by commission or omission without legal excuse

N   "Report to the Department" means directing a written communication to the New York City Department of Consumer Affairs, Attn ; Legal Compliance and Fitness, 42 Broadway, 9th Floor, NY, NY 10004 or as specifically indicated in this Agreement.

O   "Disposition" of a case or traverse hearing means the court's final decision on the matter.

P.   "Affidavit of Service" or "Proof of Service" means a sworn statement in writing made under oath before a public notary in which the process server affirms that service of process in a matter was effectuated, the manner in which service was effectuated and other sworn statements

## II.  INJUNCTIVE RELIEF

### A.  Duty to Comply With Law:

1   Respondent shall strictly and promptly comply with all laws, rules, regulations and requirements of the federal, state and municipal authorities and this Agreement when serving process.

### B.  Duties When Effectuating Service on a Natural Person:

2   When effectuating service of process by conspicuous place service, Respondent shall affix the process to be served to the door of the person to be served and to no other

3   When effectuating service of process by conspicuous place service, Respondent shall at all times attach the process to the dwelling place door of the person to be served with transparent tape

4   When making diligent efforts to deliver process in accordance with the requirements of CPLR 308, all attempts of service shall not be made on the same

3

Guzman 2908

      day and no two attempts at delivery shall be made at the same time on different days

5    Respondent shall make reasonable efforts to confirm whether the address at which service is attempted is the actual place of business, dwelling place or usual place of abode of the person to be served

6    Those efforts shall include, but not be limited to, inquiring of neighbors and other persons present at those locations, checking public and commercial data bases, and requesting information from the owner of the premises, if different from the person to be served

7    Respondent shall not deliver process at a location that he knows not to be the actual place of business, dwelling place, or usual place of abode of the person to be served, unless permitted by statute or by binding case law

8    When service is effectuated pursuant to CPLR 308(4) or Section 735(1) of the Real Property Actions and Proceedings Law ("RPAPL"), Respondent shall take date and time stamped digital photographs of the hallway walls adjacent to the door to which process is affixed and the entryway to the building where the conspicuous posting is made, which she shall keep stored on computer disks in chronological order

9    Respondent shall always write "personal and confidential" on the mailing envelope when delivering or completing service by mail

10   Respondent shall insure that any mailing is made to the location indicated by the applicable law

11   Respondent shall not indicate on mailing envelopes that the communication is from an attorney or concerning an action against the person sought to be served

**C.**   **Duty to Maintain Proper Records:**

12   Respondent shall maintain records of service of process in the City of New York as required by General Business Law 89-cc and 6RCNY § 2-233

13   Respondent shall maintain in his logbooks all information required by General Business Law 89-cc and 6 RCNY § 2-233 with respect to every case in which he/she serves process

14   All service of process effectuated by the Respondent in the City of New York shall be entered in a single volume/logbook until it is complete.

15   All entries shall be made contemporaneously and in chronological order

Guzman 2909

16. Respondent shall record the date and time of each and every attempt of service, whether or not successful, with a separate entry in his/her logbook.

17. Respondent shall record in his process server logbook the date and time of each and every attempt of service in chronological order

18. Respondent shall describe in affidavits of service the person of suitable age and discretion to whom process is delivered by setting forth the age, height, weight, skin color, eye color and hair color of the person to whom process is delivered

19. Respondent shall always state the place and time of delivery of process in the affidavits of service

### D. Completion of Affidavits and other Proofs of Service

20. Respondent shall strictly and promptly conform to all federal, state and municipal laws, rules, regulations and requirements relating to the preparation, notarization and filing of affidavits of service required by 6 RCNY § 2-234

21. Respondent's affidavit shall be truthful and contain all information required by law and, in addition, the following facts, where applicable:

   a. A detailed description of Respondent's efforts to effectuate personal delivery within the State;

   b. Respondent's source of the information about the whereabouts of the person to be served;

   c. A description of Respondent's efforts to confirm the information about the whereabouts of the person to be served;

   d. Whether the Respondent made use of a picture or other physical representations of the person(s) to be served when delivering process;

   e. A description of the age, height, weight, skin color, eye color and hair color of the person to whom delivery of process was made;

   f. The location and detailed description of the place where delivery was effectuated;

   g. The name and description of any witnesses to the delivery of process; and

   h. Where service of process is accomplished by personal delivery, all information confirming that Respondent knew the person to whom process was delivered to be the actual intended recipient of the process; and

Guzman 2910

i. Where information required is unknown, Respondent shall clearly state so in the affidavit.

