CIVIL COURT OF THE CITY OF NEW YORK
COUNTY OF BRONX
------------------------------------------------------------X  INDEX NO. CIV 020105/06
PALISADES COLLECTION, LLC

                      Plaintiff,

-against-                                            **DECISION**

TERESA SMITH,

                      Defendant.
------------------------------------------------------------X

After a traverse hearing, in which both parties were represented by counsel, the decision of the court is as follows:

Benjamin Lamb, a licensed process server, testified for the plaintiff. He stated on direct examination that he had no independent recollection of this matter and that his testimony was based on the information contained in his affidavit of service, and his general practices and procedures, when serving process. He testified as follows: On March 17, 2006, at 2:59 p.m., he went to 1695 Grand Avenue in the County of the Bronx, and handed the Summons and Verified Complaint to one Yolanda Johnson, a black female, with black hair, who was approximately 5' 5" tall, and weighed about 150 to 160 pounds.

On cross examination, Mr. Lamb testified that he did not prepare the affidavit of service; that someone in his office prepared it, obtaining the information from his work sheet. He did not have this work sheet, nor his log book, or any other records. He stated that all of his records were lost, either when he left his home upon separating from his wife, or when someone broke into his car and stole everything that he had in the car. It should be noted that the court previously heard this account of missing records from this process server in another unrelated case. It was revealed that Mr. Lamb was a named defendant in a federal lawsuit where allegations of improper service

were made. During a deposition in that case, Mr. Lamb stated that in the service of process related to a plaintiff in that case, he lost his log book in the automobile break-in incident. He also stated in that deposition that in 2006, he served, on average, 70 to 80 documents per day, and when confronted with information showing that on two occasions he served two people at the same time, he claimed that those were typographical errors made by office personnel.

It was also revealed on cross-examination that in 2012, the Department of Consumer Affairs brought disciplinary charges against Mr. Lamb, which resulted in his signing a Consent Order, whereby he agreed to follow all of the Department's rules and regulations. He also paid a fine in the amount of $500.00.

Ms. Smith, the Defendant, testified that on the date of the service of the Summons and Complaint, she lived with her 16-year-old daughter and her nephew, neither of whom fit the description provided by the process server. Moreover, both of the them were in school at the time the documents were served, and no one named Yolanda Johnson lived in, or visited her household. It was revealed on cross-examination that Ms. Smith submitted two separate Orders to Show Cause in connection with this case, and there appear to be contradictions or inaccuracies in statements contained in the affidavits.

However, after listening to both of the witnesses, observing the demeanor of each, and reviewing the documentary evidence, I give more credit to the testimony of the Defendant, Teresa Smith. She testified more credibly, and most of her testimony was not shaken. The process server, Benjamin Lamb, was totally unbelievable. I find that Ms. Smith was not served with the Summons and Verified Complaint on March 17, 2006.

Accordingly, the defendant's Order to Show Cause seeking vacatur of the default judgment is granted. All enforcement efforts shall cease, and all orders related thereto are lifted,

and the action is dismissed.

    This constitutes the decision and Order of the Court. The defendant shall serve a copy of this Decision/Order upon the plaintiff with Notice of Entry, within twenty (20) days of its entry by the Clerk of the Court.

Dated: November 4, 2013

                                                       Hon. Ruben Franco, JCC

                                                       HON. R. FRANCO

[Stamp: Civil Court of the City of New York — NOV 07 2013 — ENTERED BRONX COUNTY]