

CITY OF NEW YORK
DEPARTMENT OF CONSUMER AFFAIRS

------------------------------------------------------------X

**DEPARTMENT OF CONSUMER AFFAIRS,**

                **Complainant,**

                **-against-**

**BENJAMIN S. LAMB**
**1833 AMSTERDAM AVE APT 1E**
**NEW YORK, NY 10031**

                **Respondent.**

------------------------------------------------------------X

**CONSENT ORDER**

**PROCESS SERVER**
**INDIVIDUAL**
**License # 1071492**

**Violation No. LL005287583**

**BENJAMIN S. LAMB** ("Respondent") consents to this Consent Order ("CO" or "Agreement") to settle the above-captioned matter with the Department of Consumer Affairs ("DCA" or "the Department") and agrees as follows:

## I. DEFINITIONS

A. "Affidavit of Service" or "Proof of Service" means a sworn statement in writing made under oath before a public notary in which the process server affirms that service of process in a matter was effectuated, the manner in which service was effectuated and other sworn statements.

B. "Bound volume" means a book, logbook, process server record or ledger that, at the time of purchase, contains a specified number of unfolded sheets of paper or other material that are permanently secured to covers by stitching, glue such other method that is calculated to make readily discernable the removal or inclusion of one or more sheets after the first use of such volume.

C. "Chronological" with respect to the notation in the process server record or logbook means that each notation shall be entered consecutively in order of date and time and that no blank spaces shall be left allowing the entry of an additional notation between any two notations.

D. "Contemporaneous" with respect to the entry of an event in a record or logbook means that each entry shall be made at or about the time as the act with respect to which the entry is made.

E. A "contest to service of process" means a challenge to the service of process effectuated by a process server alleged in an answer, motion, or other pleading submitted in a judicial, administrative or other legal proceeding on the ground that the service did not comply with the requirements of New York State or other applicable law, including a hearing commonly known as a "traverse hearing," whether such challenge is waived, settled by stipulation or decided by court order after a hearing.

F. "CPLR" means the New York Civil Practice Law and Rules.

G. "Disposition" of a case or traverse hearing means the court's final decision on the matter.

H. "Due diligence" in delivering process shall mean that three or more reasonable efforts were made to locate and deliver process personally to the person(s) to be served within the State.

I. "Logbook" shall mean the bound volume in which a process server maintains records of all attempted and effected services of process, as prescribed by 6 RCNY § 2-233.

J. "Material breach" means the failure to comply with this Agreement in whole or in part by commission or omission without legal excuse.

K. "Paginated" means each page in the volume or logbook must contain either a page number in sequence starting with the number "1" at the time of purchase or an indelible label stating the number of pages the volume originally contained.

L. "Person" shall mean any individual, firm, company, partnership, corporation, association or other organization.

M. "Process" means a summons, notice of petition, order to show cause, subpoena, notice, citation or other legal paper issued under the laws of the State of New York directing an appearance or response to a legal action, legal proceeding or administrative proceeding; provided, however, that if under the laws of the State of New York the mailing of such legal paper is sufficient to effect service, such legal paper shall not be process for the purpose of this Agreement.

N. "Reasonable efforts" means that attempts to serve process are made at times, dates or locations the Respondent knows the person to be served could reasonably be found.

O. "Reasonable efforts to effectuate service by personal delivery" means that the Respondent shall attempt personal delivery more than once and that he/she shall deliver process by conspicuous place service only after the third attempt to find the person to whom service must be delivered.

P. "Reasonable efforts to locate" means that Respondent has made reasonable attempts to locate the person to be served and confirmed the address or location by dependable sources before delivering process.

Q. "Same time" with respect to efforts to make delivery means within two hours before and after of an hour.

R. "Serve" or "service" shall mean the delivery of process in a manner prescribed by the laws of the State of New York.

S. Other terms are defined in 6 RCNY § 2-231.

## II. INJUNCTIVE RELIEF

### Duty to Comply With Law

1) Respondent shall strictly and promptly comply with all laws, rules, regulations and requirements of the federal, state and municipal authorities and this Agreement when serving process.

### Duties When Effectuating Service on a Natural Person

2) When effectuating service of process by conspicuous place service, Respondent shall affix the process to be served to the door of the person to be served and to no other.

3) When effectuating service of process by conspicuous place service, Respondent shall at all times attach the process to the dwelling place door of the person to be served with tape.

4) When making diligent efforts to deliver process in accordance with the requirements of CPLR § 308, all attempts of service shall not be made on the same day and no two attempts at delivery shall be made at the same time on different days.

