CIVIL COURT OF THE CITY OF NEW YORK
COUNTY OF NEW YORK: PART 72
-----------------------------------------------------------------X
NCO PORTFOLIO MANAGEMENT,

                    Plaintiff,

   - against -

HECTOR B. CARRASCO,

                    Defendant.
-----------------------------------------------------------------X

Index Number: 30036/08

Decision After Traverse

Arthur F. Engoron, Judge

After a traverse hearing held on August 26, 2009, and after post-trial submissions, and after due deliberation, this Court finds that plaintiff failed to sustain its burden of proof on the issue of service of process and that the traverse should be, and hereby is, sustained. Accordingly, the clerk shall enter judgment dismissing the instant action.

Defendant testified that he did not receive any notice of the instant action until he received, by mail, a notice of garnishment. This Court finds this testimony credible. In light of defendant's denial of service, the burden of proof was on plaintiff to demonstrate proper service.

Plaintiff's process server, Angelo Rivera, testified on direct and cross-examination at the hearing. As for the alleged service, he mostly just read from his affidavit of service and submitted his "log book" into evidence. This Court does not expect perfect matches between records and facts, but plaintiff's evidence simply had too many inconsistencies and raised too many questions. First and foremost, the affidavit of service alleges delivery to "Cynthia Carrasco." None of the various female residents of defendant's apartment has that name. The closest is his sister, named "Sagrario." As Mr. Rivera stated that he spoke <u>in Spanish</u> to the person to whom he delivered process, one would not expect him to mistake her name so completely. There were also some slight inconsistencies between the affidavit of service's description of "Cynthia" and defendant's description of "Sagrario," but this Court does not place much weight on them. However, of greater concern is the fact that the log book failed to include required information, such as defendant's apartment number, the caption of the action, and the index number. Furthermore, the book as a whole was not paginated, as required.

Given the foregoing findings, this Court need not and does not reach the interesting legal question, ably briefed by counsel, as to the extent to which an affidavit of service can be used to make out a prima facie case of proper service, especially where the process server was subject to cross-examination.

Dated:   November 10, 2009

                                                                                     Arthur F. Engoron, J.C.C.