UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
**JOSE GUZMAN**

                                                                              **Case No.: 1:16-cv-03499-GBD**

                            **Plaintiff,**

      -against-

**MEL S. HARRIS AND ASSOCIATES, LLC
LR CREDIT 13, LLC
MEL S. HARRIS
DAVID WALDMAN
KERRY H. LUTZ
TODD FABACHER
MICHAEL YOUNG
SAMSERV, INC
JOHN ANDINO
WILLIAM MLOTOK**

                            **Defendants.**
-------------------------------------------------------------------X

### PLAINTIFF'S FIRST SET OF DISCOVERY DEMANDS TO ALL DEFENDANTS

      Plaintiff serves the above referenced discovery instrument to the above referenced parties by and through said party's counsel as indicated in the certificate of service below.

                                      Respectfully submitted,
                                      /s/
                                      Ahmad Keshavarz
                                      THE LAW OFFICES OF AHMAD KESHAVARZ
                                      16 Court St., 26th Floor
                                      Brooklyn, NY 11241-1026
                                      Phone: (718) 522-7900
                                      Fax:   (877) 496-7809 (toll-free)
                                      Email: ahmad@NewYorkConsumerAttorney.com

### CERTIFICATE OF SERVICE

I hereby certify that on this day I served the above referenced document to the parties listed below via email to:

        Defendants
        MEL S. HARRIS AND ASSOCIATES, LLC
        MEL S. HARRIS
        DAVID WALDMAN

       TODD FABACHER
       MICHAEL YOUNG
       by and through their attorneys of record
       Brett A. Scher, Esq.
       Amanda R. Griner, Esq.
       Kaufman Dolowich & Voluck LLP
       135 Crossways Park Drive, Suite 201
       Woodbury, NY 11797
       Phone: (718) 940-6311
       Email:   bscher@kdvlaw.com
       Email:   agriner@kdvlaw.com

       SAMSERV, INC
       WILLIAM MLOTOK
       by and through their attorneys of record
       Jeffrey S. Lichtman
       O'Hare Parnagian LLP
       82 Wall Street, Suite 300
       New York, NY 10005-3683
       Phone: 212-425-1401
       Fax: 212-425-1421 (fax)
       Email: jlichtman@ohareparnagian.com
       Email: alevitt@ohareparnagian.com

       LR CREDIT 13, LLC
       Scott S. Balber
       David W. Leimbach, Esq.
       Herbert Smith Freehills New York LLP
       450 Lexington Avenue, 14th Floor
       New York, NY 10017
       Email: Scott.Balber@hsf.com
       Email: David.Leimbach@hsf.com

Date:  August 1, 2016
       Brooklyn, NY
/s/
Ahmad Keshavarz
Plaintiff's Attorney

## INTERROGATORIES

1. Identify[1] all persons who you believe have knowledge of relevant facts, identify the issues upon which you believe they have knowledge, and provide a brief summary of their knowledge. This includes the full legal name for the entity(ies) you used to verify the debt which the Plaintiff was alleged to have owed and for the entity(ies) you used to attempt to collect the debt which the Plaintiff was alleged to have owed.

2. "Identify" the name and address of every witness you expect to call at the trial of this case, and summarize the testimony you expect each such witness to give. State the names, addresses, and telephone numbers of persons having knowledge of relevant facts, and give a statement of each identified person's connection with the case and what relevant facts you contend they have.

3. State the names and addresses of all persons who participated in responding to these discovery requests or who provided any information for the responses to these discovery requests. Please supplement your answer for any future discovery request.

4. For any requested information about a document that no longer exists or cannot be located, identify the document, state how and when it passed out of existence, or when it could no longer be located, and the reasons for the disappearance. Also, identify each person having knowledge about the disposition or loss, and identify each document evidencing the existence or nonexistence of each document that cannot be located.

5. Identify the existence, custodian, location and general description of relevant documents in this action.

6. If you dispute that you are a debt collector governed by the FDCPA in this action, what is the basis for your assertion?

