

Hon. Ronald L. Ellis
United States Magistrate Judge
United States Courthouse
500 Pearl Street
New York, NY 10007-1312

Herbert Smith Freehills New York LLP
450 Lexington Avenue, 14th floor
New York, NY 10017
USA
T +1 917 542 7600
F +1 917 542 7601
D +1 917 542 7810
E scott.balber@hsf.com
www.herbertsmithfreehills.com

Our ref
30991826
Your ref

By ECF

Date
January 30 2017

Re: *Guzman v. Mel S. Harris and Associates, LLC*
Case No. 1:16-cv-03499-GBD-RLE
Defendant LR Credit 13, LLC's Request for Pre-Motion Discovery Conference

Dear Judge Ellis:

This firm represents Defendant LR Credit 13, LLC ("LRC") in the above-captioned action. In accordance with Local Civil Rule 37.2, LRC writes to request a pre-motion discovery conference. In particular, LRC seeks an order compelling Plaintiff Jose Guzman ("Plaintiff") to produce certain documents responsive to LRC's document requests within one week of the Court's ruling on these issues.

**Summary of Case**

Plaintiff is an individual who opted out of the recovery conferred by the settlement of the class action entitled *Sykes v. Mel S. Harris, LLC, et al.*, 1:09-cv-08486-DC (S.D.N.Y.). Plaintiff asserts claims against LRC under the Fair Debt Collection Practices Act and New York General Business Law § 349. In particular, Plaintiff alleges that he experienced garden-variety emotional distress after learning, in or around July 2015, of a default judgment against him. Plaintiff alleges that the default judgment—which was vacated upon stipulation of the parties a few months later in October 2015—was obtained through improper service.

**Summary of Discovery Dispute**

LRC served Plaintiff with its First Set of Requests for Production of Documents (attached hereto as **Exhibit A**) on October 19, 2016, and Plaintiff served his Original Answers to Defendant LR Credit 13, LLC's First Set of Discovery Demands (attached hereto as **Exhibit B**) on November 18, 2016.

Herbert Smith Freehills New York LLP and Herbert Smith Freehills, an Australian Partnership, are separate member firms of the international legal practice known as Herbert Smith Freehills.

Herbert Smith Freehills New York LLP is a limited liability partnership registered in England and Wales with registered number OC375072. Its registered office is at Exchange House, Primrose Street, London EC2A 2EG.



Date
January 30 2017
Letter to
Hon. Ronald L. Ellis

Plaintiff has refused to produce any documents responsive to several of LRC's document requests, including requests numbered 13 through 19.[1]  The parties met and conferred regarding Plaintiff's discovery responses; however, Plaintiff still refuses to produce documents responsive to certain requests. LRC now seeks to compel Plaintiff's production.

**Documents Concerning Plaintiff's Finances**

Document requests numbered 13 through 16 seek basic information concerning Plaintiff's finances. In particular, they seek the following:

- Plaintiff's federal and state tax returns for the years 2014 and 2015 (Request No. 13);

- statements from the years 2014, 2015, or 2016 for any bank account, brokerage account, or retirement account held by Plaintiff (Request No. 14);

- documents sufficient to show Plaintiff's annual income in 2014, 2015, and 2016 (Request No. 15); and

- documents sufficient to show Plaintiff's net worth in 2014, 2015, and 2016 (Request No. 16).

Plaintiff has objected on privacy and relevance grounds.

Plaintiff's privacy objection lacks merit because his privacy concerns are adequately addressed by designating the responsive documents as "Confidential" pursuant to the Stipulated Confidentiality Agreement and Protective Order entered by Judge Daniels on September 28, 2016 (ECF No. 75). Indeed, the parties' stipulated confidentiality agreement expressly applies to, among other things, "net worth and financial information . . . including tax returns [and] bank statements."  (*See* § 2(a).)  Therefore, it was clearly contemplated by both parties that such documents would be produced in this case.

