CIVIL COURT OF THE CITY OF NEW YORK
COUNTY OF _____ _BRON_ ✓ _____

-----------------------------------------------------------x    Index No. _93 405 - 2007_

_LR CREDIT 13, LLC,_

                Plaintiff,

        -  against  -

_JOSE GUZMAN_ ,

                Defendant

-----------------------------------------------------------x

**AFFIDAVIT IN SUPPORT OF
ORDER TO SHOW CAUSE
TO VACATE DEFAULT
JUDGMENT AND DISMISS FOR
LACK OF PERSONAL
JURISDICTION**

_NO FILE AVAILABLE_

STATE OF NEW YORK   )
ss:
COUNTY OF _BRONX_   )

   _JOSE GUZMAN_ _____, being duly sworn, depose and say that:

1. I am an unrepresented Defendant in the above-captioned action.

2. I am fully familiar with the facts set out in this Affidavit.

3. I submit this Affidavit in support of this Order to Show Cause to vacate the default judgment and dismiss the action for lack of personal jurisdiction and attach the following exhibit(s) in support: _information subpoena and_ _questionnaire (see Exhibit A). I have requested_ _a copy of the courtfile but it is unavable._

4. Because this Affidavit contains a sworn denial of the affidavit of service I request the Court hold a traverse hearing.

5. On _____ _June 12_ _____, 20_07_, Plaintiff commenced this action by filing the Summons and Complaint.

                              _1_ of _8_

*Defendant does not have access to affidavit of service.*

6. A default judgment was entered against me in this action on _____

_____September   21, 2007_____.

7. I have not had an opportunity to review the affidavit of service and have requested a copy of the court file from the Clerk's Office. To my knowledge with regard to alleged service of the Summons and Complaint, I dispute the allegations of the process server for the following reasons:

☑ I was never personally served with a copy of the Summons and Complaint

☑ A copy of the Summons and Complaint was never left with a person of suitable age and discretion at my residence or place of employment.

☑ A copy of the Summons and Complaint was never attached to the door of my residence.

☑ I did not receive a copy of the Summons and Complaint in the mail.

8. I discovered that Plaintiff commenced this action when:

_I received a copy of an information_

_subpoena and questionnaire from my_

_employer._

_____

$2$ of $\tilde{7}$

9. Because I never received notice about the lawsuit, I have a reasonable excuse for my default.

10. I also have one or more meritorious defenses.

☑ **I do not owe the money.**

☐ **I am a victim of identity theft or mistaken identity.**

☑ **Payment.**

☑ **Incorrect Amount.**

☑ **No business relationship with the plaintiff.  (Plaintiff lacks standing.)**

☐ **The NYC Department of Consumer Affairs shows no record of plaintiff having a license to collect debt.**

☐ **There is no debt collection license number in the complaint.**

☑ **Statute of limitations.**

☐ **The debt was discharged in bankruptcy.**

☐ **The collateral (property) was not sold at a commercially reasonable price.**

☑ **Unjust enrichment.**

☐ **Violation of the duty of good faith and fair dealing.**

☐ **Unconscionability (the contract is unfair).**

☐ **Laches.**

☐ **Defendant is in the military.**

☐ **Other Defense.**

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

11. **Notice of Entry.** I note that:

☑ I was not served with written notice of entry of a judgment or order.

☐ I received a copy of the judgment or order with written notice of its entry

on or about _____

and I am filing this motion within the year of service.

12. **Protected Income.** In addition, I note that my sole source of income is

_____, which is exempt from collection.

13. The CLARO Program helped me prepare this Affidavit in support of my Order to

Show Cause to Vacate the Default Judgment.

$4$ of $8$

571, 745 N.Y.S.2d 719, 719-20 (2d Dept. 2002).  An affidavit by defendant that raises an issue

of fact as to jurisdiction is sufficient to rebut the process server's affidavit. National Union Fire

Ins. v. Montgomery, 245 A.D. 2d 150, 665 N.Y.S.2d 665, 666 (1st Dept. 1997).

