UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
JOSE GUZMAN,   :   No. 16-cv-03499 (GBD)(RLE)
　　　　　　　　　　　　　　　　　　　　:
　　　　　　　Plaintiff,   :   **SUPPLEMENTAL**
　　　　　　　　　　　　　　　　　　　　:   **DECLARATION OF**
　- against -   :   **WILLIAM MLOTOK IN**
　　　　　　　　　　　　　　　　　　　　:   **OPPOSITION TO**
MEL S. HARRIS AND ASSOCIATES, LLC, et al.,   :   **PLAINTIFF'S MOTION FOR**
　　　　　　　　　　　　　　　　　　　　:   **SUMMARY JUDGMENT**
　　　　　　　Defendants.   :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

WILLIAM MLOTOK declares as follows:

1.　　I submit this supplemental declaration in opposition to plaintiff's motion for summary judgment. In addition, in the Declaration of William Mlotok in Support of the Motion for Summary Judgment by Samserv Defendants, dated July 19, 2017, I set forth facts that are also relevant to plaintiff's motion.

2.　　Samserv, Inc. ("Samserv") has maintained databases in connection with services of process assigned by Samserv to independent contractor process servers. As described in my declaration in support of the Samserv Defendants' motion, that database would be populated by data entered by a clerk, including data that was on a form completed in handwriting by the independent contractor process server. One purpose of this data entry was to generate an affidavit of service for completed services of process.

3.　　One data entry field that was filled in was the "assigned date." This field was for internal use and was not an important field. Its contents were not reflected on the affidavit of service that would be generated.

4.　　The "assigned date" could reflect the date on which papers were provided to an independent process server for service. But it also could be the first date on which data for that

service of process was entered, even if the papers were assigned earlier to an independent process server for service. Furthermore, the delay in data entry can occur either when papers come into our office as a rush or when clerical staff is shorthanded for various reasons and the data entry function is delayed. Thus, for these and other reasons, it is incorrect to assume that the "date assigned" field means the date on which a process server first is given papers for service.

5. The times that were included in affidavits of service in June and July of 2007 are approximate times. This is reflected in the affidavit of service completed by John Andino in connection with service of process on Mr. Guzman, a copy of which accompanies this declaration as Exhibit A. As that affidavit of service states, service was "at approximately the time of 8:59 am. . ." The same language was used in June 2007 for affidavits prepared in connection with service of process on behalf of Samserv clients.

6. Part of the affidavit of service accompanying this declaration as Exhibit A includes the words "Private Residence." In 2007, these words were not derived from information provided by the process server, but were filled in by a default function of the program that generated the affidavit of service. The information filled in by the program was to be checked for accuracy by the process server, as Samserv has charged each process server, including Andino, with ensuring that the information in each affidavit of service to which they swear was correct prior to signing such affidavit of service.

7. Accompanying this declaration as Exhibit B are true and complete copies of documents maintained by Samserv in its ordinary course of business. These documents reflect photographic evidence of various services of process undertaken by Nasser Al-Atrash, which were the subject of motion practice in connection with litigation involving Cavalry Portfolio

Services. LLC, as reflected in Exhibit L to the Keshavarz Declaration in Support of Mr. Guzman's Motion for Summary Judgment. Nearly all of these photographs bear a time and date stamp showing when the picture was taken, and most are accompanied by a printout of information stored in the ordinary course of business of Samserv, which describes the location at which each photograph was taken. These documents demonstrate that Mr. Al-Atrash was at the locations and at the times and places indicated in these documents, relating to services of process at those locations.

8. As stated in my prior declaration, Samserv would only retain individuals who were duly licensed by the New York City Department of Consumer Affairs ("DCA"). for process to be served in the City of New York. Samserv would not engage an independent contractor for service of process in the City of New York so long as that individual's license was not in force, through suspension, revocation, expiration or otherwise.

I declare under penalty of perjury that the foregoing is true and correct. Executed on August 8, 2017.

_____
William Mlotok