USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9/29/2017

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JOSE GUZMAN,

      Plaintiff,

- against -

MEL S. HARRIS AND ASSOCIATES, LLC, et al.,

      Defendants.

**OPINION AND ORDER**
**16-CV-3499 (GBD) (RLE)**

**RONALD L. ELLIS, United States Magistrate Judge:**

On May 10, 2016, Plaintiff Jose Guzman ("Guzman") filed this action alleging conversion and violations of the Fair Debt Collection Practices Act ("FDCPA"), New York General Business Law ("GBL") § 349, and New York Judiciary Law § 487. (Doc. No. 1.) On September 9, 2016, The Honorable George B. Daniels referred the case to the undersigned for General Pretrial. (Doc. No. 68.)

On November 28, 2016, Defendant LR Credit 13, LLC ("LRC") filed a Motion for Partial Summary Judgment. (Doc. No. 93.) On December 16, 2016, that motion was withdrawn and replaced by the current Amended Motion for Partial Judgment on the Pleadings. (Doc. No. 105.) Guzman filed his opposition on February 15, 2017, and LRC filed a Reply on February 21, 2017. (Doc. No. 122.) This motion concerns the availability of punitive damages for Guzman in this action, and, more specifically, the ability to recover punitive damages in a case brought under GBL § 349. LRC argues that under § 349, Guzman may recover only "limited punitive damages" and that there is no other valid basis for punitive damages in this case. Guzman argues that while § 349 restricts a court's award of treble damages, it does not govern the award of punitive damages available, and seeks punitive damages in excess of $100,000. For the reasons

which follow, LRC's motion is **GRANTED**, and Guzman's recovery of punitive damages are limited by the $1000 cap of GBL § 349.

## I. DISCUSSION

### A. The Parties' Positions

Plaintiff asserts claims under two statutory schemes, the FDCPA and GBL § 349. Punitive damages are not available under the FDCPA. *Sibersky v. Borah, Goldstein, Altschuler & Schwartz, P.C.*, 242 F. Supp. 2d 273, 278, n.2 (S.D.N.Y. 2002). The damages portion of § 349 provides that:

> In addition to the right of action granted to the attorney general pursuant to this section, any person who has been injured by reason of any violation of this section may bring an action in his own name to enjoin such unlawful act or practice, an action to recover his actual damages or fifty dollars, whichever is greater, or both such actions. The court may, in its discretion, increase the award of damages to an amount not to exceed three times the actual damages up to one thousand dollars, if the court finds the defendant willfully or knowingly violated this section. The court may award reasonable attorney's fees to a prevailing plaintiff.

GBL § 349(h). LRC's argument is two-fold: (1) "limited punitive damages" are provided in § 349; and (2) Guzman has no other legal basis for punitive damages. Defendant LR Credit 13, LLC's Reply Memorandum of Law in Further Support of Its (Amended) Motion For Partial Judgment on the Pleadings ("Reply Brief") (Doc. No. 123), at 3-5. While Guzman's argument is not as clear, it also appears to have two prongs. First, Guzman appears to argue that although some courts use the term "punitive damages when referring to the treble damages provision of § 349(h), it is not a true punitive damages provision:

> [T]he term "punitive damages" is nowhere in the text of GBL 349. Instead, the text LRC refers to allows treble actual damages capped at $1,000. It is true that this capped treble damages provision is punitive in the general sense that it is an award not to compensate a plaintiff for actual damages suffered but rather to punish a defendant for intentionally engaging in deceptive acts and practices.

2

Plaintiff's Memorandum of Law in Opposition to Defendant LR Credit 13, LLC's (Amended) Motion for Partial Judgment on the Pleadings as to GBL 349 Punitive Damage Claim ("Opposition Brief") (Doc. No. 122), at 1. Second, Guzman argues that he may recover punitive damages in addition to treble damages:

> [W]hen plaintiff seeks "punitive damages" in his complaint, he seeks punitive damages not limited to the text of GBL 349(h), but separate punitive damages not limited by the $1,000 capped treble damage provision.

*Id.* at 2. For this proposition, Guizman relies principally on *Wilner v. Allstate Ins. Co.*, 71 A.D.3d 155, 893 N.Y.S.2d 208 (2d Dep't 2010). More specifically, Guzman cites to the portion of *Wilner* where the court discusses recoverable damages:

> Under General Business Law § 349 consumers may recover actual damages in any amount, and may recover treble damages under General Business Law § 349(h) up to $1,000 (*see Teller v. Bill Hayes, Ltd.,* 213 A.D.2d 141, 147, 630 N.Y.S.2d 769; *Hart v. Moore,* 155 Misc.2d 203, 207, 587 N.Y.S.2d 477). Moreover, the <u>plaintiffs may seek both treble damages and punitive damages</u> (*see Volt Sys. Dev. Corp. v. Raytheon Co.,* 155 A.D.2d 309, 309, 547 N.Y.S.2d 280; *Bianchi v. Hood,* 128 A.D.2d 1007, 513 N.Y.S.2d 541).

