# AHMAD KESHAVARZ

*Attorney at Law*

---

16 COURT ST., 26TH FLOOR       WWW.NEWYORKCONSUMERATTORNEY.COM        PHONE: (718) 522-7900
BROOKLYN, NY 11241-1026         E-mail: ahmad@NewYorkConsumerAttorney.com        FAX:  (877) 496-7809

June 26, 2018

VIA ECF AND HAND-DELIVERY
Judge George B. Daniels
United States Courthouse
500 Pearl Street
New York, NY 10007

    Re:    **Plaintiff's letter motion to compel settlement conference given the parties have agreed to the amount of the settlement.**
*Guzman v. Mel S. Harris and Associates, LLC, Case No. 1:16-cv-03499-GBD-SDA*

Dear Judge Daniels:

    The undersigned represents Plaintiff Jose Guzman. On May 10, 2016 Plaintiff filed this action against 10 defendants for violations of the Fair Debt Collection Practices Act (FDCPA), N.Y. General Business Law § 349, and for other claims. The defendants at that time were a debt buyer LR Credit 13, LLC ("LRC 13"), the debt collection law firm Mel. S. Harris, LLC, its principals, and an employee (collectively "MSH"), and the process serving company Samserv, Inc., its principal William Mlotok, and its individual process server John Andino (collectively "Samserv"). Plaintiff's claims were, in *inter alia*, that LRC 13, MSH, and Samserv used a false affidavit of service to enter a "sewer service" default judgment; that LRC 13 and MSH used a false affidavit of merit to obtain a default judgment against Mr. Guzman; and that LRC 13 continued to seek to enforce the judgment after knowing that that the default judgment was entered by way of a false affidavit of merit and likely a false affidavit of service.

    Mr. Guzman has settled with 9 of the defendants, leaving LRC 13 as the sole remaining defendant. At the status conference on May 31, 2018 Plaintiff suggested the court refer the case to a settlement conference. LRC 13 indicated it was not interested in a settlement conference. The Court indicated it would not refer the case to a settlement conference if all of the parties in agreement.

    However, since then the parties have agreed on an amount of settlement, $7,500. The only impediments are that LRC 13 insists on 1) a confidentiality agreement as to the terms of the settlement and 2) an anti-disparagement clause not only as to Defendant LRC 13, but also to non-defendant corporations Leucadia and LR Credit, LLC. The position of LRC 13 throughout this case is that LRC 13 is a non-functioning entity and that non-parties Leucadia and LR Credit, LLC have no relationship to this case.

    Given the wafer-thin distance separating the parties, Plaintiff believes a settlement

1

conference with *the parties* – as opposed to just the attorneys -- will likely settle the case, objections of opposing counsel notwithstanding.

This has been a contentious case. Counsel for LRC 13 has no small amount of animus towards the undersigned. For example in a deposition in a parallel case in the Eastern District of New York, counsel for LRC 13, unhappy with a line of questioning, threatened, "If you ask again I'm going to file a bar complaint, you have been warned." *See* Exh A, May 13, 2018, Deposition of Rocco Nittoli, corporate representative for LR Credit 18, LLC, *Bueno v. Harris et al,* (ED NY). Counsel for LRC 18 now refuses to take my calls to discuss settlement. Personal animus between counsel should play no role in resolution of this case, which is why the undersigned wants a settlement conference with the parties in attendance.

I had worked strenuously for two weeks to attempt to make a settlement work for all parties. I had thought we would be able to bridge the remaining gap but those efforts collapsed.

Why Mr. Guzman will not agree to the terns is clear. As he testified in his deposition, Mr. Guzman is terrified that LRC 13 will continue to pursue him. He feels as though LRC 13 obtained a judgment against him by lying to the court in a sworn affidavit that they had served him when he was not served. He feels that if LRC 13 would lie to a court, then there is nothing it would not continue to do. He feels that LRC 13 my lie again to a court to try to continue to hound him. We may agree or disagree whether those feelings are reasonable, but that is how he feels, and he feels that strongly.

Mr. Guzman does not want to be put in a position where he is trying to settle but that LRC 13 – and non-parties – have the right to be able to hound him in court again. Mr. Guzman believes that since LRC 18 lied under oath to the state court to get a judgment against him, they would do so again to enforce a confidentiality agreement or non-disparagement agreement.

Why LRC 18 would insist on these non-cash terms is a mystery. It is inconceivable that a (purported non-functioning) corporation such as LRC 18 would rather spend another $100,000 plus in attorney's fees to continue to litigate this case solely to be able to sue Mr. Guzman for disclosing the amount of a modest settlement or for disparagement. A simple Googling of LR Credit will disclose the allegations in the *Sykes* class action about their systematic fraud in state court and the $59 million dollar settlement in that case. Nothing Mr. Guzman – a grocery store manager – could do or say would approach what is already in the public domain.

For these reasons, Plaintiff respectfully requests an immediate referral of this case to a settlement conference with personal attendance of *the parties* with full settlement authority. The attorneys in this case are going to again begin incurring attorney's fees in preparing disclosures of trial witnesses and exhibits by June 29, 2018, and pre-trial motions by August 1, 2018, so the sooner the settlement conference could be held the better.

Please note that my solo attorney office will be closed from June 29, 2018 through July 15, 2018; I will be out of vacation for a family vacation.

I appreciate the Court's consideration.

Sincerely,
/s/
Ahmad Keshavarz
Enclosure (as stated)
Opposing counsels (via ECF)