Page 1

1

2    UNITED STATES DISTRICT COURT
     EASTERN DISTRICT OF NEW YORK
3    -------------------------------------------X
     AGUSTINA BUENO,
4

                              PLAINTIFF,
5

6         -against-         Case No.:
                            16-CV-4737
7                           (WFK)(VMS)
8

     MEL S. HARRIS AND ASSOCIATES, LLC, LR
9    CREDIT 18, LLC, MEL S. HARRIS, DAVID
     WALDMAN, KERRY H. LUTZ, TODD FABACHER,
10   MICHAEL YOUNG, SAMSERV, INC., HUSAM
     AL-ATRASH and WILLIAM MLOTOK,
11

                              DEFENDANTS.
12   -------------------------------------------X
13

14                   DATE:  March 13, 2018
15                   TIME:  12:10 P.M.
16

17          DEPOSITION of the Defendant, LR
18   CREDIT 18, by a Witness, ROCCO NITTOLI,
19   taken by the respective parties, pursuant
20   to a Court Order and to the Federal Rules
21   of Civil Procedure, held at the offices of
22   Herbert Smith & Freehills LLP, 450
23   Lexington Avenue, 14th Floor, New York, New
24   York 10017, before Kenneth Perschke, a
25   Notary Public of the State of New York.

Page 78

1          **R. NITTOLI**
2    **Orlando from Leucadia, myself, Zalman**
3    **Jacobs, Steve Jacobs, Michael Young, Mel**
4    **Harris and others that I don't remember.**
5         Q.    Even if you don't remember
6    their names, were they employees of Mel
7    Harris, do you know who they were?
8         A.    **It was counsel, the Leucadia**
9    **defendants may have had Proskauer Rose in**
10   **the meeting as well, I'm not sure.**
11        Q.    Do you remember if there was
12   any in-house counsel for Leucadia at this
13   meeting?
14        A.    **Yes.**
15        Q.    Who was that person?
16        A.    **Steve Jacobs.**
17        Q.    Anyone else?
18        A.    **Possibly Proskauer Rose.**
19        Q.    Were there any attorneys for
20   Mel Harris and Associates?
21        A.    **There were other attorneys in**
22   **the room from Mel Harris or Rushmore, I**
23   **don't know who they were there for.**
24        Q.    Do you know if they were
25   attorneys that noticed an appearance in the

Page 79

1          R. NITTOLI
2    Sykes class action or if they were in-house
3    counsel?
4         A.    I have no idea.
5         Q.    This was a meeting to discuss
6    what steps to take, if any, in response to
7    Exhibit 1, the Egleson affirmation?
8         MR. BALBER:  You are instructed
9      not to answer.
10        Q.    Without telling me what was
11   said, what was the purpose of the meeting,
12   generally speaking?
13        A.    To understand what was going
14   on.
15        Q.    Including regarding the Egleson
16   declaration?
17        MR. BALBER:  You are instructed
18     not to answer.  Do you want to
19     establish when the meeting happened?
20        MR. KESHAVARZ:  That was my
21     next question.
22        MR. BALBER:  Then ask that
23     first.
24        Q.    The date of the Egleson
25   declaration was July 31, 2011.  Was the

Page 80

1          R. NITTOLI
2    meeting we're discussing before or after
3    July 31, 2011?
4         A.    It was before.
5         Q.    If I understand your testimony,
6    one of the purposes of the meeting was to
7    decide whether to continue to use Mel
8    Harris and Rushmore to collect debts owned
9    by the LR Credit entities?
10        MR. BALBER:  You are instructed
11     not to answer any questions about
12     what was discussed at the privileged
13     meeting.  If you ask again I'm going
14     to file a bar complaint, you have
15     been warned.  You are not entitled to
16     inquire about a privileged
17     communication.  The judge told you to
18     make a motion if you would like to
19     try to investigate what occurred at
20     the meeting.
21        MR. KESHAVARZ:  Actually, the
22     judge said to make a record so that's
23     what I'm doing.  What's the basis for
24     filing the bar complaint?
25        MR. BALBER:  I didn't say I'm

Page 81

1          R. NITTOLI
2    going to do it, I'm warning you.  If
3    you keep trying to invade
4    attorney/client privilege
5    inappropriately, that's what I'm
6    going to do.
7         MR. KESHAVARZ:  Any other
8    basis?
9         MR. BALBER:  Ask the questions,
10   enough.  Are you done with the
11   deposition?  You are being completely
12   inappropriate and dishonest.  Ask the
13   questions and move on.
14        MR. KESHAVARZ:  Mark this as an
15   Exhibit, please.
16        (Whereupon, the aforementioned
17   Deposition transcript of Rocco
18   Nittoli dated 3/10/2017 was marked as
19   Plaintiff's Exhibit 2 for
20   identification as of this date by the
21   Reporter.)
22        Q.    Without telling me about any
23   meetings, was there a time when a decision
24   was made about whether the Mel Harris and
25   Rushmore should continue to be used to