22. Respondent shall not sign or notarize or cause to be signed or notarized any affidavit of service before entering all required information.

23. Respondent shall not sign his/her name on any affidavit containing any information that has the capacity, tendency or effect of intentionally misleading a reader of the affidavit.

24. Any affidavit affirmed by Respondent that has the capacity, tendency or effect of misleading a reader of the affidavit shall be considered intentional if there are repeated similar acts because of Respondent's or Respondent's agent's use of canned or form language.

25. It shall be the Respondent's burden to show that he/ she did not intend the affidavit to be misleading.

26. Respondent shall at all times specifically state in the affidavit whether he knows or does not know the name(s) of the person(s) to whom service was delivered.

27. Respondent shall not use fictitious names in his affidavit to refer to defendants or persons, except where the use of "Jane Doe" or "John Doe" is actually used to name unknown parties in the process to be served.

28. Respondent shall always state the process server organization name, address and DCA license number, as well his own name, d/b/a and DCA license number, on all affidavits of service to be filed with a court.

E. **Maintenance of Records**

29. Respondent shall maintain all digital photographs, logbooks, records, affidavits and other documents required by the General Business Law, the Rules of the Commissioner and this Agreement for a period of not less than five years.

F. **Duty to Report Contested Service of Process**

30. The Respondent shall notify the Department (attention of Counsel's Office), in writing, by certified mail, within ten days of the conclusion of any traverse hearing, court hearing or hearing concerning a contest to service of process in which her service of process is contested in a motion, order to show cause, hearing or trial, and whether such dispute was resolved by settlement of the parties, waiver by defendant or by decision of the court.

31. The report shall include the following:

Guzman 2911

|   |   |   |
|---|---|---|
| | a | Heading stating "REPORT OF A TRAVERSE HEARING"; |
| | b | Process server's name; |
| | c | Process server's license number; |
| | d | the index number of the action or proceeding; |
| | e | the name of the action or proceeding; |
| | f | the court in which the action was commenced; |
| | g | the name of the firm, entity or person on behalf of whom service was effectuated; |
| | h | the name, address and license number of the process server organization that assigned service to Respondent; |
| | i | a copy of the affidavit of service or proof of service; |
| | j | copies of the mailing receipts; |
| | k | the final disposition of the matter; and |
| | l | a copy of the court order, stipulation or court file jacket setting forth the final disposition of the matter shall be attached to the report to the Department or may be similarly mailed separately within 10 days of the rendering of the decision |
| 32 | | Respondent shall have an affirmative obligation to forward a copy of the decision, stipulation, statement or other proof of disposition of the hearing concerning a contest to service to the Department |
| 33 | | Respondent shall maintain in a separate bound, paginated volume or logbook, separate from the records required by General Business Law and or 6 RCNY § 2-233, where he records every contest to service of process (traverse hearing) setting forth all of the information to be reported to the Department, as required by this Agreement and the law and rules, and the date and certified mail number |

G. **Providing Identification**

34. Respondent may not possess, display or wear any badges, insignias, shields, medals or decoration while serving process

Guzman 2912

35  Respondent shall display his Department identification card upon request of a person upon whom Respondent is attempting service or any other interested person

## H. Training

36  Respondent shall obtain training about the laws and regulations that relate to and govern the service of process in the City of New York upon notice from the Department that it has determined that there is available within the City of New York one or more programs that provide such training in a satisfactory manner

37  Respondent's failure to provide proof of having attended training, after notice has been issued that such training is available shall be sufficient grounds for the revocation of his license or denial of a license renewal application until such time as this requirement is met

## I. Inspection of Records:

38  For the next three years, Respondent shall report to the Department at the Legal Compliance and Fitness Division, 42 Broadway, 9th Floor, New York, NY 10004, every six (6) months for a compliance review

39  The first such review shall occur on or about six (6) months from the date of the execution of this Agreement at a date and time scheduled by the Department

40  The Department will provide written notice of the date and time of the compliance review to Respondent by regular United States mail sent to Respondent's residential address on file with the Department not later than ten (10) days before the schedule review

41  Respondent shall appear at the review with all digital photographs, records, affidavits and other documents that this Agreement requires Respondent to maintain, for the preceding six months, or as provided by the Department in writing and with such other materials as the Department by notice shall request

42  The Department will conduct a review to assess whether Respondent has complied with the requirements of Article 8-A of the General Business Law, Subchapter W of Chapter 2 of the Rules of the Commissioner, and this Agreement

43  Respondent's failure to comply may result in proceedings for license revocation or suspension, fines and such other remedies as provided by law and this Agreement