5) Respondent shall make reasonable efforts to confirm whether the address at which service is attempted is the actual place of business, dwelling place or usual place of abode of the person to be served. Respondent shall make and maintain a record of those efforts, which shall include, but not be limited to, at least one of the following: inquiring of neighbors and other persons present at those locations, checking public

and commercial databases, and requesting information from the owner of the premises, if different from the person to be served.

6) Respondent shall not deliver process at a location that he knows not to be the actual place of business, dwelling place, or usual place of abode of the person to be served, unless permitted by statute or by binding case law.

7) Respondent shall always write "personal and confidential" on the mailing envelope when delivering or completing service by mail to a business address.

8) Respondent shall insure that any mailing is made to the location indicated by the applicable law.

9) Respondent shall not indicate on mailing envelopes that the communication is from an attorney or concerning an action against the person sought to be served.

## Duty to Maintain Proper Records

10) Respondent shall maintain records of attempted and effected service of process in the City of New York as required by General Business Law § 89-cc and 6 RCNY §§ 2-233, 233a, 233b, 235.

### *Affidavits of Service*

11) Respondent shall maintain electronic copies of all affidavits of service signed by him/her. Each affidavit of service shall be maintained as a separate electronic file and the electronic files shall be maintained chronologically and named in the following manner:

Example: smithj-20120101-1

**Process Server Last Name and First Initial (no spaces)-**
**Date of Service (YYYYMMDD)-**
**Unique Identifying Number (to distinguish between multiple services on the same date).**

### *Logbooks*

12) Respondent shall maintain a record of all service attempted or effected by him/her in the City of New York in a bound volume, which shall mean a book or ledger that **at the time of purchase** contains a specified number of unfolded sheets of paper or other material that are permanently secured to covers by stitching, glue, or any other such method that is calculated to make readily discernable the removal or insertion of one or more sheets after the first use of such volume. The bound volume is often referred to as the process server's logbook.

4

13) All service attempted or effected by Respondent in the City of New York shall be entered in a single logbook until it is complete.

14) Respondent shall ensure that each page in his/her logbook, **at the time of purchase,** is sequentially numbered starting with the number "1" or contains an indelible label stating the number of pages the volume originally contained.

15) All entries shall be made contemporaneously, which shall mean at or near the time of the event as to which an entry is recorded, or within a reasonable time thereafter.

16) All entries shall be made in chronological order, which shall mean that each entry be entered sequentially according to the time and date of the activity recorded and **without leaving any blank spaces** between each entry that would allow for the insertion of any additional notation between any two entries..

17) Each entry in the logbook shall be legible, meaning easily read and discernible in all of its details, and in no way obscured.

18) Corrections shall be made only by drawing a straight line through the inaccurate entry and clearly printing the accurate information directly above the inaccurate entry.  All other methods of correction, including but not limited to, erasing, opaquing, obliterating, or redacting, are prohibited.

19) Respondent shall maintain separate entries in each logbook for every attempted and effected service of process *(i.e, entries for attempted and effected services cannot be combined on the same line).*

20) Respondent shall maintain in his/her hardcopy logbooks all information required by General Business Law § 89-cc and 6 RCNY § 2-233 with respect to every case in which he/she attempts or effectuates service of process, including but not limited to the following:

    a.  the name **and** license number of the process serving agency from whom the process served was received, or, if not received from a process serving agency, of such other person or organization from whom the process served was received

    b.  the title of the action (if there is one) or a reasonable abbreviation thereof

    c.  the name of the individual, company or organization served, if known

    d.  the date and approximate time service was effected

    e.  the address where service was effected

    f.  the nature of the papers served

g. the court in which the action has been commenced

h. the index number of the action, if known

i. the description of the individual served, if applicable

j. the type of service effected (personal, substituted, conspicuous, or corporate)

k. for service of process effected by conspicuous service, the color **and** composition of hallway walls adjacent to the door to which process was affixed

l. for service of process effected by conspicuous service, the color **and** composition of the hallway floor or doorstep

m. for service of process effected by conspicuous service, the location of the premises in relation to stairs, elevators or entranceways

n. for service of process made pursuant to RPAPL § 735(1) using registered or certified mail, the postal receipt number of the registered or certified mail

*Electronic Records and GPS*

21) Respondent shall maintain records of attempted and effected service of process in the City of New York in an electronic format that is resistant to tampering, as prescribed by 6 RCNY § 2-233a(a).