---

[1] Identify all persons who you believe have knowledge of relevant facts, identify the issues upon which you believe they have knowledge, and provide a brief summary of their knowledge. This includes the full legal name for the entity(ies) you used to verify the debt which the Plaintiff was alleged to have owed and for the entity(ies) you used to attempt to collect the debt which the Plaintiff was alleged to have owed.

**REQUESTS FOR PRODUCTION OF DOCUMENTS**

Please produce the all of the following documents "in your possession, custody, or control:"

1. The documents filed in *Sykes* that were sealed. This includes, without limitation, sealed documents filed relating to the motion for class certification and the appeal from the order granting class certification.

2. Unredacted copies of pleadings in *Sykes* that were filed in a redacted form. This includes, without limitation, pleadings related to class certification and appeal from the order granting class certification.

3. All depositions in *Sykes*, except for the depositions of the plaintiffs in that case, if any. If in electronic format, please produce in the electronic format.

4. All documents within your possession, custody, or control regarding the Plaintiff, Mr. Guzman, and the putative debt sought to be collected from him.

5. All contracts or other documents describing the relationship between and among the Defendants in Sykes, including Lucedia.

6. All recordings of telephone calls with Mr. Guzman or related to the attempts to collect the putative debt from Mr. Guzman.

7. All documents, if any, upon which you base your affirmative defense(s).

8. The Microsoft Access database entitled "Process Service Management System" referenced in the Egleson Declaration attached to the complaint in this action. Please produce in the electronic form.

9. The "the full and complete record in the Sykes Litigation" referenced by LR Credit 13 in paragraph 37 of its' Answer, other than publicly available documents on PACER.

10. Any discovery answers or documents produced by any defendant in *Sykes*, including access to any electronic information made available in discovery.

11. If you contend you performed a meaningful attorney review prior to filing any pleading in the collection lawsuit or in the post judgment discovery or executions, produce devices in connection with the collection of the judgment in the collection case.

12. Documents sufficient to demonstrate the members of LR Credit 13, LLC.

13. Documents reflecting the principal person(s) to who derive payments, proceeds , or other income from LR Credit 13, LLC.

14. Any insurance policies and declaration sheets that may cover the claims brought by way of this suit, regardless of whether you have forwarded this claim to your insurance carrier. This includes any insurance policy and declaration at the process serving company Mlotok's currently does work for. This also includes any insurance policy and declaration sheet at Einstein & Associates as it relates to Mr. Young.

15. Any letters from the insurance companies who may provide coverage for claims in this suit as to whether and to what extent defense is being provided with a reservation of rights. This includes and communications with any insurance broker.

16. All documents you reference in your initial disclosures.

17. If you dispute that you are a debt collector governed by the FDCPA in this action, please produce all documents upon which you base your assertion.

18. Any demands for indemnification or contribution in this case.

19. If any of the documents you produce use abbreviations or codes, please provide a copy of a manual or other such document that reflects the meaning of said abbreviations or codes.

20. Every document that you intend to use or introduce into evidence at the trial of this case.

21. Documents regarding the formation of the LLCs in this action and continued maintenance of the LLC structure.

## REQUESTS FOR ADMISSION

1. You are a debt collector as defined in the Fair Debt Collections Practices Act, 15 U.S.C. § 1692 et seq.

2. The putative debt sought to be collected from Plaintiff was an alleged obligation incurred primarily for family, personal, or household purposes.

3. You regularly collect consumer debts alleged to be due to another.

4. Todd Fabacher regularly executed affidavits of merit in connection with the debt collection activity of Mel S. Harris & Associates.

5. Todd Fabacher regularly executed affidavits of merit in connection with the debt collection activity of LR Credit.

## DEFINITIONS AND INSTRUCTIONS

### A.  INSTRUCTIONS FOR REQUESTS FOR PRODUCTION OF DOCUMENTS.

 THE REQUESTING Plaintiff serves this request for production on the above referenced party, as authorized by Federal Rule of Civil Procedure 34.  As required by Rule 34(b), Defendant must produce all requested documents for inspection and copying either as they are kept in the ordinary course of business or segregated according to each request.  The documents must be produced within 30 days, at The Law Office of Ahmad Keshavarz, 16 Court St., Suite 2600, Brooklyn, NY 11241-1026.