Plaintiff's relevance objection lacks merit because the discovery sought is reasonably calculated to lead to the discovery of relevant information.  Information concerning Plaintiff's finances is, or has the potential to be, relevant for multiple reasons.  First, Plaintiff's only alleged <u>actual</u> damages are for garden-variety emotional distress.  Assuming, *arguendo*, that Plaintiff can establish liability against LRC, the jury will need to quantify Plaintiff's alleged damages.  Information concerning Plaintiff's financial circumstances could be relevant to the jury's determination of the extent of alleged distress, if any, and the amount of money needed to compensate Plaintiff for his alleged emotional distress.  Second, Plaintiff alleges that LRC's default judgment against him caused his alleged emotional distress.  LRC is entitled to explore potential alternate causes of Plaintiff's alleged emotional distress, especially other factors affecting Plaintiff's financial circumstances, which may have caused the alleged distress.  The Complaint alleges that Plaintiff "feared . . . that he would not be able to pay his rent" and was "concerned about being able to provide for his growing family." (Complaint ¶ 63.)  Those allegations put Plaintiff's financial situation directly in issue.  Therefore, LRC is entitled to documents responsive to requests numbered 13 through 16.

**Documents Concerning Plaintiff's Debts**

Document request number 17 seeks "documents and communications concerning any relationship between [Plaintiff] and First USA Bank."  First USA Bank was the name of the original creditor specified in the complaint in the underlying collections lawsuit against Plaintiff.  Strangely, Plaintiff objects to this

---

[1]  To help avoid confusion, LRC notes that Plaintiff incorrectly numbered some of LRC's document requests in his responses.  In this letter, LRC refers to the numbering used in its requests, not the incorrect numbering used in Plaintiff's responses.

2



Date
January 30 2017
Letter to
Hon. Ronald L. Ellis

request "on the grounds that it seeks discovery that is not relevant, nor reasonably tailored to lead to the discovery of relevant information." Notably, the Complaint expressly alleges that "Mr. Guzman has never had an account with 'FIRST USA BANK.'" (Complaint ¶ 25.) If Plaintiff has no responsive documents, then he should simply state that, but, to the extent Plaintiff has any documents responsive to this request, they must be produced, as such documents directly relate to the allegations in Plaintiff's complaint.

Relatedly, document request number 18 seeks "documents and communications concerning any relationship between [Plaintiff] and Banco Popular North America" and document request number 19 seeks "documents and communications concerning any consumer debt greater than $5,000 owed by [Plaintiff] between January 1, 2000 and May 1, 2007." Plaintiff objects to these requests on privacy and relevance grounds. Plaintiff's privacy objection again lacks merit for the same reason stated above—*i.e.*, Plaintiff can simply designate the documents as "Confidential" in accordance with the parties' Stipulated Confidentiality Agreement and Protective Order.

Additionally, document requests numbered 18 and 19 are reasonably calculated to lead to the discovery of relevant information. In particular, LRC seeks to explore information related to Plaintiff's consumer debts around the time of the debt identified in the underlying collections lawsuit. Such information could be relevant to both (1) Plaintiff's alleged emotional distress damages and (2) Plaintiff's allegation that "Defendants committed the above described acts willfully and/or knowingly." (Complaint ¶ 87.) For example, a validly existing debt owed by Plaintiff to an entity other than First USA Bank could evidence a clerical error in the underlying collections lawsuit and negate any intent. Documents responsive to these requests are highly relevant because a document produced in discovery suggests a possible debt owed by Plaintiff to Banco Popular North America during the relevant time period. Moreover, understanding Plaintiff's debt profile could provide irreplaceable insight into whether Plaintiff indeed reasonably experienced emotional distress relating to this one alleged debt. Therefore, LRC is entitled to documents responsive to requests numbered 18 and 19.

**Conclusion**

Accordingly, Defendant LR Credit 13, LLC seeks an order compelling Plaintiff Jose Guzman to produce any documents in his possession, custody, or control responsive to LRC's document requests numbered 13 through 19.

        Respectfully submitted,

        */s/ Scott S. Balber*
        Scott S. Balber

cc: all counsel of record (by ECF)

**CERTIFICATION OF CONFERENCE**

    On December 8, 2016, I attempted to resolve the discovery issues described above during a telephonic meet and confer with Plaintiff's counsel. I spoke with Plaintiff's counsel for approximately thirty minutes, and we were unable to come to agreement on the disputes described above.