20.  This Affidavit raises a question of fact with respect to this Court's jurisdiction, which

should be resolved through a traverse hearing. See Kingsland Grp. v. Pose, 296 A.D.2d 440, 440-

41, 744 N.Y.S.2d 715, 716 (2d Dept. 2002) ("[S]ince there was a sworn denial of receipt of

process, the affidavit of service is rebutted and the plaintiff must establish jurisdiction by a

preponderance of the evidence at a hearing."); In re St. Christopher-Ottilie, 169 A.D.2d 690, 691,

565 N.Y.S.2d 72, 73 (1st Dept. 1991) ("[T]he court erred in failing to hold a traverse hearing on

the issue of the propriety of personal service, since respondent has raised an issue of fact with

respect to the service of the petition.").

21.  If this Court finds that C.P.L.R. § 5015(a)(4) does not apply in this action, the Court

may vacate the judgment based on excusable default under C.P.L.R. § 5015(a)(1). Mayers v.

Cadmen Towers, Inc., 89 A.D.2d 844, 845, 453 N.Y.S.2d 25, 26-27 (2d Dept. 1982) (remitting

the case for a hearing to determine "whether the court had jurisdiction over defendant, and, if it

did . . . whether leave to interpose an answer containing all or only some defenses should be

granted in view of the prejudice, if any, caused by the defendant's default").

22.  Excusable default requires a finding of a reasonable excuse for the default and the

existence of a potentially meritorious defense to warrant vacatur of the default judgment. Gerdes

v. Canales, 74 A.D.3d 1017, 1018, 903 N.Y.S.2d 499, 500 (2d Dept. 2010).

23.  "There is a 'strong [public] policy favoring the determination of actions on their

merits'." Heskel's West 38[th] Street Corp. v. Gotham Constr. Co., 14 A.D.3d 306, 307, 787

N.Y.S.2d 285, 287 (1st Dept. 2005) (alteration in the original).

<u>6 of 8</u>

24. As described above, I have a reasonable excuse for my default as I never received the Summons or the Summons and Complaint and meritorious defenses.

25. I have:

☑ not had a previous Order to Show Cause regarding this index number.

☐ **had** a previous Order to Show Cause regarding this index number but I am making this further application because:

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

5 of 6

26. I respectfully request that the Court grant my motion to vacate the default judgment or in the alternative, schedule a traverse hearing and, pursuant to C.P.L.R. 5015(a)(4), dismiss this case for lack of personal jurisdiction, lift all stays, order the return of any funds that have been garnished, and permit me to serve papers by mail.

27. If the Court denies my request pursuant to C.P.L.R. 5015(a)(4), I respectfully request that the Court grant my motion to vacate the default judgment pursuant to C.P.L.R. 5015(a)(1), restore the case to the calendar, lift all stays, order the return of any funds that have been garnished, permit me to file the proposed Answer, and permit me to serve papers by mail.

28. I respectfully request that the Court order Plaintiff to produce a copy of the Summons and Complaint and of the Affidavit of Service so that I may supplement my application accordingly.

WHEREFORE, I respectfully request that the Court grant my motion in all respects.

_July 23, 2015_
Date

_Jose M Guzman_
Pro Se Defendant Signature
JOSE L GUZMAN
Pro Se Defendant Name
2 0 W EUCLID St.

# 1

Address
VALLE STREAM   NY 11580
Phone
547 339 8116

Sworn to before me on the

_23_ day of _July_, 20 _15_

_Donna Romano_

NOTARY PUBLIC

DONNA A. ROMANO
Notary Public, State of New York
Qualified in Suffolk County
No. 01RO___
My Commission Expires ___

Prepared with the assistance of the ___ BRONX ___ CLARO Program by Volunteer Attorney
___ GALACATOS ___, with statements about the law prepared by
Theodora Galacatos, Esq., of Fordham Law School's Feerick Center for Social Justice, for the CLARO Program.

6 of 8