*Id.* at 167 (emphasis added). Guzman further argues that a plaintiff may recover such punitive damages if he can show that the defendant's conduct "evidences a high degree of moral culpability, or . . . is so flagrant as to transcend mere carelessness, or . . . constitutes willful or wanton negligence or recklessness." *Id.* (citing *Pellegrini v. Richmond County Ambulance Serv., Inc.,* 48 A.D.3d 436, 437, 851 N.Y.S.2d 268 (2008), quoting *Buckholz v. Maple Garden Apts., LLC,* 38 A.D.3d 584, 585, 832 N.Y.S.2d 255) (2007).

**B. The text of GBL § 349(h) does not include a provision for punitive damages.**

Even if Guzman did not concede that punitive damages, as generally understood, are unavailable under § 349, that result is inescapable. Rights under § 349 are statutorily created.

GBL § 349 was enacted in 1970, and was originally only enforceable by the attorney general. *Karlin v. IVF Am., Inc.*, 93 N.Y.2d 282, 291 (1999). A private right of action was added in 1980, *id.*, when the legislature added § 349(h). The Court's analysis therefore begins with the text of the statute:

> Where the Legislature creates a new statutory cause of action not previously cognizable at common law, the courts must look to the statute "to determine whether punitive damages are legally permissible * * * not to whether the nature of the wrong alleged would permit recovery under traditional concepts of punitive damages in tort law.

*Glatter v. Chase Manhattan Bank*, 239 A.D. 2d 68, 70-71 (citing *Thoreson v. Penthouse Intl.*, 80 N.Y.2d 490, 496, 591 N.Y.S.2d 978, 606 N.E.2d 1369 (1992); *Home Ins. Co. v. American Home Prods. Corp.*, 75 N.Y.2d 196, 203-04, 551 N.Y.S.2d 481, 550 N.E.2d 930 (1990). The text makes no mention of punitive damages. The Parties seem to agree that the kind of punitive damages sought by Plaintiff are not included in the text of § 349. *See, e.g*, Opposition Brief at 1 ("However, the term 'punitive damages' is nowhere in the text of GBL 349."); Reply Brief, at 1 ("[T]he New York Court of Appeals has held that private plaintiffs can recover only 'limited punitive damages' under GBL § 349."). The Court agrees with the Parties. Traditional punitive damages are not provided for within the text of GBL.

The New York State Senate and Assembly also appear to agree that punitive damages are not included in the statute as they have tried unsuccessfully multiple times to include language about punitive damages. *See, e.g.,* S. 435, 239th Sess. (N.Y. 2017) (Bill would have raised treble damages cap to $10,000 and added "The court may also award punitive damages in an amount not to exceed three times the actual damages and provide any equitable relief the court considers necessary or proper."); *see also* examples listed in Reply Brief, at 3, n.2

### C. Punitive damages are not available in the absence of an underlying statutory claim.

Because the law is clear and the text of GBL § 349 does not provide support for the availability of traditional punitive damages, the Court is left with the question of whether Guzman's punitive damage claim has support from some other source. The Court is left with two competing legal frameworks for deciding the issue. LRC's position, embodied in *Karlin*, is that private plaintiffs may recover only "compensatory damages, limited punitive damages and attorneys' fees." 93 N.Y.2d at 291. Guzman's position, embodied in *Wilner*, is that a plaintiff may recover "both treble damages and punitive damages." 71 A.D.3d at 167. Having reviewed the legal arguments and case support provided by the Parties, the Court finds that Guzman's position is without merit.

A claim for punitive damages must be based on some underlying cause of action. *See, e.g, Gilman v. BHC Sec., Inc.*, 104 F.3d 1418, 1431 (2d Cir. 1997) ("[A] plaintiff cannot recover punitive damages unless he asserts an underlying cause of action upon which a demand for punitive damages can be grounded.") (internal quotation marks omitted); *Patterson ex rel. T.P. v. Elmsford Union Free Sch. Dist.*, No. 11-CV-5133 (VB), 2012 WL 860367, at *12, n.5 (S.D.N.Y. Feb. 27, 2012) (noting that "[p]laintiff may still seek punitive damages, but not as a separate cause of action"); *Henry v. Concord Limousine, Inc.*, No. 13-CV-494, 2014 WL 297303, at *5 (E.D.N.Y. Jan. 24, 2014) ("[I]t is well settled under New York law that punitive damages may not be asserted as a separate cause of action."); *Melvin v. Cty. of Westchester*, No. 14-CV-2995 (KMK), 2016 WL 1254394, at *24 (S.D.N.Y. Mar. 29, 2016) ("[T]here is no separate claim for punitive damages recognized under New York law."); Because Guzman denies reliance on § 349, and cannot recover punitive damages under FDCPA, he is left with no support for his claim for punitive damages in the abstract no matter how egregious he claims the challenged conduct was.