8

Guzman 2913

44. Respondent's failure to provide proof of compliance with the review and reporting requirement of this section, on or before the application for a license renewal, shall be sufficient grounds for the denial of such license application

45. Respondent shall produce all records demanded by the Department within 72 hours of the receipt of a written demand

### III. FINES

46. Respondent shall pay a fine of $300 00 in settlement of all the violations to date in the form of a bank check or money order made payable to the "NYC Department of Consumer Affairs" before the parties execute this Agreement

### IV. RESOLUTION OF CONSUMER COMPLAINTS

47. Respondent shall provide to the Department a reply to all consumer complaints to the Department relating to Respondent's process serving activity within ten (10) business days of the receipt the complaint

48. Respondent shall respond to any subsequent communications from the Department concerning the complaint within five (5) business days

49. Nothing in this provision waives or diminishes Respondent's obligation to comply with 6 RCNY Section 1-13

50. Respondent shall provide to the Department a copy of every written complaint that Respondent receives from any other governmental body and from any non-governmental entity and Respondent's response thereto within ten days of Respondent's receipt of the complaint. Respondent shall report to the Department the resolution of every such complaint and provide a copy of any writing setting forth the resolution within ten (10) business days of such resolution

### V. RESPONDENT'S DUTY TO REPORT CHANGES OF ADDRESS TO THE DEPARTMENT

51. Respondent affirms that the address and telephone number listed with the Department are current and correct

52. Respondent represents that the following is his e-mail address

    _____@_____

53. Respondent acknowledges that the Department intends to use this e-mail address to communicate official matters to the Respondent and Respondent agrees to accept such communications

Guzman 2914

54    Respondent shall notify the Department when his address, telephone number and or e-mail address change in writing within 10 days of such change

55    Respondent shall provide the notification in writing to the Department's Licensing Unit at 42 Broadway, 5th Floor, NY, NY 10004 and the Legal Compliance and Fitness Division located at 42 Broadway, 9th Floor, NY, NY 10004

56    Respondent's failure to notify the Department of any change in address in a timely manner shall be sufficient grounds for the suspension of the license for a period of not less than three months, upon proof of the failure to notify the Department of such change and an opportunity to be heard

57    Respondent's failure to respond to any Department communication within the period specified in this Agreement or by law shall be deemed Respondent's failure to notify the Department of his/her whereabouts and shall be sufficient grounds for the suspension of the license, upon proof of such failure to respond and an opportunity to be heard

## VI.   BREACH OF THIS AGREEMENT

58    A finding, after notice and hearing, that Respondent has committed a material breach of the terms of this Agreement shall be sufficient grounds for the revocation of Respondent's license and for ineligibility to be licensed for a period of five years

59    Specific violations of this Agreement shall constitute independent and separate violations of any applicable law, regulation or rule

60    Violations of law and violations of this Agreement shall be assessed as separate fines, with a maximum penalty of $1,000 00 each

61    The following conduct shall be grounds for revocation of Respondent's DCA licenses:

   a    Respondent's failures to pay any restitution or fine ordered by DCA's administrative tribunal; and or

   b    Respondent's failure to pay any consumer restitution awarded by any

        other court or administrative body of competent jurisdiction within thirty days of Respondent's receipt of the decision of such court or the exhaustion of all appeals therefrom, whichever is later

Guzman 2915

## VII. WAIVER OF APPEALS

62  Respondent waives any right to a hearing, appeal of and/or any challenge of the facts alleged by the above-referenced violation under Sections 20-104 of the Code or under Article 78 of the New York State Civil Practice Law and Rules, Sections 7801-7806, in any forum

## VIII. DEPARTMENT'S AUTHORITY

63  Nothing in this Agreement shall be construed to limit in any way the authority of the Department to exercise its regulatory or enforcement powers under Sections 20-104 or 20-409 of the Code

Agreed to by Respondent

By: Michael Mosquera

Signature  Date: 8-17-09

Attorney for Respondent

Signature: N/A  Date

Accepted for The Department of Consumer Affairs

By: Allison René Johnson, Esq
Staff Counsel
Legal Compliance and Fitness

Signature: Allison René Johnson  Date: 8/17/09

Businesses licensed by the Department of Consumer Affairs (DCA) must comply with all relevant local, state and federal laws  Copies of New York City licensing and consumer protection laws are available in person at DCA's Licensing Center, located at 42 Broadway, 5th Floor, New York, NY, by calling 311, New York City's 24 hour Citizen Service Hotline, or by going online at www.nyc.gov/consumers.

11

Guzman 2916