22) Respondent shall maintain the electronic records that are required to be maintained pursuant to 6 RCNY § 2-233a by choosing one of the following methods:

Method 1: Scanning logbooks into image files (*e.g.*, .PDF or .TIFF) and backing up the files to a portable media device in accordance with 6 RCNY § 2-233a(a)(1).

Method 2: Inputting information into the DCA-created Excel spreadsheet (available on the DCA website) and backing up the file to portable media devices in accordance with 6 RCNY § 2-233a(b)(1).

Method 3: Uploading data to a third party service provider in accordance with 6 RCNY § 2-233a(b)(1).

23) If Respondent chooses to maintain electronic records by using Methods 2 or 3, Respondent shall ensure that the following information is contained in each entry:

a. the name of the individual process server to whom service was assigned, entered in two fields (last name, first name)

b. the license number of the individual process server to whom service was assigned, entered as a seven digit number, where the first number is zero if the process server's license number is less than seven digits

c. the title of the action or proceeding, if any

d. the name of the individual, company or organization served, if known

e. the date that service was effected, entered as MM/DD/YYYY

f. the time that service was effected, entered as military time

g. the address where service was effected, entered as three different fields such that
one field will be for the street address and any apartment number, the second field will be for the city or borough, and the third field will be for zip code

h. the nature of the papers served

i. the court in which the action was commenced, entered as either Civil Court NYC,
Civil Supreme, Criminal, Housing(L/T), or District Court, followed by the county of the court, the judicial department if appellate, or the federal district

j. the full index number, entered with all information necessary to identify the case,
such as XXXXX/XX, unless the case is a Civil Local matter, in which case, it will include the prefix of CV, CC, LT, MI, NC, RE, SC, or TS

k. if service was effected pursuant to subdivisions (1) through (3) of CPLR §308, a
description of the person served, consisting of six fields, including sex, hair color, approximate age, height, weight, and any other identifying features provided by the process server

l. whether service was delivered, as indicated by a Y or N

m. the type of service effected, entered as a P for personal service, an S for substitute
service, a C for conspicuous service, or a CO for corporate service

n. if service was effected pursuant to subdivision (4) of CPLR §308 or subdivision
one of RPAPL §735, a description of the door and the area adjacent

24) In every instance in which Respondent attempts or effects service of process in New York City, Respondent shall, immediately after attempting or effecting service, create an electronic record of the location, time and date of the attempted or effected service, as determined by Global Positioning System ("GPS") technology or, in the event that no GPS signal is available at the time of attempted or effected service of process, the location, time and date as determined by triangulated cell tower signals.

25) Except when Respondent attempts or effects service of process at multiple apartments or offices within the same building, in every instance in which Respondent attempts or effects service of process in New York City, Respondent shall ensure that his/her GPS records include a photograph of the outside of the building where Respondent attempted or effected service of process. The photograph must include the entire front entrance door to the building, which shall take up no more than one-third of the photograph. The photograph should include, if possible, the number of the building as well. If Respondent attempts or effects service of process at multiple apartments or offices within the same building, only the GPS record corresponding to the last attempted or effected service of process within the building must include a photograph of the outside of the building where Respondent attempted or effected service of process. Where Respondent is unable to obtain a GPS or cellular signal in the direct vicinity of the building where process was attempted or effected, Respondent shall, as soon as a GPS or cellular signal becomes available:

   a. take a photograph of the outside of the nearest building in accordance with the instructions above; and

   b. indicate in the GPS record the address of the photographed building or the nearest cross-section.

26) Prior to signing this Consent Order, Respondent shall enter into a contract with an independent third party ("the Contractor") pursuant to which the Contractor will provide services and perform functions described below that enable Respondent to meet the data storage and retrieval requirements set forth below, provided, however, that if Respondent performs process serving activities distributed to him or her by a licensed process serving agency, the process server may utilize the device and facilities for the electronic record of service that the process serving agency obtains under a contract with a Contractor. Respondent shall ensure that the Contractor store each electronic record of service according to the following terms:

   a. the original digital file must be maintained by the Contractor unaltered for a period of not less than seven years;