     Answer each request for documents separately by listing the documents and by describing them as defined below. If documents produced in response to this request are numbered for production, in each response provide both the information that identifies the document and the document's number.

     For a document that no longer exists or that cannot be located, identify the document, state how and when it passed out of existence, or when it could no longer be located, and the reasons for the disappearance. Also, identify each person having knowledge about the disposition or loss of the document, and identify any other document evidencing the lost document's existence or any facts about the lost document.

     **For any requested information about a document that no longer exists or cannot be located, identify the document, state how and when it passed out of existence, or when it could no longer be located, and the reasons for the disappearance.  Also, identify each person having knowledge about the disposition or loss, and identify each document evidencing the existence or nonexistence of each document that cannot be located.**

### B.  INSTRUCTIONS FOR INTERROGATORY REQUESTS.

Plaintiff serves these interrogatories on Defendant as authorized by Federal Rule of Civil Procedure 33.  Defendant must serve an answer to each interrogatory separately and fully, in writing and under oath, within 30 days.

   For any requested information about a document that no longer exists or cannot be located, identify the document, state how and when it passed out of existence, or when it could no longer be located, and the reasons for the disappearance.  Also, identify each person having knowledge about the disposition or loss, and identify each document evidencing the existence or nonexistence of each document that cannot be located.

### C.  INSTRUCTIONS FOR REQUESTS FOR ADMISSION

Plaintiff serves these requests for admissions upon Defendant as authorized by Federal Rule of Civil Procedure 36. Defendant must serve an answer to each request separately and fully, in writing and under oath, within 14 days after service as per the May 18, 2015 agreement of the parties read into the record.

D.  **DEFINITIONS.**

Plaintiff incorporates by reference the uniform discovery definitions of Local Rule 26.3.

The following definitions shall have the following meanings, unless the context requires otherwise:

1. "Sykes" means the case Sykes v. Mel Harris & Associates, LLC et al, 1:09-cv-08486-DC, SD NY.
2. Plaintiff of Mr. Guzman, means the Plaintiff in this federal lawsuit, Jose Guzman.
3. Defendant(s) means the Defendant in this federal lawsuit.
4. The "collections lawsuit" or the "underlying action" means the state court lawsuit that forms the basis of this federal action.
5. "THE REQUESTING Plaintiff" or "the requesting party" means the Plaintiff propounding this discovery request as indicated in the title of the discovery request, unless otherwise noted.
6. "THE ALLEGED CREDITOR" means the creditor to whom the alleged debt was owed in the underlying action.
7. "THE ALLEGED DEBT" or "PUTATIVE DEBT" means the debt sought to be collected by way of the underlying action, as well as the judgment that resulted from the collection lawsuit.
8. "THE ALLEGED ACCOUNT" means the account for which you were attempting to verify the debt in the underlying action, from the original creditor to today.
9. "THE ALLEGED ASSIGNEES" means the persons or entities you assert were at some time assigned the alleged debt.
10. Communication. The term "communication" means the transmittal of information (in the form of facts, ideas, inquiries or otherwise).
11. Document. The term "document" is defined to be synonymous in meaning and equal in scope to the usage of this term in Federal Rule of Civil Procedure 34(a), including, without limitation, electronic or computerized data compilations. A draft or non-identical copy is a separate document within the meaning of this term.
12. Identify (with respect to persons). When referring to a person, "to identify" means to give, to the extent known, the person's full name, present or last known address, and when referring to a natural person, additionally, the present or last known place of employment. Once a person has been identified in accordance with this subparagraph, only the name of that person need be listed in response to subsequent discovery requesting the identification of that person.
13. Identify (with respect to documents). When referring to documents, "to identify" means to give, to the extent known, the (I) type of document; (ii) general subject matter; (iii) date of the document; and (iv) author(s), addressee(s) and recipient(s).
14. Parties. The terms "plaintiff" and "defendant" as well as a party's full or abbreviated name or a pronoun referring to a party mean the party and, where applicable, its officers, directors, employees, partners, corporate parent, subsidiaries, or affiliates.
15. Person. The term "person" is defined as any natural person or any business, legal, or