Dated:  January 30, 2017
       New York, New York

        */s/ Scott S. Balber*
        Scott S. Balber

# Exhibit A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JOSE GUZMAN,<br><br>                Plaintiff,<br><br>  -against-<br><br>MEL S. HARRIS AND ASSOCIATES, LLC<br>LR CREDIT 13, LLC<br>MEL S. HARRIS<br>DAVID WALDMAN<br>KERRY H. LUTZ<br>TODD FABACHER<br>MICHAEL YOUNG<br>SAMSERV, INC<br>JOHN ADINO<br>WILLIAM MLOTOK<br>                Defendants. | Case No. 16-cv-03499 (GBD)<br><br>**LR CREDIT 13, LLC'S<br>FIRST SET OF REQUESTS FOR<br>PRODUCTION OF DOCUMENTS** |

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Defendant LR Credit 13, LLC hereby requests that Plaintiff Jose Guzman produce the documents and other materials listed below in his possession, custody, or control for inspection and copying at the offices of Herbert Smith Freehills New York LLP, 450 Lexington Avenue, 14th Floor, New York, New York 10017, within 30 days of the service hereof.

### Definitions and Instructions

    A.    These Requests incorporate by reference the full text of the definitions and rules of construction set forth in the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York.

    B.    The term "communication" means the transmittal of information (in the form of facts, ideas, inquiries or otherwise).

C. The term "document" includes, but is not limited to, writings, emails, handwritten notes, drawings, graphs, charts, photographs, sound recordings, images, and other data or data compilations.

D. "You" and "your" refer to Plaintiff Jose Guzman.

E. "Complaint" means Plaintiff's Complaint in this action dated May 10, 2016.

F. If a portion of an otherwise responsive document contains information subject to a claim of privilege, those portions of the document subject to the claim of privilege shall be deleted or redacted from the document and the rest of the document shall be produced.

G. Pursuant to Fed. R. Civ. P. 26(e)(l)(A), these Requests shall be deemed continuing in nature, and Plaintiff shall be under a continuing duty to furnish additional and supplemental responses and documents when such further responses and documents become known or available.

## Document Requests

1. All documents and communications responsive to Samserv, Inc.'s and William Mlotok's Request for Production of Documents, dated September 27, 2016.

2. All documents and communications concerning this action.

3. All documents and communications concerning the events described in the Complaint.

4. All documents and communications concerning any allegation in the Complaint.

5. All documents and communications relating to all monetary damages allegedly sustained by you in connection with any event described in the Complaint.

6. All documents and communications concerning all injuries you claim to have suffered as a result of the events described in the Complaint, including any emotional distress,

psychological harm, injury, or trauma you claim to have suffered as a result of the events described in the Complaint.

7. All documents and communications concerning medications prescribed to or taken by you as a result of any injury or any emotional distress, psychological harm, injury, or trauma you claim to have suffered as a result of the events described in the Complaint.

8. All documents and communications concerning any emotional distress, anxiety, difficulty sleeping, psychological harm, injury, or trauma you experienced or claimed to have experienced from 2000 to present, including, but not limited to, documents concerning any medications prescribed to or taken by you as a result of such a condition or any medical diagnosis or treatment regarding such a condition.

9. All documents and communications in your possession, custody or control concerning any other Parties in this action, including any documents and communications provided by you to other Parties in this action.

10. All documents and communications concerning the lawsuit captioned, *LR Credit 13, LLC v. Jose Guzman*, Index No. 043405-07/BX (Civil Court of New York, County of Bronx).

11. All documents and communications concerning any expert you intend to use as a testifying expert at any trial in this action, including without limitation any and all source materials, records, and information that may be relied upon by, analyzed by, and/or provided to or received from such expert.

12. All documents and communications you intend to use at any trial in this action.

13. All of your federal and state tax returns for the years 2014 and 2015.

14. All statements from the years 2014, 2015, or 2016 for any bank account, brokerage account, or retirement account held by you in your name.

15. Documents sufficient to show your annual income in 2014, 2015, and 2016.

16. Documents sufficient to show your net worth in 2014, 2015, and 2016.

17. All documents and communications concerning any relationship between you and First USA Bank.

18. All documents and communications concerning any relationship between you and Banco Popular North America.

19. All documents and communications concerning any consumer debt greater than $5,000 owed by you between January 1, 2000 and May 1, 2007.

20. All documents reflecting communications between you and your employer(s) concerning the events described in the Complaint.