5

To the extent that *Wilner* suggests a different result, it is simply wrong. LRC describes the *Wilner* decision as "non-binding, aberrant, and hastily reasoned." Reply Brief, at 6. Provocative adjectives aside, the decision provides no reasoning to support its legal conclusion. The decision does not refer to the Court of Appeals decision in *Karlin* or explain how its language can be reconciled with *Karlin*'s description of the limited remedies available under § 349(h). More significantly, the court includes no discussion or analysis and relies on only two cases, *Volt Sys. Dev. Corp. v. Raytheon Co.*, 155 A.D.2d 309 (1st Dep't 1989), and *Bianchi v. Hood*, 128 A.D.2d 1007 (3rd Dep't 1987). Neither of these cases, however, involved claims under GBL § 349. *Volt* was brought pursuant to a Massachusetts consumer protection statute, and *Bianchi* was an action for ejectment, trespass, and breach of the warranty of habitability. The cases themselves are one-page summary decisions which do not mention or consider the issues raised in this case.

**D. It does not matter if some courts have followed *Wilner* on punitive damages.**

Guzman's final argument is that the position in Wilner has been adopted by various courts, both in New York State and in the federal system and by certain scholars. Opposition Brief, at 5-12. LRC counters that the weight of authority favors its position. Reply Brief, at 5-10. The Court has reviewed the arguments and the cases cited by each, and finds that LRC's analysis is persuasive, not because of the number of cases cited, but because it is sound.

Legal analysis is not a popularity contest. It does not depend on the number of courts adopting a position. The weight given to a prior decision should be a function of the quality of the analysis in that court. This, of course, means there must, in fact, have been analysis by the court sought to be relied on. It means that the court which rendered the decision addressed the issue that is presently being considered. As pointed out by LRC, significant cases relied on by

Guzman are devoid of analysis on the issue now before this Court, or, when the case is examined more closely, support LRC's opposition.

The discussion by the Parties concerning *Koch v. Greenberg*, 14 F. Supp. 3d 247, 253 (S.D.N.Y. 2014), *aff'd*, 626 F. App'x 335 (2d Cir. 2015), is illustrative. Guzman cites *Koch* as a federal case which adopted *Wilner*, and provides the following description:

> Plaintiff brought suit against defendant alleging common law fraud and violations of GBL 349 & 350, alleging that 24 of those bottles were counterfeit. The jury awarded $355,811 in compensatory damages (the purchase price of the 24 bottles), "an additional $24,000 in statutory damages on one of Koch's GBL claims ($1000 per bottle)," and punitive damages of $12 million. Defendant moved, *inter alia*, for remitter of the punitive damage award, claiming the 33:1 ratio of punitive to compensatory damages violated its due process rights.

Opposition Brief, at 8. (internal citation omitted). Guzman went on to point out that the court in Koch specifically mentioned *Wilner* ("[I] it is clear that in New York the GBL's treble damages provision does not proscribe an additional award of punitive damages.") (citing *Koch*, 14 F. Supp. 3d at 279). While *Koch* does cite § 349 and *Wilner*, and discusses punitive damages, the punitive damages in *Koch* were based specifically on an underlying fraud claim ("The trial was bifurcated into two phases, with the first encompassing liability and <u>the second addressing Koch's claim for punitive damages associated with his fraud allegations</u>.") (emphasis added). *Id.* at 254. Moreover, the damages under GBL § 349 were limited to $1000 per bottle, consistent with LRC's position and the Court's analysis herein. *Id.*

The Court finds that the brief by LRC adequately addresses many of the arguments by Guzman, and will not repeat them, except to note that Guzman cites no binding precedent and that some of the case citations to *Wilner* were not necessary to the cited court's decision and are clearly dicta.

## II. CONCLUSION

As the court in *Karlin*, observed, private plaintiffs with GBL § 349 claims may recover only "compensatory damages, limited punitive damages and attorneys' fees." 93 N.Y.2d at 291. The use of the term "punitive damages" may have caused some confusion in subsequent decisions, but the core holding in *Karlin* has not been disturbed. Parties cannot recover traditional punitive damages under § 349 but they may recover punitive damages in a case which includes a § 349 claim provided there is a separate viable claim which supports punitive damages. Because Guzman has not identified such a claim, his damages are limited to those provided in, that is, "three times the actual damages up to one thousand dollars." GBL § 349(h).

This resolves docket entry number 105.

**SO ORDERED this 29th day of September 2017.**
**New York, New York**

*[signature]*

**The Honorable Ronald L. Ellis**
**United States Magistrate Judge**