8

b.  neither Respondent nor the process serving agency will be permitted to alter the original data, but may obtain copies of the original data file;

c.  the Contractor must maintain the records in a manner that will permit retrieval by the DCA license number of the process server, the DCA license number of the process serving agency that has distributed the process for service, the name of the plaintiff or petitioner, the name of the defendant or respondent, the docket number (if any), the name of the person to whom process is delivered and a unique file identifier of the process being served;

d.  the Contractor must maintain the records in a manner that will ensure that their integrity is adequate for admissibility in a judicial proceeding under the rules of evidence applicable in the state of New York;

e.  the Contractor must produce upon request by the Department, and to any other party according to an appropriate order or subpoena, a copy of the electronic records, or any reasonably described part involved, certified to be true and accurate;

f.  the Contractor must provide to the Department upon request a street map in hard copy format and access to an interactive electronic street map that display the locations where the digital records were recorded with a date and time provided by GPS or cellular date and time;

g.  the Contractor must provide to the Department upon request, and to any other party according to an appropriate order or subpoena, such software as may be necessary to display the electronic records in an MS Excel spreadsheet, 2003 version or later, with the following fields and in the following data formats:

- a unique file identifier of the process being served;
- the process server's license number;
- the process serving agency's license number;
- Plaintiff or petitioner, which must be specified by the last name of the first plaintiff, or, if not a natural person, the name of the entity, except that the field may contain the name of every plaintiff or petitioner in the case, provided that the entire record is searchable by a wildcard search of the name of any plaintiff or petitioner;
- Defendant or respondent, which must be specified by the last name of the first defendant, or, if not a natural person, the name of the entity, except that the field may contain the name of every defendant or respondent in the case, provided that the entire record is searchable by a wildcard search of the name of any defendant or respondent;
- the full docket/index number, which must be entered with all information necessary to identify the case, such as XXXXXX/XX, unless the case is a

9

Civil Local matter, in which case, it will include the prefix of CV, CC, LT, MI, NC, RE, SC, or TS;

- the date that service was effected or attempted **according to the device**, which must be entered as MM/DD/YYYY;
- the time that service was effected or attempted **according to the device**, which must be entered in military time;
- the date that service was effected or attempted **according to GPS or cellular signals**, which must be entered as MM/DD/YYYY;
- the time that service was effected or attempted **according to GPS or cellular signals**, which must be entered as military time;
- the address where service was effected or attempted, which must consist of four fields in the following order: building number, street name, city, and zip code, which must be five digits. All address information must be CASS (Coding Accuracy Support System) processed to insure its accuracy with software graded to be CASS Certified by the National Customer Support Center of the United States Postal Service;
- the name of the intended recipient of the process, which must be entered in two data fields such that the first data field is the last name of the intended recipient, or, if not a natural person, the name of the entity, and the second data field is the first name of the intended recipient if a natural person; and
- the name of the person to whom process was delivered, which must be entered in two data fields such that the first data field is the last name of the person, and the second data field is the first name of the person.

### Completion of Affidavits and other Proofs of Service

27) Respondent shall strictly and promptly conform to all federal, state and municipal laws, rules, regulations and requirements relating to the preparation, notarization and filing of affidavits of service, as required by 6 RCNY § 2-234.

28) Respondent's affidavits of service shall be truthful, contain all information required by law, and contain the following facts, where applicable:

   a.  Respondent's license number;

   b.  Except where the process effectuated was not received from a process serving agency, the name and address of the process serving agency from whom the process served was received;

   c.  A detailed description of Respondent's efforts to effectuate personal delivery within the State;

   d.  Respondent's source of the information about the whereabouts of the person to be served;

  e. A description of Respondent's efforts to confirm the information about the whereabouts of the person to be served;

  f. The location and detailed description of the place where delivery was effectuated;

  g. The time that process was delivered;

  h. Whether the Respondent made use of a picture or other physical representations of the person(s) to be served when delivering process;

  i. A description of the age, height, weight, skin color, and hair color of the person to whom delivery of process was made;

  j. Whether Respondent knows or does not know the name(s) of the person(s) to whom service was delivered.

  k. The name and description of any witnesses to the delivery of process;

  l. Where service of process is accomplished by personal delivery, all information confirming that Respondent knew the person to whom process was delivered to be the actual intended recipient of the process; and

  m. Where information required is unknown, Respondent shall clearly state so in the affidavit.

29) Respondent shall not sign or notarize or cause to be signed or notarized any affidavit of service until all factual averments have been set forth.

30) Respondent shall not sign his/her name on any affidavit containing any information that has the capacity, tendency or effect of intentionally misleading a reader of the affidavit.

31) Any affidavit affirmed by Respondent that has the capacity, tendency or effect of misleading a reader of the affidavit shall be considered intentional if there are repeated similar acts because of Respondent's or Respondent's agent's use of canned or form language.