governmental entity or association.
16. Concerning. The term "concerning" means relating to, referring to, describing, evidencing or constituting.
17. All/Each. The terms "all" and "each" shall be construed as all and each.
18. And/Or. The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.
19. Number. The use of the singular form of any word includes the plural and vice versa.
20. "THE REQUESTING Plaintiff" or "the requesting party" means the Plaintiff propounding this discovery request as indicated in the title of the discovery request, unless otherwise noted.
21. "Plaintiff" means the Plaintiff listed in this cause.
22. "YOU" or "your" means the party to whom this discovery request is directed, its successors, predecessors, divisions, subsidiaries, present and former officers, agents, employees, and all other persons acting on behalf of the responding party or its successors, predecessors, divisions, and subsidiaries.
23. The term "Plaintiff" means the Plaintiff listed in the style of this cause, as well as a party's full or abbreviated name or a pronoun referring to a party, means the party, and where applicable, its agents, representatives, officers, directors, employees, partners, corporate agents, subsidiaries, affiliates, or any other person acting in concert with it or under its control, whether directly or indirectly, including any attorney.
24. "Possession, custody, or control" of an item means that the person either has physical possession of the item or has a right to possession that is equal or superior to the person who has physical possession of the item.
25. "File" means any collection or group of documents maintained, held, stored, or used together, including, without limitation, all collections of documents maintained, held, or stored in folders, notebooks, or other devices for separating or organizing documents.
26. "Relating to" and "relates to" means, without limitation, embodying, mentioning, or concerning, directly or indirectly, the subject matter identified in the request.
27. "Date" means the exact date, month, and year, if ascertainable, or, if not, the best available approximation.

# PRIVILEGE LOGS

Please produce a privilege log if you are asserting any attorney client privilege, workproduct privilege, or assertion of confidentiality.

Please take note of Local Rule 26.2(a) and (b) which states:
.
> Local Civil Rule 26.2. Assertion of Claim of Privilege
>
> (a) Where a claim of privilege is asserted in objecting to any means of discovery or disclosure, including but not limited to a deposition, and an answer is not provided on the basis of such assertion,
>
>> (1) The attorney asserting the privilege shall identify the nature of the privilege(including work product) which is being claimed and, if the privilege is governed by state law, indicate the state's privilege rule being invoked; and
>>
>> (2) The following information shall be provided in the objection, unless divulgence of such information would cause disclosure of the allegedly privileged information:
>>
>>> (A) For documents: (I) the type of document, e.g., letter or memorandum;
>>>
>>> (ii) the general subject matter of the document; (iii) the date of the document; and(iv) such other information as is sufficient to identify the document for a subpoena duces tecum, including, where appropriate, the author of the document, the addressees of the document, and any other recipients shown in the document, and, where not apparent, the relationship of the author, addressees, and recipients to each other;
>>>
>>> (B) For oral communications: (I) the name of the person making the communication and the names of persons present while the communication was made and, where not apparent, the relationship of the persons present to the person making the communication; (ii) the date and place of communication; and (iii) the general subject matter of the communication.
>
> (b) Where a claim of privilege is asserted during a deposition, and information is not provided on the basis of such assertion, the information set forth in paragraph (a) above shall be furnished (1) at the deposition, to the extent it is readily available from the witness being deposed or otherwise, and (2) to the extent the information is not readily available at the deposition, in writing within fourteen (14) days after the deposition session at which the privilege is asserted, unless otherwise ordered by the court.
>
> (c) Where a claim of privilege is asserted in response to discovery or disclosure other than a deposition, and information is not provided on the basis of such assertion, the information set forth in paragraph (a) above shall be furnished in writing at the time of the response to such discovery or disclosure, unless otherwise ordered by the court.