21. All documents or communications relating to the assertion in your Affidavit in Support of Order to Show Cause to Vacate Default Judgment and Dismiss for Lack of Personal Jurisdiction, dated July 23, 2015, that you had the meritorious defense of "Payment."

Dated: New York, New York
       October 19, 2016

HERBERT SMITH FREEHILLS NEW YORK LLP

By: _____
Scott S. Balber
David W. Leimbach
450 Lexington Ave, 14th Floor
New York, New York 10017
Tel: (917) 542-7600
Fax: (917) 542-7601
Scott.Balber@hsf.com
*Attorneys for Defendant LR Credit 13, LLC*

## CERTIFICATE OF SERVICE

On October 19, 2016, I caused true and correct copies of the foregoing First Set of Requests for Production of Documents to be served by regular first class mail and email upon the following:

>Ahmad Keshavarz, Esq.
>The Law Office of Ahmad Keshavarz
>16 Court St., 26th Floor
>Brooklyn, NY 11241-1026
>ahmad@NewYorkConsumerAttorney.com
>*Attorneys for Plaintiff*
>
>Jeffrey S. Lichtman, Esq.
>O'HARE PARNAGIAN LLP
>82 Wall Street, Suite 300
>New York, New York 10005
>jlichtman@ohareparnagian.com
>*Attorneys for Defendants Samserv Inc. and William Mlotok*

Dated: New York, New York
       October 19, 2016

_____
David W. Leimbach

# Exhibit B

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **JOSE GUZMAN ,**<br><br>                          **Plaintiff,**<br><br>    **-AGAINST-**<br><br>**MEL S. HARRIS AND ASSOCIATES, LLC, et al.,**<br><br>                          **Defendants.** | No.Civ.: 1:16-cv-03499-GBD |

## PLAINTIFF'S ORIGINAL ANSWERS TO DEFENDANT LR CREDIT 13, LLC'S FIRST SET OF DISCOVERY DEMANDS

Plaintiff JOSE GUZMAN serves the above referenced discovery instrument to the above referenced parties by and through said parties' counsel as indicated in the certificate of service below.

Respectfully submitted,

    /s/

Ahmad Keshavarz
THE LAW OFFICES OF AHMAD KESHAVARZ
16 Court St., 26th Floor
Brooklyn, NY 11241-1026
Phone: (718) 522-7900
Fax:    (877) 496-7809 (toll-free)
Email: ahmad@NewYorkConsumerAttorney.com


## CERTIFICATE OF SERVICE

I hereby certify that on this day I served the above referenced document to the party listed below via email:

    Defendant LR Credit 13, LLC
    By and through its attorneys of record:
    Scott Sonny Balber
    David Wayne Leimbach
    Herbert Smith Freehills NY LLP
    450 Lexington Ave, 14th Floor
    New York, NY 10017
    Phone: 917-542-7600
    Fax: 917-5427601
    Email: scott.balber@hsf.com

1

Email: david.leimbach@hsf.com

Defendants Samserv, Inc and William Mlotok
By and through their attorney of record:
Jeffrey S. Lichtman
O'Hare Parnagian LLP
82 Wall Street, Suite 300
New York, NY 10005
Phone: 212-425-1401
Fax: 212-425-1425
Email: jlichtman@ohareparnagian.com

Date:  November 18, 2016
       Brooklyn, NY
/s/
Ahmad Keshavarz
Counsel for Plaintiff

## GENERAL RESPONSES AND OBJECTIONS

A. Plaintiff objects to each request to the extent that it seeks communications between Plaintiff and his counsel or attorney workproduct.

B. Where applicable, Plaintiff will supplement his discovery responses as this case progresses.

## REQUESTS FOR PRODUCTION OF DOCUMENTS

Please produce the following documents:

1) **All documents and communications responsive to Samserv, Inc,'s and William Mlotok's Request for Production of Document, dated September 27, 2016.**

    Plaintiff will produce documents responsive to this request, Subject to said objections and without waiving Plaintiff's objections to Samserv, Inc.'s and William Mlotok's Request for Production of Documents, dated September 27, 2016.

2) **All documents and communications concerning this action.**

    Plaintiff objects to this request on the grounds that it seeks discovery that is overly broad, indefinite, and vague. Subject to said objections and without waiving the foregoing, Plaintiff will produce documents responsive to this request.