32) It shall be the Respondent's burden to show that he/she did not intend the affidavit to be misleading.

33) Respondent shall not use fictitious names in his/her affidavit to refer to defendants or persons, except when Respondent is unable to obtain the name of the person. Where Respondent is unable to obtain the first name of the person, Respondent shall use either "John" (for a male) or "Jane" (for a female) to represent the first name of the

person.   When Respondent is unable to obtain the last name of the person, Respondent shall use "Doe" to represent the last name of the person.

### Duty to Maintain List of Process Server Agencies Assigning Process

34) Respondent shall maintain a list of the name and address of each process serving agency from whom Respondent received process to be served in New York City. The process server shall maintain the list for seven (7) years and produce it upon request by the Department, as required by 6 RCNY § 2-234b.

### Duty to Report Contested Service of Process

35) Whenever Respondent receives any type of notice, including an oral communication, that a court has scheduled a hearing concerning a contest to service of process by Respondent (a.k.a. "traverse hearing"), Respondent shall submit a report to the Department, within ten days of receiving such notice, using the traverse report form annexed as Attachment A (available on the Department's website).  Respondent shall submit the completed traverse report form by e-mail to: **traversereports@dca.nyc.gov**.

36) Each traverse report form notifying the Department of a scheduled traverse hearing shall minimally include the following information:

   a.  The date of the hearing;

   b.  The name of the court, county, and judge before whom the hearing is scheduled;

   c.  The index number of the action or proceeding;

   d.  The name of the petitioner or plaintiff;

   e.  The name of the respondent or defendant;

   f.  The process server's name;

   g.  The process server's license number; and

   h.  The name of the process serving agency on behalf of whom service was effectuated;

37) Respondent shall learn the result of each **scheduled** traverse hearing that concerns service of process by Respondent, including any judicial order, waiver of the hearing or voluntary settlement resolving the challenge to service of process.

38) Respondent shall obtain a copy of the court's order or decision on any traverse hearings that actually occur, including any stipulation or court file jacket setting forth the final disposition of the matter.

39) Within ten days of learning the result of a traverse hearing, including any judicial order, waiver of the hearing or voluntary settlement resolving the challenge to service of process, Respondent shall notify the Department of the result by submitting a traverse report to the Department by email, to: **traversereports@dca.nyc.gov**, using the report form annexed as <u>Attachment A</u> (will be made available on the Department's web site).

40) Respondent shall append a copy of the court's order or decision on any traverse hearings that actually occur to Respondent's traverse report, including any stipulation or court file jacket setting forth the final disposition of the matter.

41) Respondent and the process serving agency for whom he or she serves process must **each** submit a completed Traverse Report Form upon learning of the scheduling of a traverse hearing **and** learning the result of a traverse hearing.

42) Respondent shall maintain an electronic record of every traverse hearing scheduled concerning service of process by Respondent using the form maintained as <u>Attachment B</u>. All traverse hearings shall be maintained in one Microsoft Excel file (will be made available on the Department's website).

### Providing Identification

43) Respondent may not possess, display or wear any badges, insignias, shields, medals or decoration while serving process.

44) Respondent shall display his Department identification card upon request of a person upon whom Respondent is attempting service or any other interested person.

### Training and Exams

45) Respondent shall attend any future training about the laws and regulations that relate to and govern the service of process in the City of New York upon notice from the Department that it has determined that there is available within the City of New York one or more programs that provide such training in a satisfactory manner.

46) Respondent's failure to provide proof of having attended such training, after notice has been issued that such training is available, shall be sufficient grounds for the revocation of his or her license or denial of his or her license renewal application until such time as this requirement is met.

### Inspection of Records

47) Upon notification from the Department, Respondent shall appear at the Department for a review of Respondent's compliance with the terms of this Agreement and such other issues as the Department, in its discretion, deems appropriate. Respondent shall produce such records as the Department may request at the scheduled meeting.

Failure to appear at a scheduled meeting or produce requested documents will constitute a violation of this Order.

## III. FINES

48) Respondent shall pay a fine of **$500** in settlement of all the violations to date in the above-referenced matter. Payment is due upon execution of this CO.

## IV. RESOLUTION OF CONSUMER COMPLAINTS

49) Respondent shall provide to the Department a reply to all consumer complaints to the Department relating to Respondent's process serving activity within ten (10) business days of receiving the complaint.

50) Respondent shall respond to any subsequent communications from the Department concerning the complaint within five (5) business days.