3) **All documents and communications concerning the events described in the Complaint.**

    Plaintiff objects to this request on the grounds that it seeks discovery that is overly broad, indefinite, and vague. Subject to said objections and without waiving the foregoing, Plaintiff will produce documents responsive to this request.

4) **All documents and communications concerning any allegation in the Complaint**

    Plaintiff objects to this request on the grounds that it seeks discovery that is overly broad, indefinite, and vague. Subject to said objections and without waiving the foregoing, Plaintiff will produce documents responsive to this request.

5) **All documents and communications relating to all monetary damages allegedly sustained by you in connection with any event described in the Complaint.**

    Plaintiff objects to this request on the grounds that it seeks discovery that is overly broad, indefinite, and vague. Subject to said objections and without waiving the foregoing, Plaintiff will produce documents responsive to this request.

6) **All documents and communications concerning all injuries you claim to have suffered as a result of the events described in the Complaint, including any emotional distress, psychological harm, injury, or trauma you claim to have suffered as a result of the events described in the Complaint.**

    Plaintiff objects to this request on the grounds that it seeks discovery that is overly broad, indefinite, and vague. Subject to said objections and without waiving the foregoing, Plaintiff will produce documents responsive to this request.

Case 1:16-cv-03499-GBD-RLE   Document 192-53   Filed 07/30/17   Page 43 of 109

7) **All documents and communications concerning medications prescribed to or taken by you as a result of any injury or any emotional distress, psychological harm, injury, or trauma you claim to have suffered as a result of the events described in the Complaint.**

Plaintiff has no documents responsive to this request regarding prescriptions. Plaintiff is searching for responsive documents as to non-prescription medications, if any, and will supplement.

8) **All documents and communications concerning any emotional distress, anxiety, difficulty sleeping, psychological harm, injury, or trauma you experienced or claim to have experienced from 2000 to present, including, but not limited to, documents concerning any medications prescribed to or taken by you as a result of such a condition or any medical diagnosis or treatment regarding such a condition.**

Plaintiff objects to this request on the grounds that it seeks discovery that is overly broad, indefinite, and vague.

Plaintiff has no documents responsive to this request regarding prescriptions. Plaintiff is searching for responsive documents as to non-prescription medications, if any, and will supplement.

9) **All documents and communications in your possession, custody, or control concerning any other Parties in this action, including any documents and communications provided by you to other Parties in this action.**

10) Plaintiff objects to this request on the grounds that it seeks discovery that is overly broad, indefinite, and vague. Subject to said objections and without waiving the foregoing, Plaintiff will produce documents responsive to this request. This excludes any settlement agreement with the MSH Defendants, which is subject to a confidentiality provision.

11) **All documents and communications concerning the lawsuit captioned, *LR Credit 13, LLC v. Jose Guzman*, Index No. 043405-07/BX (Civil Court of New York, County of Bronx).**

Plaintiff objects to this request on the grounds that it seeks discovery that is overly broad, indefinite, and vague. Subject to said objections and without waiving the foregoing, Plaintiff will produce documents responsive to this request.

12) **All documents and communications concerning any expert you intend to use as a testifying expert at any trial in this action, including, without limitation, any and all source materials, records, and information that may be relied upon by, analyzed by, and/or provided to or received from such expert.**

Plaintiff will provide responsive documents, if any, pursuant to the scheduling order or pre-trial order in this case.

13) **All documents and communications you intend to use at any trial in this action.**

Plaintiff objects to this request on the grounds that it seeks discovery that is overly broad, indefinite, and vague. Subject to said objections and without waiving the foregoing, Plaintiff will comply with the pre-trial order in this case

4

14) **All of your federal and state tax returns for the years 2014 and 2015.**

   Plaintiff objects to this request on the grounds that it seeks discovery that is not relevant, nor reasonably tailored to lead to the discovery of relevant information. Further, this request invades the privacy of Plaintiff.

15) **All statements from the years 2014, 2015, or 2016 for any bank account, brokerage account, or retirement account held by you in your name.**

   Plaintiff objects to this request on the grounds that it seeks discovery that is not relevant, nor reasonably tailored to lead to the discovery of relevant information. Further, this request invades the privacy of Plaintiff.