51) Nothing in this provision waives or diminishes Respondent's obligation to comply with Title 6 of the Rules of the City of New York, Section 1-13.

52) Respondent shall provide to the Department a copy of every written complaint that Respondent receives from any other governmental or non-governmental entity and Respondent's response thereto within ten days of Respondent's receipt of the complaint. Respondent shall report to the Department the resolution of every such complaint and provide a copy of any writing setting forth the resolution within ten (10) business days of learning such resolution.

## V. RESPONDENT'S DUTY TO REPORT CHANGES OF ADDRESS TO THE DEPARTMENT

53) Respondent affirms that the address and telephone number listed with the Department are current and correct.

54) Respondent represents that the following is his e-mail address:



Respondent acknowledges that the Department intends to use this e-mail address to communicate official matters to Respondent and Respondent agrees to accept such communications and respond to them in a timely manner.

55) Respondent shall notify the Department when his or her address, telephone number or e-mail address changes, in writing, within ten (10) days of such change.

56) Respondent shall provide such notification in writing to the Department's Licensing Division at 42 Broadway, 5th Floor, NY, NY 10004 and to the Department's Legal Division at 42 Broadway, 9th Floor, NY, NY 10004.

57) Respondent's failure to notify the Department of any change in address in a timely manner shall be sufficient grounds for the suspension of any Department license held by Respondent for a period of not less than three months, upon proof of the failure to notify the Department of such change and an opportunity to be heard.

58) Respondent's failure to respond to any Department communication within the period specified in this Agreement or by law shall be deemed Respondent's failure to notify the Department of his or her whereabouts, and shall be sufficient grounds for the suspension of any or all of Respondent's Department licenses, upon proof of such failure to respond and an opportunity to be heard.

## VI.   RESPONDENT'S DUTY TO RESPOND TO ALL REQUESTS FOR INFORMATION ON CRIMINAL COMPLAINTS OR ARRESTS

59) Respondent will respond within the time required to any correspondence from the Department requesting further information on the status or disposition of any criminal complaints or arrests of Respondent.

60) Respondent's failure to respond within the time required to any correspondence from the Department regarding the status or disposition of any criminal complaint or arrest of Respondent will be considered a breach of this Agreement and shall be sufficient grounds for the suspension of Respondent's license, upon proof of such failure and an opportunity to be heard.

## VII.   BREACH OF THIS AGREEMENT

61) A finding, after notice and hearing, that Respondent has committed a material breach of the terms of this Agreement shall be sufficient grounds for the revocation of Respondent's license and for ineligibility to be licensed for a period of five (5) years.

62) Specific violations of this Agreement shall constitute independent and separate violations of any applicable law, regulation or rule.

63) Violations of laws, violations of Department rules and violations of this Agreement shall be assessed as separate fines, with a maximum penalty of $1,000.00 each.

64) The following conduct shall also be grounds for revocation of any or all of Respondent's Department licenses:

  a. Respondent's failure to pay any restitution or fine ordered by the Department's administrative tribunal; or

15

    b. Respondent's failure to pay any consumer restitution awarded by any other court or administrative body of competent jurisdiction within thirty days of Respondent's receipt of the decision of such court order or the exhaustion of all appeals therefrom, whichever is later.

## VIII.   WAIVER OF APPEALS

65) Respondent waives any right to a hearing, appeal of or any challenge of the facts alleged by the above-referenced violation under Section 20-104 of the New York City Administrative Code or under Article 78 of the New York State Civil Practice Law and Rules, Sections 7801-7806, in any forum.

## IX.   DEPARTMENT'S AUTHORITY

66) Nothing in this Agreement shall be construed to limit in any way the authority of the Department to exercise its regulatory or enforcement powers under Sections 20-104 or 20-409 of the Code.

Agreed to by Respondent

Accepted for the NYC Department of Consumer Affairs

**Jonathan Mintz,**
Commissioner

By: BENJAMIN S. LAMB

By: _Alvin A. Liu_ , Esq.
Staff Attorney
Legal Division

Signature      Date            9/13/12

_Alvin A. Lu_   9/13/12
Signature      Date

Businesses licensed by the Department of Consumer Affairs (DCA) must comply with all relevant local, state and federal laws. Copies of New York City licensing and consumer protection laws are available in person at DCA's Licensing Center, located at 42 Broadway, 5th Floor, New York, NY, by calling 311, New York City's 24-hour Citizen Service Hotline, or by going online to www.nyc.gov/consumers.