16) **Documents sufficient to show your annual income in 2014, 2015, and 2016.**

   Plaintiff objects to this request on the grounds that it seeks discovery that is not relevant, nor reasonably tailored to lead to the discovery of relevant information. Further, this request invades the privacy of Plaintiff.

17) **Documents sufficient to show your net worth in 2014, 2015, and 2016.**

   Plaintiff objects to this request on the grounds that it seeks discovery that is overly broad, indefinite, vague, and seeks discovery that is not relevant, nor reasonably tailored to lead to the discovery of relevant information.

18) **All documents and communications concerning any relationship between you and First USA Bank.**

   Plaintiff has never had a credit card with First USA Bank. Therefore, Plaintiff objects to this request on the grounds that it seeks discovery that is not relevant, nor reasonably tailored to lead to the discovery of relevant information.

19) **All documents and communications concerning any relationship between you and Banco Popular North America.**

   Plaintiff was not alleged in the collection lawsuit to have a credit card with Banco Popular North America. Therefore, Plaintiff objects to this request on the grounds that it seeks discovery that is not relevant, nor reasonably tailored to lead to the discovery of relevant information.

20) **All documents and communications concerning any consumer debt greater than $5,000 owed by you between January 1, 2000 and May 1, 2007.**

   Plaintiff objects to this request on the grounds that it seeks discovery that is overly broad, indefinite, vague, and seeks discovery that is not relevant, nor reasonably tailored to lead to the discovery of relevant information. Further, this request invades the privacy of Plaintiff.

21) **All documents reflecting communications between you and your employer(s) concerning the events described in the Complaint.**

   Plaintiff will produce documents responsive to this request.

22) **All documents or communications relating to the assertion in your Affidavit in Support of Order to Show Cause to Vacate Default Judgment and Dismiss for Lack of Personal Jurisdiction, dated July 23, 2015, that you had the meritorious defense of "Payment."**

5

Plaintiff objects to this request on the grounds that it seeks discovery that is overly broad, indefinite, vague, and seeks discovery that is not relevant, nor reasonably tailored to lead to the discovery of relevant information.

## REQUESTS FOR INTERROGATORIES

1) **Identify all persons with knowledge concerning the events described in the Complaint, and state the subject matter of their knowledge.**

    See persons listed in Plaintiff's initial disclosures and any amendments thereto. Those answers are hereby incorporated by reference.

2) **Identify all persons with knowledge of all injuries or damage you claim to have suffered as a result of the events described in the Complaint.**

    See persons listed in Plaintiff's initial disclosures and any amendments thereto. Those answers are hereby incorporated by reference.

3) **Identify all persons with knowledge of any emotional distress, psychological harm, injury, or trauma you claim to have suffered as a result of the events described in the Complaint.**

    See persons listed in Plaintiff's initial disclosures and any amendments thereto. Those answers are hereby incorporated by reference.

4) **Identify all persons with knowledge of medications prescribed to or taken by you as a result of any injury or any psychological harm, injury, or trauma you claim to have suffered as a result of the events described in the Complaint.**

    Not applicable as to prescription medications. Plaintiff will amend as to over-the-counter drugs.

5) **Identify all persons with knowledge of treatments you have received in connection with any injury or any psychological harm, injury, or trauma you claim to have suffered as a result of the events described in the Complaint.**

    Not applicable.

6) **For all damages you claim have arisen from the events described in the Complaint, state with particularity (a) the calculations used to determine each category of damages, (b) the categories and amounts of any damages, lost contracts, lost profits, or out-of-pocket expenses, and (c) the efforts you employed, if any, to mitigate your purported damages.**

    Objection, this request violates Local Rule 33.3. Subject to said objections and without waiving the same, Plaintiff states that his initial disclosure answers (and any amendments thereto) provide "the basis for a computation of each category of damages claimed by the Plaintiff" as per Fed.R.Civ.P. 26(a)(1) and Local Rule 33.3(a). Those answers are incorporated by reference.

7) **Identify the location of all documents and communications concerning the events described in the Complaint.**

    Subject to the prior objections to the document production demands, I have provided responsive documents to my counsel.

On information and belief, the original Defendants in this action have documents responsive to this request.

8) **Identify all persons possessing photographs or video or audio recordings of any of the events described in the Complaint.**

   None to my knowledge.

9) **Set forth the date that you first experienced the emotional distress described in Paragraph 63 of the Complaint.**

   Objection, this request violates Local Rule 33.3.

10) **Identify all persons who have knowledge of any fact pertaining to the emotional distress.**

    See persons listed in Plaintiff's initial disclosures and any amendments thereto. Those answers are hereby incorporated by reference.

11) **Identify all persons who can compare your emotional condition prior to and following your receipt of the information subpoena and questionnaire referenced in Paragraph 63 of the Complaint.**

    See persons listed in Plaintiff's initial disclosures and any amendments thereto. Those answers are hereby incorporated by reference.

12) **Set forth the amount of compensation to which you claim to be entitled as a result of the emotional distress.**

    Objection, this request violates Local Rule 33.3. Subject to said objections and without waiving the same, Plaintiff states that his initial disclosure answers (and any amendments thereto) provide "the basis for a computation of each category of damages claimed by the Plaintiff" as per Fed.R.Civ.P. 26(a)(1) and Local Rule 33.3(a). Those answers are incorporated by reference.

13) **Set forth the method by which you calculated the amount to which you claim to be entitled as a result of the emotional distress.**

    Objection, this request violates Local Rule 33.3. Subject to said objections and without waiving the same, Plaintiff states that his initial disclosure answers (and any amendments thereto) provide "the basis for a computation of each category of damages claimed by the Plaintiff" as per Fed.R.Civ.P. 26(a)(1) and Local Rule 33.3(a). Those answers are incorporated by reference.

14) **If you have ever resided at the address 1304 Boston Rd., Bronx, NY 10456, set forth the start date(s) and the end date(s) for any period(s) of time during which you resided there.**

    Objection, this request violates Local Rule 33.3.

15) **Set forth the start date(s) and end date(s) for any period(s) of time during which you resided at 735 East 163rd St., Apt 3G, Bronx, NY 10456.**

    Objection, this request violates Local Rule 33.3.

16) **State the amount for your gross annual income in the years 2014 and 2015 and the amount of your expected gross annual income in the year 2016.**

    Objection, this request violates Local Rule 33.3. Plaintiff further objects to this request on the grounds that it seeks discovery that is overly broad, indefinite, vague, and seeks discovery that is not relevant, nor reasonably tailored to lead to the discovery of relevant information.

17) **State the amount of your net worth in the years 2014 and 2015 and at present.**

    Objection, this request violates Local Rule 33.3. Plaintiff further objects to this request on the grounds that it seeks discovery that is overly broad, indefinite, vague, and seeks discovery that is not relevant, nor reasonably tailored to lead to the discovery of relevant information.

18) **Describe the relationship, if any, between you and Banco Popular North America.**

    Objection, this request violates Local Rule 33.3. Plaintiff further objects to this request on the grounds that it seeks discovery that is overly broad, indefinite, vague, and seeks discovery that is not relevant, nor reasonably tailored to lead to the discovery of relevant information.

19) **Did you incur any consumer debt greater than $5,000 owed to any creditor, during the period January 1, 2000 to May 1, 2007? If the answer is yes, set forth for each such debt 1) the date the debt was incurred, 2) the amount of the debt, 3) the name of the creditor, and 4) a brief description of the reason for the debt.**

    Objection, this request violates Local Rule 33.3. Plaintiff further objects to this request on the grounds that it seeks discovery that is overly broad, indefinite, vague, and seeks discovery that is not relevant, nor reasonably tailored to lead to the discovery of relevant information.

20) **Set forth the basis, if any, for the assertion in your Affidavit in Support of Order to Show Cause to Vacate Default Judgment and Dismiss for Lack of Personal Jurisdiction, dated July 23, 2015, that you have the meritorious defense of "Payment."**

    Objection, this request violates Local Rule 33.3.

21) **Identify each witness, including experts, you anticipate testifying in this matter and the subject matter of each witness's testimony.**

    Objection, this request violates Local Rule 33.3. Objection, seeks information governed by attorney workproduct. Subject to said objections and without waiving the same, see Rule 26 disclosures and any amendments thereto. Plaintiff will comply with the pretrial scheduling order.